Robert Drexler (SBN 119119)
Robert.Drexler@capstonelawyers.com
Molly DeSario (SBN 230763)
Molly.DeSario@capstonelawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiffs Michael Kirby,
Laura Kingston, Keosha Gates,
Martha Parra, Michelle Marie Dick,
and Jeffrey Montes

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KIRBY, LAURA KINGSTON, KEOSHA GATES, MARTHA PARRA, MICHELLE MARIE DICK, JEFFREY MONTES, individually, and on behalf of other members of the general public similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>KINDRED HEALTHCARE OPERATING, LLC, a Delaware limited liability company; KND 52, L.L.C., a Delaware limited liability company; KND 55, L.L.C., a Delaware limited liability company; THC - ORANGE COUNTY, LLC, a California limited liability company; Bayberry Care Center, L.L.C., a Delaware limited liability company; Foothill Nursing Company Partnership, a California general partnership; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.:  5:19-cv-00833-JLS-DFM<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages);<br>(3) Violation of California Labor Code §§ 226.7, 512(a), and 1198 (Failure to Provide Meal Periods);<br>(4) Violation of California Labor Code §§ 226.7 and 1198 (Failure to Provide Rest Periods);<br>(5) Violation of California Labor Code §§ 226(a), 1174(d), and 1198 (Non-Compliant Wage Statements and Failure to Maintain Payroll Records);<br>(6) Violation of California Labor Code §§ 201, 202, and 203 (Wages Not Timely Paid Upon Termination);<br>(7) Violation of California Labor Code § 1198 and California Code of Regulations Title 8, Section 11050 Subdivision 4(C) (Failure to Compensate for Split-Shifts);<br>(8) Violation of Labor Code § 1198 and California Code of Regulations Title 8, Section 11050 Subdivision 5(A) (Failure to Provide Reporting Time Pay); |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(9) Violation of California Labor Code § 2802 (Unreimbursed Business Expenses);

(10)    Violation of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and

(11)    Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business Practices).

**Jury Trial Demanded**

1   Plaintiffs Michael Kirby, Laura Kingston, Keosha Gates, Martha Parra,

2   Michelle Marie Dick, and Jeffrey Montes ("Plaintiffs"), as individuals, and on

3   behalf of all other members of the public similarly situated, allege as follows

4   against Defendants:

5   ## JURISDICTION AND VENUE

6   1.   This class action is brought pursuant to Rule 23 of the Federal Rules

7   of Civil Procedure.

8   2.   This Court has original jurisdiction over the subject matter of this

9   action pursuant to 28 U.S.C. §§ 1331-1332.  Plaintiffs allege, on information and

10   belief, that the aggregate amount in controversy for this class action exceeds five

11   million dollars ($5,000,000.00) exclusive of interest and costs, that the proposed

12   class is greater than one-thousand (1000) members, and that any one plaintiff is a

13   citizen of a state different from that of any defendant.  *See* Class Action Fairness

14   Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005).  The Court maintains

15   supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

16   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b) because

17   Defendants maintain offices, have agents and are licensed to and do transact

18   business in this district.

19   ## THE PARTIES

20   3.   Plaintiff Michael Kirby is a resident of West Covina, California.

21   Defendants jointly employed Plaintiff Kirby as an hourly, non-exempt

22   Environmental Services Aide from approximately January 2016 to July 2016.

23   During his employment, Plaintiff Kirby worked for Defendants at a Kindred

24   Hospital in Baldwin Park, California.  As an Environmental Services Aide,

25   Plaintiff Kirby typically worked eight (8) hours per day, four (4) to five (5) days

26   per week, and 32 to 40 hours per week.  At the time Plaintiff Kirby's

27   employment with Defendants ended, he earned an hourly rate of approximately

28   $12.00.  Plaintiff Kirby's job duties included, without limitation, cleaning and

stocking patient rooms, emptying trash cans, picking up and moving heavy bags of linen, and vacuuming and waxing floors.

4.      Plaintiff Laura Kingston is a resident of Hesperia, California. Defendants jointly employed Plaintiff Kingston as an hourly, non-exempt Materials Management Clerk from approximately June 2012 to March 2018. During her employment, Plaintiff Kingston worked for Defendants at Kindred Hospitals in Ontario and Rancho Cucamonga, California.  As a Materials Management Clerk, Plaintiff Kingston typically worked eight (8) hours per day for five (5) days per week.  Plaintiff Kingston's job duties included, without limitation, receiving shipments, maintaining supplies, and stocking supplies according to the needs of each floor of the hospital.

5.      Plaintiff Keosha Gates is a resident of Los Angeles, California. Defendants jointly employed Plaintiff Gates as an hourly, non-exempt Certified Nursing Assistant from approximately February 2013 to February 2015.  During her employment, Plaintiff Gates worked for Defendants at a Kindred facility in Los Angeles, California.  As a Certified Nursing Assistant, Plaintiff Gates typically worked twelve (12) or more hours per day for four (4) to five (5) days per week.  Plaintiff Gates' job duties included cleaning and turning patients, changing patient beds, washing patients' hair, and assisting registered nurses and licensed vocational nurses.

6.      Plaintiff Martha Parra is a resident of Bay Point, California. Defendants jointly employed Plaintiff Parra as an hourly, non-exempt Cook from approximately February 2016 to August 2017.  During her employment, Plaintiff Parra worked for Defendants at a Kindred facility in Concord, California.  As a Cook, Plaintiff Parra typically worked eight (8) hours per day for four (4) or five (5) days per week.  Plaintiff Parra's job duties included cooking and preparing meals for the cafeteria.

7.      Plaintiff Michelle Marie Dick is a resident of San Leandro,

California.  Defendants jointly employed Plaintiff Dick as an hourly, non-exempt Certified Nursing Assistant from approximately May 2017 to the present. Plaintiff Dick works for Defendants in a Kindred facility in San Leandro, California.  As a Certified Nursing Assistant, Plaintiff Dick typically works twelve (12) hours per day for three (3) to five (5) days per week.  Plaintiff Dick's job duties include cleaning and turning patients, changing patient beds, washing patients' hair, and assisting registered nurses and licensed vocational nurses.

