1   ELIZABETH STAGGS WILSON, Bar No. 183160
    estaggs-wilson@littler.com
2   JAMES PAYER, Bar No. 292158
    jpayer@littler.com
3   LITTLER MENDELSON, P.C.
    633 West 5th Street, 63rd Floor
4   Los Angeles, CA  90071
    Tel No.:  213.443.4300 / Fax No.:  213.443.4299
5
    MAGGY M. ATHANASIOUS, Bar No. 252137
6   mathanasious@littler.com
    JYOTI MITTAL, Bar No. 288084
7   jmittal@littler.com
    LITTLER MENDELSON, P.C.
8   2049 Century Park East, 5th Floor
    Los Angeles, CA  90067.3107
9   Tel No.:  310.553.0308 / Fax No.:  310.553.5583

10  Attorneys for Defendants
    KINDRED HEALTHCARE
11  OPERATING, LLC, KND DEVELOPMENT 52,
    L.L.C. d/b/a KND 52, L.L.C. (erroneously sued as
12  KND 52, L.L.C.), KND DEVELOPMENT 55,
    L.L.C. d/b/a KND 55, L.L.C. (erroneously sued as
13  KND 55, L.L.C.), THC-ORANGE COUNTY, LLC,
    BAYBERRY CARE CENTER, LLC and
14  FOOTHILL NURSING COMPANY
    PARTNERSHIP

15                  UNITED STATES DISTRICT COURT

16                 CENTRAL DISTRICT OF CALIFORNIA

17  MICHAEL KIRBY, LAURA            Case No. 5:19-cv-00833 JLS(DFMx)
    KINGSTON, KEOSHA GATES,
18  MARTHA PARRA, MICHELLE          ASSIGNED FOR ALL PURPOSES
    MARIE DICK, JEFFREY MONTES      TO JOSEPHINE L. STATON
19  individually, and on behalf of other
    members of the general public    DEFENDANTS' OPPOSITION TO
20  similarly situated,             PLAINTIFFS' EX PARTE
                                    APPLICATION FOR AN ORDER (1)
21              Plaintiffs,         INVALIDATING PURPORTED
                                    SETTLEMENTS; (2) PROHIBITING
22        v.                        DEFENDANTS FROM EX PARTE
                                    COMMUNICATIONS WITH
23  KINDRED HEALTHCARE             PUTATIVE CLASS MEMBERS RE
    OPERATING, LLC, a Delaware      CLAIMS; (3) ORDERING
24  limited liability company; KND 52, DEFENDANTS TO SEND A
    L.L.C, a Delaware limited liability CORRECTIVE NOTICE; AND (4)
25  company; KND 55 L.L.C., a Delaware REQUIRING DEFENDANTS TO
    limited liability company; THC- IDENTIFY THE CLASS MEMBERS
26  ORANGE COUNTY, L.L.C., a       WHO THEY HAVE CONTACTED
    California limited liability company; RE: SETTLEMENT
27  Bayberry Care Center, L.L.C., a
    Delaware limited liability company;

28

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2

1  Foothill Nursing Company Partnership,
   a California general partnership, and
2  DOES 1 through 10, inclusive,

3            Defendants.

4

5                                    Complaint Filed:  May 12, 2017
                                     First Amended Complaint
6                                         Filed: April 5, 2019
                                     (San Bernardino Superior Court)
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTUAL AND PROCEDURAL BACKGROUND............................................. 3

      A.    The Settlement Agreements and the Communications Accurately Reflect
            Plaintiff's Claims, and the Releases Are Limited to the Claims That Were
            Brought or Could Have Been Brought Under the Same Facts in This Action ........... 3

      B.    Due to a Clerical Error, Plaintiff Kingston Was Inadvertently Mailed a Cover
            Letter and Settlement Agreement ................................................................. 6

III.  THE COURT SHOULD DENY PLAINTIFFS' EX PARTE APPLICATION ..................... 6

      A.    Plaintiffs Have Demonstrated No Basis for Ex Parte Relief ...................................... 6

      B.    Plaintiffs Provide No Legal Basis for Invalidating the Settlement Agreements ......... 7

            a.    The Inadvertent Mailing to Kingston Was Not an Ethical
                  Breach ............................................................................. 9

IV.   CONCLUSION...................................................................................................... 20

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

4834-0562-9619.2

i.

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Atari, Inc. v. Superior Court (Carson),*
  166 Cal.App.3d 867 (1985) ...................................................................15, 19

*Chindarah v. Pick Up Stix, Inc.,*
  171 Cal.App.4th 796 (2009) ...............................................................8, 17, 18

*County of Santa Clara v. Astra USA, Inc.,*
  No. C 05-03740 WHA, 2010 WL 2724512 (N.D. Cal. July 8, 2010) ....................13, 14

*Edwards v. Arthur Andersen,*
  44 Cal.4th 937 (2008) ...............................................................................18

*Gulf Insurance Company v. TIG Insurance Company,*
  86 Cal.App.4th 422 (2001) ...........................................................................8

*Gulf Oil Co. v. Bernard,*
  452 U.S. 89 (1981) ...................................................................................19

*Hook v. Arizona,*
  972 F.2d 1012 (9th Cir.1992) .........................................................................8

*Jafari v. Federal Deposit Insurance Corp.,*
  2015 U.S. Dist. 73988 (S.D. Cal. 2015) ...............................................................8

*Koo v. Rubio's Restaurants, Inc.,*
  109 Cal.App.4th 719 (2003) ......................................................................14, 19

*Madrigal v. Tommy Bahama Group,*
  2010 WL 4384235 (C.D. Cal. Oct. 18, 2010) .........................................................8, 9

*Maggi v. Superior Court,*
  119 Cal.App.4th 1218 (2004) ....................................................................18, 19

*Meneses v. U-Haul Int'l, Inc.,*
  No. C-11-03615 DMR, 2012 WL 669518 (N.D. Cal. Feb. 29, 2012) ..............................8

*Michael Kirby, et al. v. KND Development, 52, LLC, et al.,*
  Case No. 5:19-cv-00833 JLS ..........................................................................13

*Mission Power Eng'g Co. v. Continental Cas. Co.,*
  883 F. Supp. 488 (C.D. Cal. 1995) ....................................................................7

*Parris v. Sup. Court,*
  109 Cal.App.4th 285 (2003) .........................................................................19

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2

ii.