8.    Plaintiff Jeffrey Montes is a resident of Glendora, California. Defendants jointly employed Plaintiff Montes as an hourly, non-exempt Dietary Aide, Cook, and Prep Cook from approximately 2014 to May 2017.  During his employment, Plaintiff Montes worked for Defendants in a Kindred facility in Glendora, California.  As a Dietary Aid, Cook, and Prep Cook, Plaintiff Montes typically worked eight (8) hours per day for five (5) days per week.  Plaintiff Montes' job duties included washing dishes, preparing food trays for patients, cooking meals and side dishes, preparing ingredients and desserts, cleaning and sanitizing equipment, and logging regulatory information.

9.    Defendant KINDRED HEALTHCARE OPERATING, LLC is, on information and belief, a Delaware limited liability company doing business in California, with its principal place of business in Louisville, Kentucky, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, and/or the various states of the United States of America.

10.    Defendant KND 52, L.L.C. is, on information and belief, a Delaware limited liability company doing business in California, with its principal place of business in Louisville, Kentucky, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, and/or the various states of the United States of America.

11.    Defendant KND 55, L.L.C. is, on information and belief, a

Delaware limited liability company doing business in California, with its principal place of business in Louisville, Kentucky, and at all times hereinafter mentioned, an employer whose employees are engaged throughout the State of California, and/or the various states of the United States of America.

12. Defendant THC – ORANGE COUNTY, LLC is, on information and belief, a California limited liability company doing business in California, with its principal place of business in Louisville, Kentucky, and at all times hereinafter mentioned, an employer whose employees are engaged throughout the State of California, and/or the various states of the United States of America.

13. Defendant BAYBERRY CARE CENTER, L.L.C. is, on information and belief, a Delaware limited liability company doing business in California, with its principal place of business in Louisville, Kentucky, and at all times hereinafter mentioned, an employer whose employees are engaged throughout the State of California, and/or the various states of the United States of America.

14. Defendant FOOTHILL NURSING COMPANY PARNTERSHIP is, on information and believe, a California general partnership doing business in California, with its principal place of business in Glendora, California and at all times hereinafter mentioned. an employer whose employees are engaged throughout the State of California, and/or the various states of the United States of America.

15. Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10 but will seek leave of this Court to amend the Complaint and serve such fictitiously named Defendants once their names and capacities become known.

16. Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers, or employees of KINDRED HEALTHCARE OPERATING, LLC, KND 52, L.L.C., KND 55, L.L.C., THC - ORANGE COUNTY, LLC, BAYBERRY CARE

CENTER, L.L.C., and FOOTHILL NURSING COMPANY PARTNERSHIP at all relevant times.

17.  Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, KINDRED HEALTHCARE OPERATING, LLC, KND 52, L.L.C.,, KND 55, L.L.C. , THC - ORANGE COUNTY, LLC, BAYBERRY CARE CENTER, L.L.C., FOOTHILL NURSING COMPANY PARTNERSHIP and/or DOES 1 through 10 (collectively "Defendants" or "KINDRED"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants represent and were in accordance with Defendants' official policy.

18.  At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

19.  Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

20.  Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over the wages, hours, working conditions, and employment status of Plaintiffs and class members.  Each Defendant had the power to hire and fire Plaintiffs and class members, supervised and controlled their work schedule and/or conditions of employment, determined their rate of pay, and maintained their employment records.  Defendants suffered or permitted Plaintiffs and class members to work and/or "engaged" Plaintiffs and class members so as to create a common law employment relationship.  As joint employers of Plaintiffs and class members, Defendants are jointly and severally

liable for the civil penalties and all other relief available to Plaintiffs and class members under the law.

21.     Plaintiffs are informed and believe, and thereon allege, that at all relevant times, Defendants, and each of them, have acted as joint employers with respect to Plaintiffs and class members because Defendants have:

(a)     jointly exercised meaningful control over the work performed by Plaintiffs and class members;

(b)     jointly exercised meaningful control over Plaintiffs and class members' wages, hours, and working conditions, including the quantity, quality standards, speed, scheduling, and operative details of the tasks performed by Plaintiffs and class members;

(c)     jointly required that Plaintiffs and class members perform work which is an integral part of Defendants' businesses; and

(d)     jointly exercised control over Plaintiffs and class members as a matter of economic reality in that Plaintiffs and class members were dependent on Defendants, who shared the power to set the wages of Plaintiffs and class members and determine their working conditions, and who jointly reaped the benefits from the underpayment of their wages and noncompliance with other statutory provisions governing their employment.

22.     Plaintiffs are informed and believe, and further allege, that at all relevant times there has existed a unity of interest and ownership between Defendants such that any individuality and separateness between the entities has ceased.

23.     KINDRED HEALTHCARE OPERATING, LLC, KND 52, L.L.C., KND 55, L.L.C. , THC - ORANGE COUNTY, LLC, and BAYBERRY CARE

CENTER, L.L.C., FOOTHILL NURSING COMPANY PARTNERSHIP and DOES 1-10 are therefore alter egos of each other.

24.    Adherence to the fiction of the separate existence of Defendants would permit an abuse of the corporate privilege, and would promote injustice by protecting Defendants from liability for the wrongful acts committed by it under the name KINDRED.