**TABLE OF AUTHORITIES**
(continued)

Page

*Robinson v. Chefs' Warehouse, Inc.*,
No. 315CV05421RSKAW, 2019 WL 3220288 (N.D. Cal. July 17, 2019)............................8, 10

*Shine v. Williams-Sonoma, Inc.*,
23 Cal.App.5th 1070 (2018) .........................................................................................17

*Villacres v. ABM Industries, Inc.*,
189 Cal.App.4th 562 (2010) .........................................................................................17

*Watkins v. Wachovia Corp.*,
172 Cal.App.4th 1576 (2009) ..........................................................................................8

**Statutes**

B & P Code 17200 .............................................................................................................4

Labor Code section 206.5 ...............................................................................................17

Labor Code section 2802 ................................................................................................18

**Other Authorities**

C.D. Cal. R. 7-19.1(a).........................................................................................................1

Cal. Const., Art. I, § 2, subd. (a).....................................................................................18

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2                                         iii.

## OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

1.      Defendants Kindred Healthcare Operating, LLC, KND Development 52, LLC d.b.a. KND 52, LLC ("Baldwin Park"), KND 55, LLC ("Rancho"), THC-Orange County, LLC ("THC-Orange County"), Bayberry Care Center, LLC ("Bayberry Care Center"), and Foothill Nursing Company Partnership ("Foothill Nursing") oppose Plaintiffs Michael Kirby, Laura Kingston, Keosha Gates, Martha Parra, Michelle Dick, and Jeffrey Montes' ("Plaintiffs") Ex Parte Application for an Order (1) Invalidating Purported Settlements, (2) Prohibiting Defendants from *Ex Parte* Communications with Putative Class Members re Claims, (3) Ordering Defendants to Send A Corrective Notice; and (4) Requiring Defendants to Identify the Class Members Who They Have Contacted Re: Settlement.

## I.      INTRODUCTION

With no basis for ex parte relief and recycling arguments that were ***already rejected by the state court in this case***, Plaintiffs dispute the enforceability of individual settlement agreements between Rancho and some of the putative class members.  Plaintiffs' own pleadings prove they are not entitled to extraordinary relief. They admit they first learned of the settlement communications over three weeks ago on ***January 8, 2020***, yet they waited weeks before filing this application.  They further admit a regularly noticed motion could be heard on March 20, 2020, almost a month before the hearing on Plaintiffs' class certification motion.  There is no urgency here, and Plaintiffs' 25-page ex parte application should be seen for what it is—pure gamesmanship in an attempt to mislead the Court and distract Defendants while they prepare their opposition to Plaintiff's motion for certification.[1]

Plaintiffs' arguments are substantively without merit.  Over a year ago, Plaintiff Michael Kirby unsuccessfully challenged settlement agreements reached between

---

[1] As further evidence, Plaintiffs provided improper notice of their ex parte.  They did so only by e-mail, *not orally*, as required despite being with Defense counsel in deposition on the same day they provided notice. *See* C.D. Cal. R. 7-19.1(a); (Payer Decl. ¶ 4.)

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

4834-0562-9619.2                                                1.

Baldwin Park, the original sole Defendant in this case, and some putative class members who had worked for Baldwin Park, but *the state court found that the individual settlement agreements and Baldwin Park's communications were lawful*. After dramatically expanding the scope of this litigation to include new employers, facilities, and putative class members, Plaintiffs now bring the nearly identical motion to challenge additional settlement agreements entered into between Rancho and some putative class members. The agreements at issue are substantially the same agreements already approved by the state court. Further, Plaintiffs ignore distinctions between the current Rancho communications and settlement agreements and the agreements at issue in Plaintiff Kirby's last failed state court motion, as the Rancho agreements offer more money (given the inclusion of additional more highly paid individuals in the putative class) and provide even more detail regarding Plaintiffs' claims. Plaintiffs' arguments are no more compelling the second time around.

Conceding, as they must, that individual settlements are lawful and encouraged by California law, Plaintiffs are left to argue only that the settlement agreements are misleading because they "omit" "material" information. As before the state court, Plaintiffs cite no law or facts that support this position. No named Plaintiff signed a settlement agreement, so they have no standing to attack an agreement as misleading, and they have also failed to point to one putative class member who wishes to rescind a settlement agreement. Plaintiffs cite to two putative class members *who settled in 2018* (which the state court already found were lawful agreements), who claim they were confused, but even they do not even seek to invalidate the agreement. Plaintiffs cite to only two other putative class members who claim they felt pressured to sign the Rancho settlement agreements because they came from Kindred, but this argument has little weight coming from *former* employees who received only documents by mail .

None of Plaintiffs' bluster changes the fact that the individual settlement agreements are not misleading. They clearly state the nature of Plaintiffs' claims, and

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

4834-0562-9619.2                                    2.

the release is specifically limited to those claims and any claims that could have been brought based on the same facts at issue in this matter.  The settlement agreements state the terms, including the lump-sum settlement amount, and the agreements themselves and the accompanying communication repeated the voluntary nature of the settlement.  The settlements should be enforced.