25.    Plaintiffs further allege, upon information and belief, that Defendants are alter egos of each other for the additional following reasons:

(a)    KINDRED HEALTHCARE OPERATING, LLC, KND 52, L.L.C., KND 55, L.L.C., THC - ORANGE COUNTY, LLC, and BAYBERRY CARE CENTER, L.L.C. share the same agent for service of process: "CT CORPORATION SYSTEM";

(b)    KINDRED HEALTHCARE OPERATING, LLC, KND 52, L.L.C., KND 55, L.L.C., THC - ORANGE COUNTY, LLC, and BAYBERRY CARE CENTER, L.L.C. share the same entity address of 680 South Fourth Street, Louisville, KY 40202;

(c)    KINDRED HEALTHCARE OPERATING, LLC entered into an "Administrative and Support Services Agreement" to provide human resources, payroll, and compliance support to KND 52, L.L.C;

(d)    KND 52, L.L.C. is a wholly-owned subsidiary of KINDRED HEALTHCARE OPERATING, LLC;

(e)    KND 55, L.L.C. is a wholly-owned subsidiary of KINDRED HEALTHCARE OPERATING, LLC;

(f)    THC - ORANGE COUNTY, LLC is a wholly-owned subsidiary of KINDRED HEALTHCARE OPERATING,

LLC;

(g)     BAYBERRY CARE CENTER, L.L.C. is a wholly-owned
subsidiary of KINDRED HEALTHCARE OPERATING,
LLC; and

(h)     FOOTHILL NURSING COMPANY PARTNERSHIP is a
wholly-owned subsidiary of KINDRED HEALTHCARE
OPERATING, LLC.

## CLASS ACTION ALLEGATIONS

26.     Plaintiffs bring this action on their own behalf, as well as on behalf
of each and all other persons similarly situated, and thus seek class certification
under California Code of Civil Procedure section 382.

27.     All claims alleged herein arise under California law for which
Plaintiffs seek relief authorized by California law.

28.     Plaintiffs' proposed class consists of and is defined as follows:

> All persons who worked for Defendants as nonexempt,
> hourly-paid employees in California (excluding
> Clinicians and piece-rate paid employees) at any time
> from May 12, 2013 until the date of trial ("Class").

29.     Plaintiffs' proposed subclass consists of and is defined as follows:

> All persons who worked for Defendants as nonexempt,
> hourly-paid employees in California (excluding
> Clinicians and piece-rate paid employees), and whom
> received at least one wage statement at any time from
> May 12, 2016 until the date of trial ("Subclass").

30.     Members of the Class and Subclass are referred to herein as "class
members."

31.     Plaintiffs reserve the right to redefine the Class and to add
additional subclasses as appropriate based on further investigation, discovery,
and specific theories of liability.

32.     There are common questions of law and fact as to class members
that predominate over questions affecting only individual members, including,

but not limited to:

    (a)    Whether Defendants required Plaintiffs and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiffs and class members;

    (b)    Whether Defendants failed to pay Plaintiffs and class members at least minimum wages for all hours worked;

    (c)    Whether Defendants failed to provide Plaintiffs and class members with meal periods;

    (d)    Whether Defendants failed to provide Plaintiffs and class members with rest periods;

    (e)    Whether Defendants provided Plaintiffs and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

    (f)    Whether Defendants failed to pay earned overtime wages, minimum wages, meal and rest period premiums, and reporting time pay due to Plaintiffs and class members upon their discharge;

    (g)    Whether Defendants failed timely to pay overtime wages, minimum wages, meal and rest period premiums, and reporting time pay to Plaintiffs and class members during their employment;

    (h)    Whether Defendants failed to compensate Plaintiffs and class members for split shifts when they returned to work for an additional shift in the same day, after having been clocked out for more than an hour;

    (i)    Whether Defendants required Plaintiffs and class members to

report to work, but failed to provide them with work or provided them with less than half their scheduled day's work, without properly compensating them as required by California Code of Regulations, Title 8, section 11050, subsection 5;

(j) Whether Defendants failed to pay Plaintiffs and class members for the costs of mandatory pre-employment physical examinations and drug testing;

(k) Whether Defendants reimbursed Plaintiffs and class members for business-related expenses they incurred as a result of their employment;

(l) Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(m) The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

33.    There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

(a) Numerosity:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) Typicality:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and

Plaintiffs' claims (or defenses, if any) are typical of all class members as demonstrated herein.

(c) <u>Adequacy</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) <u>Public Policy Considerations</u>:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide

the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

## GENERAL ALLEGATIONS

34.   Defendants are a nationwide healthcare services company that operates hospitals, nursing centers, and assisted living facilities throughout the United States.  Defendants employ approximately 102,000 people nationwide and thousands of individuals in California.

35.   According to Defendants' listings on the California Secretary of State's website, Defendants maintain their company headquarters in Louisville, Kentucky.  Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their company headquarters, which is responsible for conducting Defendants' recruiting and hiring of new employees, collecting and processing all new hire paperwork, and communicating and implementing Defendants' company-wide policies, including timekeeping policies and meal and rest break policies, to employees throughout California.

36.   In particular, Plaintiffs and class members, on information and belief, received the same standardized documents and/or written policies.  Upon information and belief, the usage of standardized documents and/or written policies, including new hire documents, indicate that Defendants dictated policies at the corporate level and implemented them company-wide, regardless of their employees' assigned locations or positions.  Upon information and belief, Defendants set forth uniform policies and procedures in several documents provided at an employee's time of hire.  At the time Plaintiff Kirby was hired, he received documents including, but not limited to, a Patient/Resident Confidentiality Agreement, Certificate of Compliance, and Acknowledgment and Receipt of Employee Handbook, informing him that he

would be subject to the policies and rules listed in the Employee Handbook and other documents.

37.     Upon information and belief, Defendants require that all new hires undergo mandatory drug testing as a condition of employment.  Defendants provide their newly-hired employees and/or prospective employees with the location of the testing facility, select the time and date of the drug test, and determine the scope of the testing.  Defendants require that these newly-hired employees and/or prospective employees travel using their own vehicles to the site to undergo the drug test.  Upon information and belief, Defendants do not compensate newly-hired employees and/or prospective employees for the time it takes to travel to and from the testing facility or for the time it takes to undergo the drug testing.  Upon information and belief, Defendants do not reimburse employees for the travel expenses they incur getting to and from the testing facility.