Plaintiff's other arguments are similarly unsupported.  Defendants have the right to engage in truthful communications with class members.  Plaintiffs point to no law or evidence that suggests that Rancho or any of the other Defendants were coercive or otherwise acted unlawfully.  Though Plaintiff Kingston was inadvertently included on a mailing list used by Rancho to send the cover letter and settlement agreement, as soon as Defendants were made aware of that fact, they confirmed that this mailing from Rancho was the only communication she received, she was never contacted by Littler Mendelson or any other attorney, and no other represented party had received any communications.  (Plaintiffs misleadingly omit these facts from their Motion, which they were apprised of in advance of filing their ex parte application and egregiously even go so far as to suggest that counsel for Defendants should be investigated.)  Absent evidence of improper communications, which Plaintiffs have failed to demonstrate, any limitations on Defendants' communications with unrepresented putative class members would be unconstitutional.  Plaintiffs have also failed to demonstrate any need for a "curative notice."

Plaintiffs cannot show good cause for ex parte relief, and they have wholly failed to show that their motion has any merit.  The Court should deny Plaintiff's Motion in its entirety.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Settlement Agreements and the Communications Accurately Reflect Plaintiff's Claims, and the Releases Are Limited to the Claims That Were Brought or Could Have Been Brought Under the Same Facts in This Action.

Plaintiffs have sued five corporate entities, including Rancho, which own and

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2                                          3.

operate hospitals and nursing homes in California, as well as Kindred Healthcare Operating, LLC, a parent company.

The settlement agreements accurately reflected the claims Plaintiffs asserted in this lawsuit, on behalf of themselves and those similarly situated, including (1) unpaid overtime; (2) unpaid minimum wage; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) improper wage statements and failure to maintain payroll records; (6) waiting time penalties; (7) failure to pay for split shifts; (8) failure to pay for reporting time; (9) failure to pay for unreimbursed business expenses associated with personal phones and pre-employment drug testing; and (10)/(11) unlawful and unfair business practices under B & P Code 17200.  (*See* SAC; Declaration of James Payer ("Payer Decl.") ¶ 5, Ex. A.)   Contrary to Plaintiffs' assertion, both the Settlement Agreement and the Cover Letter detail the nature of the unreimbursed business expenses claim as including the "failure to reimburse employees for the use of their personal cell phones and cell phone data to carry out job duties and the expenses related to traveling to designated clinics to undergo drug testing or physical exams at or near the time of hire."   (*Id.*)   Plaintiffs do not allege a PAGA claim. Plaintiffs seek to represent a class of all non-exempt, hourly paid employees in California who work in non-clinical positions, as well as Certified Nursing Assistants.

The release in the settlement agreements is specifically limited to Plaintiffs' allegations in this case and the claims that were brought or could have been brought under the same facts:

> 5.    By signing this document, **I specifically acknowledge that I am waiving and releasing my right to assert the claims in the Lawsuit against KND Development, 52, LLC, its parent Kindred Healthcare Operating, LLC, formerly Kindred Healthcare Operating, Inc., any of Kindred Healthcare Operating, LLC's subsidiaries including, but not limited to, KND Development 55, LLC, THC-Orange County, LLC, Bayberry Care Center, LLC, and Foothill Nursing Company Partnership, or any other parents, subsidiaries, affiliates, divisions, agents, attorneys or employees,** specifically

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2                                          4.

any claims for violations of the California Labor Code and the Industrial Welfare Commission Wage Order 5 for failure to pay wages (including minimum wages, straight time wages and overtime wages) for all hours worked including but not limited to any time due to rounding the actual time worked and recorded, any time worked off-the-clock, and any time not paid at the correct rate of pay;

any claims for violations of the California Labor Code for failure to provide compliant meal and rest breaks in accordance with Labor Code sections 226.7, 512 and/or Wage Order 5;

any claims for violations of the California Labor Code for failure to accurately pay for missed rest breaks and meal period premiums;

any claims for violations of the California Labor Code for failure to pay all wages due at termination;

any claims for violations of the California Labor Code for failure to timely pay all wages due during employment;

any claims for violations of the California Labor Code for failure to pay split shift premiums in accordance with Wage Order 5;

any claims for violations of the California Labor Code for failure to provide reporting time pay in accordance with Wage Order 5;

any claims for violations of the California Labor Code for failure to maintain and provide accurate wage statements and payroll records;

any claims for violations of the California Labor Code for failure to reimburse employees for work-related expenses incurred as part of the performance of their job duties; and

any claim alleging a pattern and practice of acts of unfair competition and unfair business practice under California Business & Professions Code section 17200, *et seq*.

By execution of this Agreement, to the extent permitted by law, I am expressly waiving my rights to individual relief based on claims asserted or that could have been asserted in the Lawsuit based upon the facts pled and described above in Paragraph 5. I also acknowledge that all such individual relief (including, without limitation, claims for related penalties, injunctive relief, declaratory relief, interest, and attorneys' fees and costs) based upon the facts and allegations pled and described above in Paragraph 5 are forever barred by this Agreement regardless of the forum in

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2                                      5.

which they may be brought.  I acknowledge that there is a good faith dispute as to whether wages are due.  I further acknowledge that upon receipt of the settlement payment described in Paragraph 1 above, I will have been paid all wages, compensation, premiums, interest and penalties owed under the claims being released by me in this Agreement.

(Payer Decl. ¶ 5, Ex. A (emphasis in original).)