38.     Upon information and belief, Defendants maintain a centralized Payroll department at their company headquarters in Louisville, Kentucky, which processes payroll for all non-exempt, hourly-paid employees working for Defendants at their various locations in California, including Plaintiffs and class members.  Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid employees in California, irrespective of their work location.  Upon information and belief, Defendants process payroll for departing employees in the same manner throughout the State of California, regardless of the manner in which each employee's employment ends.

39.     Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly-paid employees in California, irrespective of their location, job category, or specific position.  Accordingly, Plaintiffs believe that all class members throughout California were

affected by Defendants' noncompliance with wage statement reporting requirements.

40.    Defendants continue to employ non-exempt, hourly-paid employees throughout California.

41.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

42.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

43.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive at least minimum wages for compensation and that, in violation of the California Labor Code, they were not receiving at least minimum wages for work that Defendants knew or should have known was performed.

44.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to meal periods in accordance with the Labor Code or payment of one (1) additional hour of pay at their regular rate when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiffs and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

45.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were

entitled to rest periods in accordance with the Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates when they were not provided with a compliant rest period and that Plaintiffs and class members were not provided compliant rest periods or payment of one (1) additional hour of pay at their regular rates when they were not provided a compliant rest period.

46.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Defendants did not provide Plaintiffs and class members with complete and accurate wage statements.

47.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the Labor Code and applicable IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

48.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to timely payment of wages upon termination of employment.  In violation of the California Labor Code, Defendants did not pay Plaintiffs and class members all wages due, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, and reporting time pay within permissible time periods.

49.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to timely payment of wages during their employment.  In violation of the California Labor Code, Defendants did not pay Plaintiffs and class members all wages, including, but not limited to, overtime wages, minimum wages, and meal

and rest period premium wages, and reporting time pay within permissible time periods.

50.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to be paid split shift premiums when they returned to work for an additional shift in the same day, after having been clocked out for more than an hour.  In violation of the California Labor Code, Defendants did not pay Plaintiffs and class members all split shift premiums due.

51.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive all reporting time pay when Defendants required Plaintiffs and class members were required to report to work but were put to work for less than half of their regular scheduled shift.  In violation of the California Labor Code, Plaintiffs and class members were not paid all reporting time pay.

52.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, that Defendants knew or should have known that they had a duty to cover the costs and expenses Plaintiffs and class members incurred obtaining mandatory pre-employment physical examinations and drug tests, but willfully, knowingly, and intentionally failed to do so.

53.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

54.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs and class members for all hours worked, and that

Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and class members that they were properly denied wages, all in order to increase Defendants' profits.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against all Defendants)**

55.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each allegation set forth above.

56.     Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

57.     California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

58.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

59.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and other class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times

their regular rate of pay, and required to pay Plaintiffs and other class members at a rate of two (2) times their regular rate of pay for hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of a work in a workweek. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including commissions, non-discretionary bonuses and incentive pay.

60.   California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

61.   During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiffs and other class members.  During the relevant time period, Plaintiffs and other class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

62.   Defendants have a company-wide policy and/or practice of staffing their medical, rehabilitation and assisted living facilities, strictly based on the labor hours allotted by each facility's labor or payroll budget, which has resulted in and continues to result in chronic understaffing and a lack of break and shift coverage because there are too few employees on duty to handle the workload. Upon information and belief, Defendants' labor budgets do not account for the provision of adequate meal period coverage for employees and instead result in chronic understaffing of the facilities and non-compliant meal periods.

63.     Defendants' failure to provide adequate meal break coverage for Plaintiffs and class members such that they could be relieved of their duties to take all timely, uninterrupted thirty (30) minute meal periods, led to them working off-the-clock during meal periods to complete their assigned tasks. Thus, Plaintiffs and class members were not able to take compliant meal period(s).

64.     For example, Plaintiffs was usually the only custodial employee scheduled during all or part of his typical shifts, and was required to respond to urgent matters at all times.  Because Defendants failed to schedule additional staff to relieve Plaintiffs, they were prevented from taking uninterrupted 30-minute meal periods.  This scheduling policy forced Plaintiffs and class members to take late or interrupted meal breaks, or to miss meal breaks altogether, in order to complete their job duties.

65.     Defendants further, on a company-wide basis, failed to properly schedule Plaintiffs and class members for meal periods even though it is aware and knows that employees are entitled to such meal periods.  Upon information and belief, Defendants failed to schedule meal periods for Plaintiffs and class members during part of the relevant time period.  As a result of Defendants' failure to schedule meal periods, combined with its understaffing of facilities, Plaintiffs and class members were not permitted and authorized to take all uninterrupted 30-minute meal periods during shifts to which they were entitled to receive a meal period.

66.     Defendants knew or should have known that as a result of its policies, that Plaintiffs and class members were performing some of their assigned duties off-the-clock and/or during meal periods and were suffered or permitted to perform work for which they were not paid.  Defendants also knew, or should have known, that it did not compensate Plaintiffs and other class members for this off-the-clock work.  Because Plaintiffs and class members

sometimes worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.  Therefore, Plaintiffs and class members were not paid overtime wages for all of the overtime hours they worked.

67.   Defendants' failure to pay Plaintiffs and class members the balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198.  Pursuant to California Labor Code section 1194, Plaintiffs and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

## Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid Minimum Wages

## (Against All Defendants)

68.   Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

69.   At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  Compensable work time is defined in Wage Order No. 5 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code. Regs. tit. 8, § 11050(2)(K) (defining "Hours Worked").

70.During the relevant time period, due to Defendants' company-wide staffing and scheduling practices and policies, and resultant lack of meal break coverage, Plaintiffs and class members were forced to forego meal periods and/or have their meal periods interrupted or delayed by work, in order to assist medical staff and patients with urgent sanitation needs.