### B.   Due to a Clerical Error, Plaintiff Kingston Was Inadvertently Mailed a Cover Letter and Settlement Agreement.

Settlement agreements, along with an accompanying cover letter in both English and Spanish, were mailed to some current and former non-exempt, non-clinical employees at their last known addresses to offer putative class members the chance to resolve the matter individually.[2]  As further detailed in the declaration of James Payer, due to a clerical error, Plaintiff Kingston was inadvertently mailed a cover letter and settlement agreement.  (Payer Decl. ¶¶ 2-3.) At no point was Plaintiff Kingston or any other named Plaintiff contacted by Littler Mendelson or any other lawyer.  As soon as Plaintiffs brought this to Defendants' attention, Defendants promptly apprised Plaintiffs' counsel that Plaintiff Kingston received the documents as a result of a clerical error, no other communications had occurred with her and no other named Plaintiff received the documents.  (Payer Decl. ¶ 5, Ex. A.)

To ensure that employees had a clear contact person for questions about the settlement offer, Defendants retained Hope Jacobson, an outside Human Resources Consultant, to answer any questions on the phone or in person.  Ms. Jacobson had no contact with Ms. Kingston.

No named Plaintiff signed a settlement agreement.

### III.   THE COURT SHOULD DENY PLAINTIFFS' EX PARTE APPLICATION

### A.   Plaintiffs Have Demonstrated No Basis for Ex Parte Relief.

Ex parte applications will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief, and it is well-established that

---

[2] The class lists, including the last known addresses and telephone numbers, was previously produced to Plaintiffs.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2

6.

parties seeking relief on an ex parte basis must demonstrate that they are "without fault in creating the crisis that requires ex parte relief." *Mission Power Eng'g Co. v. Continental Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995).   This is reiterated in the Court's own rules: "Ex parte applications are for extraordinary relief only. When seeking relief by filing an ex parte application, ***the filing party must demonstrate that the need for ex parte relief is not due to the lack of the party's diligence.***"   *See* Judge's Procedures, Rule 3 at https://www.cacd.uscourts.gov/honorable-josephine-l-staton (emphasis added).

Here, there is no reason why Plaintiffs could not have brought a noticed motion. Plaintiffs admit that they first learned of the settlement agreement from Plaintiff Kingston on January 8, 2020, yet they waited weeks to bring this application. Moreover, even now, they admit that the Court could hear the motion as early as March 20, 2020, which is well in advance of the hearing set for the class certification motion.  Plaintiffs' purported "emergency"—that more putative class members might cash settlement checks—is contradicted by California law giving the putative class members that right.  Instead, it is clear that Plaintiffs delayed bringing this motion for the express purpose of distracting Defendants from preparing their opposition to Plaintiffs' motion for class certification, which is scheduled to be filed on February 17, 2020.

In fact, the last time Plaintiff Kirby brought this exact same motion, it was heard in the normal course and not on an ex parte basis, evidencing the lack of any real emergency with regard to the individual settlement agreements; this situation is no different.  Plaintiffs' manufactured attempt at urgency, notwithstanding, they have failed to demonstrate entitlement to ex parte relief, and their application should be denied on this basis alone.

### B.     Plaintiffs Provide No Legal Basis for Invalidating the Settlement Agreements.

Federal courts apply state law in interpreting settlements and releases.  See

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2                                        7.

*Meneses v. U-Haul Int'l, Inc.*, No. C-11-03615 DMR, 2012 WL 669518, at *5 (N.D. Cal. Feb. 29, 2012) *Hook v. Arizona,* 972 F.2d 1012, 1015 (9th Cir.1992).

There is no dispute that California employers are permitted to enter into settlements with individual putative class members while a putative wage and hour class action is pending. *Chindarah v. Pick Up Stix, Inc.*, 171 Cal.App.4th 796, 803 (2009); *Watkins v. Wachovia Corp.*, 172 Cal.App.4th 1576, 1588-93 (2009); *Robinson v. Chefs' Warehouse, Inc.*, No. 315CV05421RSKAW, 2019 WL 3220288, at *4 (N.D. Cal. July 17, 2019) ("Here, Defendant has been contacting putative class members in attempts to settle their individual claims and reduce the size of the potential class. ***While Plaintiffs would surely prefer that this not occur, the conduct is legal***.") (emphasis added).

### 1. Plaintiffs Do Not Have Standing To Seek Rescission of Any Settlement Agreement.

As a preliminary matter, no Plaintiff is a party to any of the settlement agreements they seek to invalidate, and they do not have standing to seek rescission of agreements on behalf of the proposed class members. *See Madrigal v. Tommy Bahama Group*, 2010 WL 4384235 (C.D. Cal. Oct. 18, 2010). The long-standing general rule of law is that only parties to a contract may sue to enforce or invalidate that contract. *See e.g. Gulf Insurance Company v. TIG Insurance Company*, 86 Cal.App.4th 422, 429-30 (2001); *Jafari v. Federal Deposit Insurance Corp.*, 2015 U.S. Dist. 73988 (S.D. Cal. 2015) ("Only a party to a contract or an intended third-part beneficiary may sue to enforce the terms of a contract or obtain an appropriate remedy for breach."). Third parties who are not the intended beneficiaries of a contract also have no standing to sue on that contract. *Gulf Insurance Company*, 86 Cal.App.4th at 430.

In *Madrigal*, plaintiffs filed a putative class action against their employer for unpaid wages. Plaintiffs asserted that the defendant violated the Labor Code when it obtained releases from other class members, and on that basis sought to invalidate the

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

4834-0562-9619.2                                        8.

releases.  The court held that since the named plaintiffs had not alleged that they personally and/or in individually signed any waiver or release of claims for unpaid earned wages, they lacked standing to challenge the releases on behalf of absent third party class members.  *Madrigal*, 2010 WL 4384235 at *3-4.