71.     During the relevant time period, Defendants also maintained and implemented a company-wide policy of requiring all newly-hired employees and/or prospective employees to undergo mandatory drug testing as a condition of employment.  At all times, upon information and belief, Defendants were in control of scheduling the date and time for the drug testing, selecting the provider or facility where the drug testing was to take place, and determining the scope of the drug test.  Defendants gave Plaintiffs and class members strict instructions to obtain drug tests as a condition of their employment, and Plaintiffs and class members underwent drug testing for the sole benefit of Defendants.  However, Defendants did not compensate Plaintiffs and class members for the time they spent traveling to and from drug testing clinics or for the time they spent undergoing drug testing.  For example, Plaintiff Kirby spent five hours traveling to the designated drug testing facility and undergoing a drug test.  Plaintiff Kirby does not have a car, so he traveled on foot and by bus, and because the facility was busy when he arrived, he had to wait to be tested.  Defendants did not compensate Plaintiff Kirby for this time.

72.     Thus, Defendants did not pay at least minimum wages for all hours worked by Plaintiffs and class members.

73.     Defendants' failure to pay Plaintiffs and class members minimum wages for all hours worked violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.  Pursuant to California Labor Code section 1194.2, Plaintiffs and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**THIRD CAUSE OF ACTION**

**Violations of California Labor Code, §§ 226.7, 512(a), and 1198—Meal Period Violations**

**(Against all Defendants)**

74.     Plaintiffs incorporate by reference and re-allege as if fully stated

herein each and every allegation set forth above.

75.    At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.  Under California law, first meal periods must start after no more than five (5) hours.  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (Cal. 2012).

76.    At all relevant times herein set forth, California Labor Code section 226.7, 512(a), and 1198 provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

77.    At all relevant times herein set forth, Labor Code sections 226.7, 512(a), 1198, and the applicable IWC Wage Order also require employers to provide a second meal break of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

78.    During the relevant time period, on information and belief, Defendants automatically clocked out Plaintiffs and class members for 30 minutes for meal periods even when meal periods were missed, short, and/or interrupted.  As a result, 30-minute meal periods were deducted from Plaintiffs' and class members' time records for hours they actually spent working and Plaintiffs and class members were not relieved of their duties.

79.    In the alternative, on information and belief, Defendants manually

adjusted employee wage records in order to make it appear that Plaintiffs and class members received compliant meal breaks when in fact, they did not.

80.   Additionally, as mentioned above, Defendants' company-wide failure to provide adequate meal break coverage prevented Plaintiffs and class members from taking compliant meal periods.  As a result of these practices and/or policies, Plaintiffs and class members were frequently required to continue to perform their duties, such as cleaning patient rooms and attending to urgent requests, without being able to take timely, compliant meal periods.  Further, on information and belief, Plaintiffs and class members did not sign valid meal break waivers on days that they were entitled to meal periods and were not relieved of all duties.

81.   At all times herein mentioned, Defendants knew or should have known that as a result of these policies, Plaintiffs and class members were prevented from being relieved of all duties and required to perform some of their assigned duties during meal periods.  Defendants further knew, or should have known, that Defendants did not pay Plaintiffs and class members for all meal period premium wages when they were interrupted.  As a result, Plaintiffs and class members had to work through part or all of their meal periods, have their meal periods interrupted, and/or wait extended periods of time before taking meal periods.

82.   For example, Plaintiffs and class members were frequently made to work over five (5) hours straight before Defendants permitted and authorized them to take their meal periods.  Plaintiffs suffered frequent late meal periods, often not receiving a meal period until after working six (6) hours or more. Plaintiffs sometimes missed meal periods entirely. Plaintiff Kirby's meal periods were interrupted 3-4 times per week with urgent cleaning requests announced over the hospital's public address system.

83.   Moreover, upon information and belief, Defendants engaged in a

systematic, company-wide policy to not pay meal period premiums for Plaintiffs and class members, regardless of whether they were able to take a compliant meal break, in violation of the applicable IWC Wage Order and Labor Code sections 226.7 and 512(a).  As a result, Defendants failed to provide Plaintiffs and class members compliant meal periods in violation of California Labor Code sections 226.7 and 512 and failed to pay all meal period premiums due.

84.　Defendants' conduct violates the applicable IWC Wage Orders and Labor Code sections 512(a), 226.7, and 1198.  Plaintiffs and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period was not provided.

## FOURTH CAUSE OF ACTION

## Violation of California Labor Code §§ 226.7 and 1198—Rest Break Violations

## (Against all Defendants)

85.　Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

86.　At all relevant times, the applicable IWC Wage Order and California Labor Code sections 226.7 and 1198 were applicable to Plaintiffs and class members employed by Defendants.

87.　At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

88.　At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period

mandated by an applicable order of the California IWC.  To comply with its

obligation to provide rest periods under California Labor Code section 226.7 and

the applicable IWC Wage Order, an employer must "relinquish any control over

how employees spend their break time, and relieve their employees of all duties

— including the obligation that an employee remain on call.  A rest period, in

short, must be a period of rest." *Augustus v. ABM Security Services, Inc.,* 2 Cal.

5th 257, 269-270 (2016).

89.   Pursuant to the applicable IWC Wage Order and California Labor

Code section 226.7(b), Plaintiffs and class members were entitled to recover

from Defendants one (1) additional hour of pay at their regular rates of pay for

each work day that a required rest period was not provided.

90.   At all relevant times, Defendants' scheduling policies and practices,

or lack thereof, prevented Plaintiffs and class members from being relieved of all

duty in order to take compliant rest periods.  Defendants failed to schedule rest

periods for Plaintiffs and class members on a company-wide basis.  As a result,

Plaintiffs would work shifts in excess of 3.5 hours and in excess of 6 hours

without receiving all uninterrupted ten (10) minute rest periods to which they

were entitled.  Plaintiffs and class members also worked shifts in excess of 3.5

hours or 6 hours without receiving all uninterrupted ten (10) minute rest periods

to which they were entitled.