Plaintiffs have also failed to identify even a single individual who wishes to rescind the agreement he or she signed.  Plaintiffs do not have standing to challenge the settlement agreements.

## 2.    The Settlement Agreements Comply with California Law.

There is nothing unlawful about Defendants' decision to settle with individual proposed class members, and Plaintiffs do not argue otherwise.  There was nothing coercive about the way the settlement agreements were presented.  As the declarants confirmed, they were mailed, and each was given multiple weeks to review the agreement, and sign it if he or she desired.  Both the cover letter and the settlement agreement detailed the claims asserted by Plaintiffs in a fair and accurate manner.[3] (Payer Decl. ¶ 5, Ex. A.)  In addition to explaining the nature of Plaintiffs' claims, the settlement agreement also explained sources for additional information, and specifically stated that the employee could consult with counsel.  (*Id.*)   In addition, both documents repeated that entering into the settlement agreement was voluntary, and Defendants made it clear that signing or not signing the agreements would have no bearing on the employee's employment rights.

Despite these safeguards, Plaintiffs now claim that the agreements are invalid. These arguments lack factual and legal support.

### a.    The Inadvertent Mailing to Kingston Was Not an Ethical Breach.

As Defendants made clear to Plaintiffs before they filed their application and as

---

[3] In fact, Plaintiffs' counsel has a website that advertises this lawsuit, and it describes the claims in less detail than the Cover Letters and Settlement Agreements do.  (*See* Payer Decl. ¶ 7, Ex. B.) Notably, it does not include Littler's contact information.  (*Id.*)

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2                                              9.

described in more detail in the Payer Declaration, due to a clerical error, Kingston was sent a Cover Letter and Settlement Agreement, despite the fact that Defendants' counsel took pains to ensure that no represented party was included on the mailing list. This was not a breach of Defendants' counsels ethical obligations, and as district court recently confirmed, it is also certainly not grounds to order no contact with the putative class.

In *Robinson*, 2019 WL 3220288, the defendant engaged a contract attorney to help offer to individually settle with the putative class members. Though the defendant took steps to ensure that represented parties were not contracted, the contract attorney inadvertently called a named plaintiff and discussed settlement with her. *Id.* at *4. Though the initial call was made in error, during the conversation, the named plaintiff claimed she was not represented by counsel. *Id.* The court found that this inadvertent contact was insufficient for the "extreme remedy" of a "no contact" order for several reasons. *Id.* First, the defendant's contact of the putative class members to offer to settle was legal. *Id.* Second, the defendant had a procedure in place to ensure that no represented party was contacted, and it took further steps to ensure that a represented party would not be inadvertently called again. *Id.* Finally, had the named plaintiff answered truthfully that she was represented, the contract attorney would have ended the call. *Id.*

This reasoning should apply here with even more force. Defendants had procedures in place to ensure that no represented party was contacted, and except for Kingston, they have been effective. For instance, Plaintiff Kirby was never sent a settlement agreement or letter. After Defendants learned that Kingston was inadvertently mailed a letter, they took steps to ensure that it would never happy again. Further, unlike in *Robinson*, where the named plaintiff was contacted by a lawyer over the telephone, the communication to Kingston was by mail only, and she was never contacted by Littler or any other attorney.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2

10.

**b.      Plaintiffs Fail to Demonstrate that the Settlement Agreements Are False or Misleading.**

Plaintiffs do not argue that the settlement agreements contain misinformation or affirmatively misrepresent Plaintiffs' claims or the nature of the law suit.  Instead, Plaintiffs contend that that the communications are misleading because they "omit critical information" about Plaintiffs' claims.  Specifically, Plaintiffs argue the settlement agreements should be invalidated because they fail (1) to attach a copy of the complaint; (2) to describe the nature of each of the claims at issue; (3) to provide the status of the pending class action; (4) identify the value of each class member's claim or explain how it was calculated; and (5) describe the basis for offering a $350 settlement amount to all class members.  This "standard" is unsupported by law, and Plaintiffs' argument that the settlement agreements are misleading is affirmatively contradicted by the facts.

First, there is no requirement that the Complaint must be attached to the Settlement Agreement.  Instead, the Settlement Agreement must make clear the nature of Plaintiffs' claims, and this one does, specifically stating that a former employee has brought a lawsuit and describing each asserted claim in plain language:

> KND Development 55, LLC's former employee Laura Kingston is a plaintiff in a lawsuit that has been filed against Kindred entitled Michael Kirby, et al. v. KND Development, 52, LLC, et al., Case No. 5:19-cv-00833 JLS (DFMx) (the "Lawsuit").  A copy of the operative Complaint can be obtained from the Ronald Reagan Federal Building and United States Courthouse located at 411 WE. Fourth St., Santa Ana, CA 92701.

> The Lawsuit alleges that Kindred committed violations of the California Labor Code, including unpaid overtime and wages, failure to provide compliant meal breaks and/or rest periods, failure to pay premiums for split shifts, meal breaks and/or rest periods, non-compliant wage statements, failure to provide reporting time pay, failure to pay all wages due at termination, and failure to reimburse employees for the use of their personal cell phones and cell phone data to carry out job duties and the expenses related to traveling to designated clinics to undergo drug testing or physical exams at or near the time of hire.  The Plaintiff seeks to represent all persons who worked for Kindred as non-exempt, hourly-paid

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2                          11.

employees in California (excluding clinicians and piece-rate paid employees) or as Certified Nursing Assistants ("CNA") since May 12, 2013.  As a non-exempt California employee or CNA who works or has worked in a non-clinical position for Kindred during this period, I fall within the definition of this proposed class.  I understand that the court has not ruled on the issue of whether this case can proceed on a class action basis and that no class has been certified in the Lawsuit to date.