91.   As with meal breaks, Plaintiff Kirby's rest breaks were frequently

interrupted and/or cut short by urgent requests for cleaning announced over the

hospital's public address system.

92.   Defendants have also engaged in a systematic, company-wide

practice and/or policy of not paying rest period premiums owed when rest

periods are not provided.  Because of this practice and/or policy, Plaintiffs and

class members have not received premium pay for missed rest periods.  Thus,

Defendants denied Plaintiffs and class members rest periods and failed to pay

them rest period premium wages due, in violation of Labor Code section 226.7 and the applicable IWC Wage Order.

93.    Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code section 226.7 and 1198.  Plaintiffs and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period was not provided.

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226(a), 1174(d), and 1198 – Non-Compliant Wage Statements and Failure to Maintain Accurate Payroll Records**

**(Against all Defendants)**

94.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

95.    At all relevant times herein set forth, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay.

96.    At all relevant times herein set forth, Defendants have systematically provided Plaintiffs and class members with uniform, incomplete, and inaccurate wage statements.

97.    Defendants issued uniform wage statements to Plaintiffs and Subclass members that fail to list the correct name and/or address of the legal entity that is the employer, in violation of section 226(a)(8).  For example, according to Plaintiff Kirby's paystubs, the legal name of the employing entity is "KND Development 52, LLC," and the address for the employing entity is listed

as "680 South Fourth Street, Louisville, KY 40202." However, there is no such entity registered with the California Secretary of State. There is another similarly-named entity listed with the California Secretary of State, named "KND 52, L.L.C." with the address "680 S Fourth Street, Louisville, KY 40202." Upon information and belief, this is the true name of the employing entity.

98.    Adding further confusion, all of Plaintiffs' employment paperwork lists "Kindred Healthcare" as the employer. Upon information and belief, the legal name of the operating entity is Kindred Healthcare Operating, L.L.C. Kindred Healthcare's website lists its headquarters as 680 South Fourth Street, Louisville, KY 40202. Each of the Defendants are all registered with the California Secretary of State and have the same 680 South Fourth Street, Louisville, KY 40202 address.

99.    The wage statement deficiencies also include, without limitation, failing to list gross wages earned; failing to list total hours worked by employees; failing to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; failing to list the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; failing to list all deductions; failing to list the address of the legal entity that is the employer; failing to list net wages earned; failing to list the inclusive dates of the period for which the employee is paid; failing to list the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; and/or failing to state all hours worked as a result of not recording or stating the hours they worked off-the-clock.

100.   California Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC Wage Orders.

Section 1198 further provides that "[t]he employment of any employees for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Pursuant to the applicable IWC Wage Order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period. During the relevant time period, Defendants failed, on a company-wide basis, to keep accurate records of meal period start and stop times for Plaintiffs and class members in violation of section 1198. Defendants engaged in a practice of recording a 30-minute period for employees for first meal periods regardless of whether employees actually took a timely, compliant break.

101. California Labor Code section 1174(d) provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…" During the relevant time period, and in violation of Labor Code section 1174(d), Defendants willfully failed to maintain accurate payroll records for Plaintiffs and class members showing the daily hours they worked and the wages paid thereto as a result of failing to record the off-the-clock hours that they worked.

102. Because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiffs and class members have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full. Instead, Plaintiffs and class members have had to look to sources outside of the wage statements themselves and reconstruct time records to determine whether in fact they were paid correctly and the extent of underpayment, thereby causing them injury.

103.  Plaintiffs and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201, 202, and 203 – Wages Not Timely Paid Upon Termination**

**(Against all Defendants)**

104.  Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

105.  At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

106.  During the relevant time period, Defendants willfully failed to pay Plaintiffs and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, meal and rest period premium wages, and reporting time pay either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.  On information and belief, Defendants have a company-wide practice and/or policy of paying departing employees their final wages on the next regular pay cycle, instead of adhering to the time requirements set forth in Labor Code sections 201 and 202.

107.  Defendants' failure to pay Plaintiffs and those class members who

are no longer employed by Defendants their wages earned and unpaid at the time

of discharge, or within seventy-two (72) hours of their leaving Defendants'

employ, violates Labor Code sections 201 and 202.  Plaintiffs and class members

are therefore entitled to recover from Defendants the statutory penalty wages for

each day they were not paid, at their regular rate of pay, up to a thirty (30) day

maximum pursuant to California Labor Code section 203.

**SEVENTH CAUSE OF ACTION**

**Violation of California Labor Code § 1198 – Failure to Compensate for Split-Shifts**

**(Against all Defendants)**

108.  Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

109.  California Labor Code section 1198 provides that no employer may employ an employee under conditions of labor that are prohibited by the applicable IWC wage order.  California Labor Code section 1198 further requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

110.  California Code of Regulations, Title 8, section 11050(4)(C) provides that "When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment." California Code of Regulations, Title 8, defines a split shift as "a work schedule, which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods."

111.  Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11050(4)(C), because Defendants failed to pay Plaintiffs and class members a split-shift premium when

they returned to work for an additional shift in the same day, after having been clocked out for more than an hour.

112.  Defendants sometimes scheduled Plaintiff Kirby to work double-shifts that were separated by more than one (1) hour of time, but failed to pay him one (1) hour's pay at the minimum wage in addition to the minimum wage for that workday.  Upon information and belief, other class members also worked double shifts separated by more than one (1) hour of time without receiving one additional hour at minimum wage from Defendants for working a split-shift. Accordingly, Defendants required Plaintiffs and class members to work split shifts but failed to pay them an additional hour at minimum wage in violation of California Labor Code section 1198.

113.  Defendants' failure to compensate Plaintiffs and class members with split-shift pay when they returned to work for an additional shift in the same day, after having been clocked out for more than an hour, violates California Labor Code section 1198 and California Code of Regulations Title 8, Section 11050(4)(C).  Pursuant to the applicable IWC Wage Order, Plaintiffs and class members are entitled to recover from Defendants one (1) additional hour of pay at minimum wage for each work day that they worked a split shift.