(Payer Decl. ¶ 5, Ex. A.) The nature of the claims is reiterated in the cover letter.  (*Id.*) The settlement agreement also provides the full title of the lawsuit, the case number, and where the employee may get a copy of the complaint.  (*Id.*)  The settlement agreement clearly states that the employee falls within the definition of the class; this too is echoed in the cover letter.  ((*Id.* ("The Plaintiff seeks to represent all persons who worked for Kindred as non-exempt, hourly-paid employees in California (excluding clinicians and piece-rate paid employees) or as Certified Nursing Assistants ("CNA") since May 12, 2013.  As a non-exempt California employee or CNA who works or has worked in a non-clinical position for Kindred during this period, I fall within the definition of this proposed class.  I understand that the court has not ruled on the issue of whether this case can proceed on a class action basis and that no class has been certified in the Lawsuit to date."); *see also id.* ("In the Lawsuit, the Plaintiffs are seeking to represent groups of individuals who worked for Kindred as non-exempt, hourly-paid employees in California (excluding clinicians and piece-rate paid employees) or as Certified Nursing Assistants ("CNA") since May 12, 2013. You may fall within one of these groups.  In the Lawsuit, Plaintiffs allege violations of the California Labor Code and the Industrial Welfare Commission Wage Order, including for unpaid overtime and wages, failure to provide compliant meal breaks and/or rest periods, failure to pay premiums for split shifts, meal breaks, and/or rest periods, non-compliant wage statements, failure to provide reporting time pay, failure to pay all wages due at termination, and failure to reimburse employees for the use of their personal cell phones and cell phone data to carry out job duties, the expenses related to traveling to designated clinics to undergo drug testing at or near the time of

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2                                                     12.

hire, or other work-related expenses.  A copy of the operative Complaint for the Lawsuit, which is entitled *Michael Kirby, et al. v. KND Development, 52, LLC*, *et al.*, Case No. 5:19-cv-00833 JLS (DFMx), can be obtained from the Ronald Reagan Federal Building and United States Courthouse located at 411 WE. Fourth St., Santa Ana, CA 92701.").)   Plaintiffs do not explain why this description of the claims and putative class is insufficient or misleading.

The settlement agreement also explains the procedural posture of the case, which is reiterated in the cover letter.  (Payer Decl. ¶ 5, Ex. A ("I understand that the court has not ruled on the issue of whether this case can proceed on a class action basis and that no class has been certified in the Lawsuit to date."); *see also id.* at Ex. A (stating that the lawsuit is pending, and the "lawsuit has not been 'certified' as a class action").)

Both documents also clearly state that the settlement amount is $350.  Though Defendants contend Plaintiffs' claims are without merit and no putative class member has been harmed, the letter and settlement agreement transparently state that Defendants do not know whether the case will settle or be resolved in Plaintiffs' favor, and $350 could be more or less than what the putative class members could recover.  (*Id.* ¶ 4, Ex. A ("We cannot tell you whether the amount of this settlement offer will turn out to be more or less than what you might receive if you wait for the case to be resolved."); *id.* ("I understand that, at some point in the future, Kindred and the Plaintiff may or may not enter into a class-wide settlement of the Lawsuit and that the Court may or may not give approval to that class-wide settlement.  Any such class-wide settlement could result in a settlement formula that provides more money to me or it could result in a settlement formula that provides less money to me.  By agreeing to this Settlement and Release I would be foregoing the right to participate as a class member in the Lawsuit, including participating in any class-wide Settlement.").

There is no requirement that Defendants explain how they arrived at the $350 settlement amount, and *County of Santa Clara v. Astra USA, Inc.*, No. C 05-03740

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2                                                        13.

WHA, 2010 WL 2724512, at *4 (N.D. Cal. July 8, 2010), cited by Plaintiff, does not stand for this proposition.  In that case, the company sent checks to its customers accompanied by a letter that explained the money was a refund for overcharged drugs and acceptance of the refund constituted an accord and satisfaction for any future claims.  *Id.* at *1.  The court found the letter was inadequate to sufficiently inform the putative class because it omitted a summary of the plaintiffs' complaint, it did not provide an explanation of the plaintiffs' claims, and it misled about the current status of the case, including that the court of appeals had already vetted and approved the theory of the case.  *Id.* at *4.  The court also found that the letter affirmatively misled the customers about the calculation of the refunds, failing to explain the defendant used a calculation method that resulted in much lower refunds than another calculation method.  *Id.*  This misrepresentation, coupled with others, misled the plaintiffs regarding the potential strength and extent of the plaintiffs' claims.  *Id.* at *5.

Thus, *Astra USA* does not require that a defendant explain the calculations or business decisions underlying its settlement offer; rather, it requires that a putative class member be given straightforward information to make a choice about whether to accept the settlement agreement.  This is what Rancho did.  Unlike in *Astra USA*, where the settlement amounts to each putative class member were tied to overcharges, the stated method of calculation of which was misleading, here, Rancho offered a lump sum to each putative class member to settle what Rancho contends are meritless claims.  There were no misrepresentations here.  Rancho has not omitted any rulings that might suggest that Plaintiffs' claims have merit because there are none.  Rancho explained the nature of Plaintiffs' claims, the status of the case, the lump sum offer of $350, and the fact that continued litigation could result in a higher or lower amount.  This is sufficient.