**EIGHTH CAUSE OF ACTION**

**Violation of California Business & Professions Code § 1198 – Failure to Provide Reporting Time Pay**

**(Against all Defendants)**

114.  Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

115.  California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions

of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

116.  The applicable wage order, California Code of Regulations, Title 8, section 11050(5)(A) provides that "[e]ach workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

117.  Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11050(5) because Defendants failed to pay Plaintiffs and other class members reporting time pay when they reported for work and were immediately dismissed or put to work for less than half their usual or scheduled day's work.

118.  For instance, Plaintiffs and class members would report to work based on the schedule Defendants provided to them but would immediately be sent home because Defendants would alter the schedule without informing Plaintiffs and class members.  When this occurred, Defendants did not pay Plaintiffs and class members for at least half of their scheduled day's work.

119.  Accordingly, Plaintiffs and class members were not properly compensated with reporting time pay in violation of California Labor Code section 1198.

**NINTH CAUSE OF ACTION**

**Violation of California Labor Code § 2802 – Unpaid Business-Related Expenses**

**(Against all Defendants)**

120.  Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

121.   At all times herein set forth, California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees.  *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).

122.   During the relevant time period, Plaintiffs and class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants. Defendants, on a company-wide basis, required that Plaintiffs and class members utilize their own personal cell phones and/or cell phone data to carry out their job duties, but Defendants failed to reimburse them for the costs of their cell phone plans and/or data plans.  For example, Plaintiff Kirby was required to use his personal cellular phone in order to carry out his work responsibilities, such as communicating with his supervisor to report linen or supply shortages.  Although Defendants required Plaintiff Kirby to regularly utilize his personal cellular phone to carry out work-related responsibilities, Defendants failed to reimburse him for this cost.

123.   Additionally, as mentioned, Defendants required Plaintiffs and class members to travel to designated clinics to undergo drug testing at or near their time of hire, and did not reimburse them for their travel expenses. Defendants engaged in a systematic, company-wide policy not to reimburse Plaintiffs and class members for these travel expenses.

124.   Defendants could have provided Plaintiffs and class members with the actual tools for use on the job, including company phones, reimbursed employees for their cell phone usage and gas expenses, and/or provided company vehicles to be used for fulfilling work-related tasks, such as for obtaining mandatory drug testing.  Instead, Defendants passed these costs off on to

Plaintiffs and class members.  Defendants have, and continue to have, a company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred.

125.  Defendants' company-wide policy and/or practice of passing on its operating costs to Plaintiffs and class members by requiring that they use their own personal cellular phones for work and failing to reimburse all travel expenses violates California Labor Code section 2802.  Defendants have intentionally and willfully failed to fully reimburse Plaintiffs and other class members for necessary business-related expenses and costs.

126.  Plaintiffs and class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

## TENTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.* – Unlawful Business Practices

### (Against all Defendants)

127.  Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

128.  Defendants are a "person" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies and/or associations.

129.  Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, class members, and to the general public.  Plaintiffs have suffered injury in fact and have lost money as a result of Defendants' unlawful business practices.  Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

130.  Defendants' activities, as alleged herein, are violations of California

law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*.

131. A violation of California Business & Professions Code sections 17200, *et seq*. may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

      (a)    Requiring non-exempt employees, including Plaintiffs and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198 and the applicable IWC Order, as alleged herein;

      (b)    Failing to pay at least minimum wage to Plaintiffs and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 and the applicable IWC Order, as alleged herein;

      (c)    Failing to provide uninterrupted meal and rest periods to Plaintiffs and class members in violation of California Labor Code sections 226.7, 512(a), 1198, and the applicable IWC Order, as alleged herein;

      (d)    Failing to provide Plaintiffs and class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), 1198, and the applicable IWC Order, as alleged herein;

      (e)    Failing timely to pay all earned wages to Plaintiffs and class members in violation of California Labor Code section 204 and the applicable IWC Order, as set forth below;

      (f)    Failing to pay Plaintiffs and class members one hour of

minimum wage when they were required to work split shifts in violation of California Labor Code section 1198, and the applicable IWC Order, as alleged herein;

(g)     Failing to pay reporting time pay in violation of California Labor Code section 1198 and the applicable Industrial Welfare Commission Order, as alleged herein;

(h)     Failing to pay the costs of mandatory pre-employment physical examinations and drug testing in violation of California Labor Code section 222.5, as set forth below; and

(i)      Failing to reimburse Plaintiffs and class members for all business expenses necessarily incurred in violation of California Labor Code section 2802, as alleged herein.

132.   At all times relevant herein, Labor Code section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.

133.   At all times relevant herein, Labor Code section 204 provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

134.   At all times relevant herein, Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly,

or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

135. During the relevant time period, Defendants willfully failed to pay Plaintiffs and class members all wages due including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, and reporting time pay within the time periods specified by California Labor Code section 204.

136. At all relevant times herein, California Labor Code section 222.5 requires employers to pay for the costs a prospective employee incurs for obtaining any pre-employment medical or physical examination taken as a condition of employment.

137. During the relevant time period, Defendants required that Plaintiffs and class members undergo a mandatory drug test as a condition of employment, but required them to do so at their own expense. As stated, upon information and belief, Defendants had a company-wide policy requiring that all pre-hires, including Plaintiffs and class members, travel to a medical clinic on their own time and using their own means of transportation to undergo drug testing and/or physical examinations. At all times, upon information and belief, Defendants were in control of scheduling the date and time for the drug testing, selecting the provider/facility where the drug testing was to take place, and determining the scope of the physical examination and drug test. However, Defendants did not compensate Plaintiffs and class members for the time they spent traveling to and from drug testing, for the time they spent undergoing drug testing or for the travel expenses they incurred getting to and from the medical clinic.