Plaintiffs also suggest that Rancho erred by not providing Plaintiffs' counsel's contact information, but this too is incorrect.  Because a class is not yet certified, the putative class members are not represented by Plaintiff's counsel.  *See, e.g.*, *Koo v.*

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2

14.

*Rubio's Restaurants, Inc.*, 109 Cal.App.4th 719, 736 (2003) (holding that fact that action allegedly filed for the benefit of a proposed class "does not mean, however, that potential class members are deemed parties represented by class counsel, within the meaning of rule 2-100, before class certification"); *Atari, Inc. v. Superior Court (Carson)*, 166 Cal.App.3d 867, 873 (1985) ("We cannot accept the suggestion that a potential (but as yet unapproached) class member should  be deemed 'a party . . . represented by counsel' even before the class is certified").  In fact, Rancho made sure that the putative class members knew they were free to consult with *any* counsel:  "I am entering into this Agreement freely and voluntarily after having been advised of *my right to consult with an attorney of my choice*."[4]  (Payer Decl. ¶ 5, Ex. A.) (emphasis added).)

Plaintiffs cites no case that supports an argument that the settlement agreements in this case are misleading, and they produce no competent evidence that anyone was misled either.  Plaintiff relies heavily on a declaration from his counsel, which states that "several putative class members" have stated that they felt pressured or confused by the offered settlement agreements, including whether they "could (and should)" contact opposing counsel.  (Grant Decl. ¶ 3.)  This statement is contradicted by the earlier sentence that several putative class members *did* contact Plaintiffs' counsel with questions, but even more egregiously, it is inadmissible hearsay.  (*See id.*)

Plaintiffs submits testimony from four employees they claim were confused or felt pressured by the settlement agreements.  Plaintiff submitted Francisco Gomez's declaration in support of its 2018 Motion, and the trial court found the settlement agreement and those communications to be lawful. Jaidy Sanchez' declaration is likewise dated September 2018, but it was not filed in support of that Motion.  Both Gomez and Sanchez state that they felt "pressured" to sign the settlement agreement

---

[4] In addition, Plaintiff's counsel testifies that "many" putative class members contacted her with questions about the settlement agreements.  (Grant Decl. ¶ 3.)  This is additional evidence that the settlement agreement sufficiently informed the putative class of the nature of the dispute.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2                                15.

because it came from their "employer," even though both admit they had not worked for Baldwin Park for years.

Similarly, the declarations of Barbara Lopez and Celena Ramirez state that they felt pressure to sign because the offers were from their former employer, but they do not explain why a letter in the mail was coercive, especially since they no longer worked for Rancho.[5]

Regardless, the fact that these declarants were confused or felt "pressure" is not evidence that the settlement agreements are misleading or false. The cover letters clearly state that they are from Baldwin Park and Rancho, and Baldwin Park and Rancho dispute the claims, but also recognizes the high cost of litigation, so it is offering to settle any individual claims. The settlement agreement also makes clear that the future of the lawsuit is uncertain, and an individual who stays in the lawsuit could result in more or less than the settlement amount. The cover letters specifically provides the telephone number of Ms. Jacobson if anyone had any questions, and the settlement agreement specifically advised the putative class members of their right right to consult *any* counsel. Most importantly, both documents reiterated that participation in the settlement was voluntary, and neither participation nor the failure to participate would result in retaliation.

Significantly, despite these declarants claims of confusion, *none* of them request rescission of the settlement agreement. None offer to return the money. Thus, even these declaration do not support Plaintiffs' request to invalidate the settlement agreements.

c.   **The Release Is Limited and Lawful, and Plaintiff's Attempts to Argue Otherwise Are Unsupported by Law or Facts.**

Plaintiffs also claim that the release is overbroad and misleading. This

---

[5] Had this been filed as a regularly noticed motion, Defendants would have been afforded the opportunity to take the depositions of Ms. Lopez and Ms. Ramirez. If the Court wishes to consider the merits of Plaintiffs' motion, Defendants request the time to conduct this discovery in order to fully respond to Plaintiffs' arguments.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2                                      16.

1   argument is unavailing.  Here, the release is not broad; it is specifically limited to

2   "claims asserted or that could have been asserted in the Lawsuit based upon the facts

3   pled." (Payer Decl. ¶ 5, Ex. A; *see also id.* at § 5 ("This Agreement does not constitute

4   a waiver or release of any individual claim I have or may have against Kindred other

5   than those claims asserted in the pending Lawsuit and enumerated above under

6   Paragraph 5.")  This complies with California law, and Plaintiffs' arguments to the

7   contrary are not supported.

8         The law is clear that individuals may release their claims to alleged past

9   violations of the Labor Code in consideration for compensation for doing so.

10  *Villacres v. ABM Industries, Inc.*, 189 Cal.App.4th 562, 591 (2010).     Moreover, a

11  release of wage claims that encompasses claims that could have been raised in the

12  previous action is lawful. *See id.* at 584-85 (citing cases in which subsequent actions

13  for additional wages were barred under doctrine of res judicata).  A release can bar

14  subsequent claims "based on the allegations underlying the claims in the settled class

15  action. This is true even though the precluded claim *was not presented,* and could not

16  have been presented, in the class action itself." *Shine v. Williams-Sonoma, Inc.*, 23

17  Cal.App.5th 1070, 1078 (2018).

18        In accordance with California law, the release was specifically limited to claims

19  that were alleged or could have been alleged.  Plaintiffs' arguments to the contrary

20  fail.