138. As stated, Plaintiff Kirby spent five hours traveling to and undergoing the required drug test. However, Defendants did not compensate Plaintiff Kirby for this time or reimburse him for his travel expenses to and from the clinic.

139.   As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses. Plaintiffs and class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

140.   Pursuant to California Business & Professions Code sections 17200 *et seq*., Plaintiffs and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

## Violation of California Business & Professions Code §§ 17200, *et seq*. – Unfair Business Practices

## (Against all Defendants)

141.   Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

142.   Defendants are a "person" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

143.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiffs, class members, and to the general public. Plaintiffs have suffered injury in fact and have lost money as a result of Defendants' unfair business practices.  Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

144.   Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiffs and class members all meal and rest period

premium wages due to them under Labor Code section 226.7, deprived Plaintiffs and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct.  *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were guaranteed to Plaintiffs and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.* (*Id.*)

145.   A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice.  In the instant case, Defendants' policies and practices have violated the spirit of California's meal and rest break laws and constitute acts against the public policy behind these laws.

146.   Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiffs and class members are entitled to restitution for the class-wide loss of the statutory benefits implemented by section 226.7 withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all statutory benefits implemented by section 226.7 due to Plaintiffs and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs.  Plaintiffs reserve the right to amend his prayer for relief to seek a different amount.

### Class Certification

2.    That this case be certified as a class action;

3.    That Plaintiffs be appointed as representatives of the Class;

4.    That counsel for Plaintiffs be appointed as class counsel.

### As to the First Cause of Action

5.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due, or as otherwise provided by law;

8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 by willfully failing to pay minimum wages to Plaintiffs and class members;

11.    For general unpaid wages and such general and special damages as may be appropriate;

12.   For pre-judgment interest on any unpaid compensation from the date such amounts were due, or as otherwise provided by law;

13.   For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14.   For liquidated damages pursuant to California Labor Code section 1194.2; and

15.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

16.   That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7, 512(a), and 1198 and applicable IWC Wage Order(s) by willfully failing to provide all meal periods to Plaintiffs and class members;

17.   That the Court make an award to the Plaintiffs and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

18.   For all actual, consequential, and incidental losses and damages, according to proof;

19.   For premiums pursuant to California Labor Code section 226.7(b);

20.   For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due, or as otherwise provided by law; and

21.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

22.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 1198 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and class members;

23.     That the Court make an award to the Plaintiffs and class members of one (l) hour of pay at each employee's regular rate of pay for each workday that a rest period was not provided;

24.     For all actual, consequential, and incidental losses and damages, according to proof;

25.     For premiums pursuant to California Labor Code section 226.7(b);

26.     For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due, or as otherwise provided by law; and

27.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

28.     That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and class members, and willfully failed to provide accurate itemized wage statements thereto;

29.     For all actual, consequential and incidental losses and damages, according to proof;

30.     For injunctive relief pursuant to California Labor Code section 226(h);

31.     For statutory penalties pursuant to California Labor Code section 226(e); and

32.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

33.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay overtime wages, minimum wages, and meal and rest period premiums, and reporting time pay owed at the time of termination of the employment of

Plaintiffs and other terminated class members;

34.     For all actual, consequential and incidental losses and damages, according to proof;

35.     For waiting time penalties according to proof pursuant to California Labor Code section 203 for all employees who have left Defendants' employ;

36.     For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law; and

37.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

38.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1198 by willfully failing to pay split shift premiums to Plaintiffs and class members when they returned to work for an additional shift in the same day, after having been clocked out for more than an hour;

39.     For all actual, consequential and incidental losses and damages, according to proof;

40.     For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law; and

41.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eighth Cause of Action

42.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11050(5)(A) by failing to provide Plaintiffs and class members with reporting time pay;

43.     For all actual, consequential and incidental losses and damages, according to proof;

44.     For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law; and

45.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Ninth Cause of Action

46.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-related expenses and costs incurred by Plaintiffs and class members;

47.     For unpaid business-related expenses and such general and special damages as may be appropriate;

48.     For pre-judgment interest on any unpaid business-related expenses from the date such amounts were due, or as otherwise provided by law;

49.     For all actual, consequential, and incidental losses and damages, according to proof; and

50.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Tenth Cause of Action

51.     That the Court declare, adjudge and decree that Defendants' conduct of failing to provide Plaintiffs and class members all overtime wages due to them, failing to provide Plaintiffs and class members all minimum wages due to them, failing to provide Plaintiffs and class members all meal and rest periods, failing to provide Plaintiffs and class members accurate and complete wage statements, failing to maintain accurate payroll records for Plaintiffs and class members, failing timely to pay Plaintiffs and class members all earned wages during employment, failing to pay Plaintiffs and class members all split-shift premiums owed, failing to pay Plaintiffs and class members all reporting time pay owed, failing to reimburse Plaintiffs and class members for the costs of

mandatory pre-employment physicals and drug testing, and failing to reimburse Plaintiffs and class members for business-related expenses, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

52.    For restitution of unpaid wages to Plaintiffs and all class members and prejudgment interest from the day such amounts were due and payable;

53.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

54.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

55.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eleventh Cause of Action

56.    That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiffs and class members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

57.    For restitution of the statutory benefits under section 226.7 unfairly withheld from Plaintiffs and class members and prejudgment interest from the day such amounts were due and payable;

58.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

59.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

60.    For pre-judgment and post-judgment interest as provided by law; and

61.    For such other and further relief as the Court may deem equitable and appropriate.

Dated: October 30, 2019                    Respectfully submitted,

                                           Capstone Law APC

                                           By: _____
                                           Robert Drexler
                                           Molly DeSario
                                           Jonathan Lee

                                           Attorneys for Plaintiffs Michael Kirby,
                                           Laura Kingston, Keosha Gates,
                                           Martha Parra, Michelle Marie Dick,
                                           and Jeffrey Montes

SECOND AMENDED CLASS ACTION COMPLAINT