21              **(1)    Disputed Claims for Wages May Be Released.**

22        As discussed above, Plaintiffs' argument that claims for wages cannot be

23  waived under Labor Code section 206.5 has already been rejected by California

24  courts.  California law permits employers to settle Labor Code claims where there is a

25  bona fide dispute as to any monies owed, including wages.   *Chindarah*, 171

26  Cal.App.4th at 803.  There is no public policy precluding settlements of alleged

27  violations of wage and hour laws where a good faith dispute exists as to the claims on

28  past wages and the employer is not exonerated from any future violations.  *Id.*

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2                                      17.

Here, the settlement agreements specifically state that Defendants dispute that they are liable for any unpaid wages.  (Payer Decl. ¶ 5, Ex. A at § 4 ("This Agreement is not an admission of liability by Kindred and should not be construed as such."); *see also id.* at Ex. A ("Kindred disputes the claims and does not believe that it violated any laws.")).  The Settlement Agreement also does not purport to release any claims to future violations.  (*See id.* at § 5.)  Thus, under *Chindarah*, the settlement agreements are valid and enforceable.

### (2) Disputed Claims for Unreimbursed Business Expenses May Be Released.

For the same reason, Plaintiffs' argument that an employee may not release a claim for unpaid business expenses is incorrect.  Plaintiffs' citation to *Edwards v. Arthur Andersen*, 44 Cal.4th 937 (2008) is unhelpful because that case stands for the proposition that a provision in a non-compete agreement that required the employee to waive a potential claim for unreimbursed business expenses was enforceable.  *Id.* at 952-53.  It does not stand for the proposition that individuals may not settle claims they may have against an employer for consideration.  Here, putative class members did not ***waive*** the right to bring a claim for unreimbursed business expenses; they ***settled*** any Labor Code section 2802 claim as well as the other claims alleged in Plaintiffs' Complaint in dispute in exchange for $350.

### C. Plaintiff Fails to Demonstrate any Grounds to Limit Defendants' Communication with the Putative Class Members.

The First Amendment to the United States Constitution prohibits any law "abridging the freedom of speech."  U.S. Const., 1st Am.  In addition, the freedom of speech clause of the California Constitution provides:  "Every person may freely speak, write and publish his or her sentiments, on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press."  Cal. Const., Art. I, § 2, subd. (a); *see also Maggi v. Superior Court*, 119 Cal.App.4th 1218, 1225 (2004) (*citing Hurvitz v. Hoefflin*, 84 Cal.App.4th 1232, 1241 (2000)). In *Maggi*, the Court of Appeal held that a trial court abused its discretion by issuing a

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2

18.

gag order precluding parties from talking to witnesses. The court recognized that the "trial court's ability to govern the discovery process" is important, but held that such an interest was outweighed by the constitutional right to a fair trial. *Maggie*, 119 Cal.App.4th at 1225.

Indeed, California and federal courts alike hold that parties are generally "free to communicate with potential class members before class certification." *Parris v. Sup. Court*, 109 Cal.App.4th 285, 300 (2003); *see also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101–02 (1981); *Atari, Inc.*, 166 Cal.App.3d at 871; *Koo*, 109 Cal.App.4th at 736. In *Parris*, the court held that requiring court approval for precertification communications would be an unlawful prior restraint on speech. *Parris*, at 296. A trial court may restrict counsel communications with members of a potential class only upon a showing that such communications will result in "direct and irreparable harm." *Id.* at 299-300. But the burden is on the party challenging the communication to make a specific showing of harm: a simple assertion that a communication would be unfair or misleading is insufficient to justify "imposition of judicial limitations on protected speech in the form of a prior restraint." *Id.*

The seminal case regarding permissible communications with putative class members is *Gulf Oil*. In that case, the Court indicated that pre-certification communications with putative class members generally must be permitted. *See Gulf Oil*, 452 U.S. at 100. An order preventing counsel from communicating with putative class members about the case "involved serious restraints on expression." *Id.* at 104. The Court held that it is impermissible to limit communications between parties and potential class members unless there is "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* The Court emphasized that a trial court cannot issue an order prohibiting communication between putative class members and counsel based on the mere possibility of abuse. *Id.* at 100.

Here, as Plaintiffs acknowledge, no class has been certified, and Plaintiffs

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

4834-0562-9619.2

19.

1    presents no evidence of any improper communication with proposed class members.

2    In fact, Plaintiffs do not argue that they have been prejudiced or harmed by the

3    communication from Defendants.  Plaintiffs also fails to show how continued contact

4    with the putative class members is prejudicial to the non-existent "class."  Plaintiffs

5    have not identified any putative class member who seeks to invalidate a settlement

6    agreement.  Indeed, if putative class members did not want to settle their claims, they

7    could merely decline to sign the agreements, as many have.  Plaintiffs' request to limit

8    Defendants' communications with the putative class should be denied.[6]

9    **IV.    CONCLUSION**

10          Therefore, Defendants respectfully request that Plaintiffs' ex parte application

11   be denied in its entirety and that the individuals' settlement agreements be given full

12   force and effect.

14    Dated:  January 31, 2020                    Respectfully Submitted,

16                                               */s/ Maggy Athanasious*
17                                               ELIZABETH STAGGS WILSON,
         MAGGY ATHANASIOUS
18       JYOTI MITTAL
         JAMES PAYER
19       LITTLER MENDELSON, P.C.
         Attorneys for Defendants

---

[6] Because Plaintiff has failed to demonstrate that Defendants' communications are improper, there
are no grounds to order Defendants to issue a "curative notice."  Plaintiffs also indicate they will
seek an order "compelling the production of information regarding which employees were
contacted," but this inquiry delves into attorney-work product, and Plaintiffs cite no law to support
that they are entitled to this information.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4834-0562-9619.2                               20.