1   ELIZABETH STAGGS WILSON, Bar No. 183160
    estaggs-wilson@littler.com
2   JAMES PAYER, Bar No. 292158
    jpayer@littler.com
3   LITTLER MENDELSON, P.C.
    633 West 5th Street, 63rd Floor
4   Los Angeles, CA  90071
    Telephone:  213.443.4300
5
    MAGGY M. ATHANASIOUS, Bar No. 252137
6   mathanasious@littler.com
    JYOTI MITTAL, Bar No. 288084
7   jmittal@littler.com
    LITTLER MENDELSON, P.C.
8   2049 Century Park East, 5th Floor
    Los Angeles, CA  90067.3107
9   Telephone:  310.553.0308

10  Attorneys for Defendants
    KINDRED HEALTHCARE
11  OPERATING, LLC, KND DEVELOPMENT 52,
    L.L.C. d/b/a KND 52, L.L.C. (erroneously sued as
12  KND 52, L.L.C.), KND DEVELOPMENT 55,
    L.L.C. d/b/a KND 55, L.L.C. (erroneously sued as
13  KND 55, L.L.C.), THC-ORANGE COUNTY,
    LLC, BAYBERRY CARE CENTER, LLC AND
14  FOOTHILL NURSING COMPANY
    PARTNERSHIP
15
                UNITED STATES DISTRICT COURT
16
               CENTRAL DISTRICT OF CALIFORNIA
17

18  MICHAEL KIRBY, LAURA            Case No.  5:19-cv-00833 JLS (DFMx)
    KINGSTON, KEOSHA GATES,
19  MARTHA PARRA individually, and on   ASSIGNED FOR ALL PURPOSES
    behalf of other members of the general   TO JUDGE JOSEPHINE STATON
20  public similarly situated,
                                    DECLARATION OF JAMES
21              Plaintiffs,         PAYER IN SUPPORT OF
                                    DEFENDANTS' OPPOSITION TO
22       v.                        PLAINTIFFS' EX PARTE
                                    APPLICATION
23  KINDRED HEALTHCARE
    OPERATING, LLC, a Delaware limited   Complaint Filed:  May 12, 2017
24  liability company; KND 52, L.L.C., a   First Amended Complaint Filed: April
    Delaware limited liability company; KND   5, 2019
25  55 L.L.C., a Delaware limited liability   (San Bernardino Superior Court)
    company; THC-ORANGE COUNTY,
26  L.L.C., a California limited liability
    company; Bayberry Care Center, L.L.C.,
27  a Delaware limited liability company;
    Foothill Nursing Company Partnership, a
28  California general partnership; and DOES

1 through 10, inclusive,

Defendants.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

## DECLARATION OF JAMES PAYER

I, James Payer, hereby declare and state as follows:

1.      I am an attorney with the law firm of Littler Mendelson, a Professional Corporation, attorneys for Kindred Healthcare Operating, LLC (hereinafter "Kindred"), KND Development 52, L.L.C. d/b/a KND 52, L.L.C. (erroneously sued as KND 52, L.L.C.) (hereinafter "KND 52"), KND Development 55, L.L.C. d/b/a KND 55, L.L.C. (erroneously sued as KND 55, L.L.C.), THC-Orange County, LLC Foothill Nursing Company Partnership and Bayberry Care Center, LLC in the above-entitled matter (collectively, "Defendants").  I am duly licensed to practice law in the State of California and before the United States District Court for the Central District of California and am one of the attorneys responsible for representing Defendants in this action.  I have personal knowledge of the following facts, and if called to testify, could and would competently testify thereto.  I make this Declaration in support of Defendants' Opposition to Plaintiffs' *Ex Parte* Application for an Order (1) Invalidating Purported Settlements, (2) Prohibiting Defendants from *Ex Parte* Communications with Putative Class Members re Claims, (3) Ordering Defendants to Send A Corrective Notice; and (4) Requiring Defendants to Identify the Class Members Who They Have Contacted Re: Settlement.

2.      I prepared a mailing list for Defendants to use in distributing settlement agreements and accompanying explanatory letters to putative class members.  The mailing list was reviewed to exclude any parties that were known to be represented by counsel.  For example, Plaintiff Kirby was eliminated from the list. However, due to administrative error, Plaintiff Laura Kingston was not excluded from this mailing list.

3.      I first learned of the inadvertent mailing to Ms. Kingston late in the business day on January 27, 2020 after Plaintiffs' counsel provided notice via e-mail of their intent to file an *ex parte* application.  I sought immediately to investigate what had occurred.  I promptly reviewed the mailing list at issue.  I confirmed no other represented parties were included and gathered all communications that were mailed

to Ms. Kingston to be shared with opposing counsel. I further confirmed that no member of Littler had any communications with Ms. Kingston.

4. I never received verbal confirmation from Plaintiffs' counsel regarding their anticipated *ex parte* application as required by Central District of California Local Rule 7-19.1(a). Upon information and belief, no attorney for Defendants received the required verbal notice from Plaintiffs' counsel.

5. On January 28, 2020, I sent an e-mail to Plaintiffs' counsel explaining the inadvertent mailing to Ms. Kingston and attaching all communications that were sent to her. A true and correct copy of this e-mail is attached here as **Exhibit A**.

6. Hope Jacobson is a third party consultant whose duties included being available to provide information to and answer any questions from the recipients of the settlement agreements and accompanying letters. Ms. Jacobson is not a lawyer.

7. On January 31, 2020, I accessed the website http://www.kindredlawsuit.com. A true and correct copy of the print out of this website is attached here as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 31, 2020, at Los Angeles, California.



_/s/ James Payer_
James Payer

4841-4946-5779.1 091140.1002

EXHIBIT A

**Payer, James**

| | |
|---|---|
| **From:** | Payer, James |
| **Sent:** | Tuesday, January 28, 2020 2:12 PM |
| **To:** | 'Jonathan Lee'; Staggs Wilson, Elizabeth; Athanasious, Maggy M.; Mittal, Jyoti |
| **Cc:** | Melissa Grant; Robert Drexler; Molly DeSario |
| **Subject:** | RE: Kirby v. Kindred Health - Ex Parte Meet and Confer |
| **Attachments:** | KND - Pick Up Stix Cover Letter for Mailings - Rancho 4835-8342-4943 1.pdf; KND - Pick Up Stix Cover Letter for Mailings - Rancho - Spanish 4853-2438-8783 1.pdf; KND - Pick Up Stix Operative Settlement Agreement Rancho - Spanish 4829-7485-7647 1.pdf; KND - Pick Up Stix Operative Settlement Agreement (Rancho) 4833-5199-6847 2.pdf |

Jonathan,

Ms. Kingston was erroneously included on a mailing list used by our client and she was inadvertently sent the settlement agreement and accompanied letter. Ms. Kingston has received no communications from Littler nor has she received any other communication from our client, other than the settlement agreement and accompanied letter, which are substantively the same as the attached materials. Additionally, we've confirmed that no other named Plaintiff has received the settlement materials and that our client will take further steps to ensure that no represented parties will receive any future correspondence. Finally, rest assured that no one at Littler has communicated in any way with any Plaintiff in this litigation outside presence of your firm's counsel.

In further response to your message, Defendants' will oppose Plaintiffs' *ex parte* application to invalidate the settlement agreements, which, as you may recall, Judge Cohn approved as to the substance of the agreements as well as the procedure utilized for obtaining the settlements.

Sincerely,


**James Payer**
Attorney at Law
213.443.4241 direct, 213.264.1753 mobile, 213.947.4364 fax
JPayer@littler.com



Labor & Employment Law Solutions | Local Everywhere
633 West Fifth Street, 63rd Floor, Los Angeles, CA 90071

**From:** Jonathan Lee <Jonathan.Lee@capstonelawyers.com>
**Sent:** Monday, January 27, 2020 2:30 PM
**To:** Staggs Wilson, Elizabeth <EStaggs-Wilson@littler.com>; Athanasious, Maggy M. <MAthanasious@littler.com>; Payer, James <JPayer@littler.com>; Mittal, Jyoti <JMittal@littler.com>
**Cc:** Melissa Grant <Melissa.Grant@capstonelawyers.com>; Robert Drexler <Robert.Drexler@capstonelawyers.com>; Molly DeSario <Molly.DeSario@capstonelawyers.com>
**Subject:** Kirby v. Kindred Health - Ex Parte Meet and Confer

**Page 1 of 14**

**[EXTERNAL E-MAIL]**

Counsel,

Plaintiffs have become aware of new efforts by Defendants to enter into purported individual settlement agreements with putative class members in this action, similar to prior purported agreements with employees of Defendant KND 52, L.L.C. Plaintiffs intend to apply *ex parte* to: (1) invalidate these purported agreements; (2) prohibit Defendants from further misleading communications with putative class members; (3) for Defendants to send a curative notice at their expense to all putative class members; and (4) to produce the identities and contact information for all putative class members to whom Defendants have sent purported settlement offers. Plaintiffs are moving on the basis that Defendants have sent misleading and coercive communications to putative class members, including Plaintiff Laura Kingston, attempting to settle claims, which critically do not include: the identity and contact information for Plaintiffs' counsel, a copy of the complaint in this action, the material status of this action, neutral and unbiased information concerning the nature of Plaintiffs' claims and Defendants' defenses at issue, an explanation of the risks and benefits of accepting the settlement offer, or an explanation of how the settlement offer sum is calculated in order for putative class members to reasonably determine whether to accept the offer. Relief is warranted on an *ex parte* basis because Plaintiffs' motion for class certification is currently pending, and Defendants have placed a February 2020 deadline on responding to these settlement offers.

Please advise if you would like to discuss over the phone today, and if Defendants intend to stipulate to Plaintiffs' requested relief, or if Defendants will oppose Plaintiffs' ex parte application.



**Jonathan Lee**
**310.712.8006 Direct  |  Jonathan.lee@capstonelawyers.com**
1875 Century Park East, Suite 1000
Los Angeles, California 90067
310.556.4811 Main  |  310.943.0396 Fax
www.capstonelawyers.com

CONFIDENTIAL COMMUNICATION:
The information contained in this e-mail and any attachments are legally privileged, confidential, and intended for the named recipients only.  If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited and may violate the legal rights of others.  If you have received this message in error please notify the sender immediately by reply e-mail or telephone, return the message to Capstone Law APC, 1875 Century Park East, Suite 1000, Los Angeles, California 90067, and delete it from your system.

**Page 2 of 14**

## SETTLEMENT AGREEMENT AND RELEASE

I, ==----==, ("I" or "me" or "Employee"), freely, knowingly and voluntarily enter into this Settlement Agreement and Release ("Agreement") with KND Development 55, LLC, commonly referred to as "Kindred Hospital Rancho", and its parent Kindred Healthcare Operating, LLC, formerly known as Kindred Healthcare Operating, Inc. (together "Kindred")..

### RECITALS

KND Development 55, LLC's former employee Laura Kingston is a plaintiff in a lawsuit that has been filed against Kindred entitled *Michael Kirby, et al. v. KND Development, 52, LLC, et al.*, Case No. 5:19-cv-00833 JLS (DFMx) (the "Lawsuit"). A copy of the operative Complaint can be obtained from the Ronald Reagan Federal Building and United States Courthouse located at 411 WE. Fourth St., Santa Ana, CA 92701.

The Lawsuit alleges that Kindred committed violations of the California Labor Code, including unpaid overtime and wages, failure to provide compliant meal breaks and/or rest periods, failure to pay premiums for split shifts, meal breaks and/or rest periods, non-compliant wage statements, failure to provide reporting time pay, failure to pay all wages due at termination, and failure to reimburse employees for the use of their personal cell phones and cell phone data to carry out job duties and the expenses related to traveling to designated clinics to undergo drug testing or physical exams at or near the time of hire. The Plaintiff seeks to represent all persons who worked for Kindred as non-exempt, hourly-paid employees in California (excluding clinicians and piece-rate paid employees) or as Certified Nursing Assistants ("CNA") since May 12, 2013. As a non-exempt California employee or CNA who works or has worked in a non-clinical position for Kindred during this period, I fall within the definition of this proposed class. I understand that the court has not ruled on the issue of whether this case can proceed on a class action basis and that no class has been certified in the Lawsuit to date.

### AGREEMENT

Kindred and I hereby agree as follows:

1. If and when I sign this Agreement, I will be entitled to receive a settlement payment in the gross amount of $350. This payment will consist of $50 in wages from which all applicable tax withholdings will be withheld and $300 in non-wages, which is money from which there will be no tax withholdings. This payment settles the disputed claims that I have or may have against Kindred as explained in Paragraph 5 of this Agreement. I understand that this payment will be mailed to me within fifteen business days after the signed Agreement is received by Kindred. I acknowledge that it is possible the Court will issue an order which prevents or delays Kindred from making this payment (although Kindred does not anticipate any such order) and that Kindred must comply with the Court's orders. I understand that my release and waiver described in paragraphs 5 and 6 will be effective only if this payment is provided to me.

2.   I understand that, at some point in the future, Kindred and the Plaintiff may or may not enter into a class-wide settlement of the Lawsuit and that the Court may or may not give approval to that class-wide settlement.   Any such class-wide settlement could result in a settlement formula that provides more money to me or it could result in a settlement formula that provides less money to me.  By agreeing to this Settlement and Release I understand I will not be able to participate as a class member in the Lawsuit, including participating in any class-wide Settlement.

3.   I understand that, at some point in the future, the Lawsuit may result in a trial. The outcome of the trial could result in me receiving more money or less money than the amount that is currently being paid.  By agreeing to this Settlement Agreement and Release, I understand I will not be able to participate as a class member in the Lawsuit, including participating in any class-wide recovery from the trial.

4.   This Agreement is not an admission of liability by Kindred and should not be interpreted or understood as such.

5.   By signing this document, **I specifically acknowledge that I am waiving and releasing my right to assert the claims in the Lawsuit against KND Development, 55, LLC, its parent Kindred Healthcare Operating, LLC, formerly Kindred Healthcare Operating, Inc., any of Kindred Healthcare Operating, LLC's subsidiaries including, but not limited to, KND Development 52, LLC, THC-Orange County, LLC, Bayberry Care Center, LLC, and Foothill Nursing Company Partnership, or any other parents, subsidiaries, affiliates, divisions, agents, attorneys or employees**, specifically

any claims for violations of the California Labor Code and the Industrial Welfare Commission Wage Order 5 for failure to pay wages (including minimum wages, straight time wages and overtime wages) for all hours worked including but not limited to any time due to rounding the actual time worked and recorded, any time worked off-the-clock, and any time not paid at the correct rate of pay;

any claims for violations of the California Labor Code for failure to provide compliant meal and rest breaks in accordance with Labor Code sections 226.7, 512 and/or Wage Order 5;

any claims for violations of the California Labor Code for failure to accurately pay for missed rest breaks and meal period premiums;

any claims for violations of the California Labor Code for failure to pay all wages due at termination;

any claims for violations of the California Labor Code for failure to timely pay all wages due during employment;

any claims for violations of the California Labor Code for failure to pay split shift premiums in accordance with Wage Order 5;

**Page 4 of 14**

any claims for violations of the California Labor Code for failure to provide reporting time pay in accordance with Wage Order 5;

any claims for violations of the California Labor Code for failure to maintain and provide accurate wage statements and payroll records;

any claims for violations of the California Labor Code for failure to reimburse employees for work-related expenses incurred as part of the performance of their job duties; and

any claim alleging a pattern and practice of acts of unfair competition and unfair business practice under California Business & Professions Code section 17200, *et seq*.

By execution of this Agreement, to the extent permitted by law, I am expressly waiving my rights to relief based on claims asserted or that could have been asserted in the Lawsuit based upon the facts pled and described above in Paragraph 5.  I also acknowledge that all such individual relief (including, without limitation, claims for related penalties, injunctive relief, declaratory relief, interest, and attorneys' fees and costs) based upon the facts and allegations pled and described above in Paragraph 5 are forever barred by this Agreement regardless of the forum in which they may be brought.  I acknowledge that there is a good faith dispute as to whether wages are due.  I further acknowledge that upon receipt of the settlement payment described in Paragraph 1 above, I will have been paid all wages, compensation, premiums, interest and penalties owed under the claims being released by me in this Agreement.

6.  This Agreement does not constitute a waiver or release of any individual claim I have or may have against Kindred other than those claims asserted in the pending Lawsuit and enumerated above under Paragraph 5.

7.  I understand that I will not be given anything of value other than as described in this Agreement if I enter into this Agreement.  I understand that I will not be retaliated against in any way by Kindred if I enter into this Agreement or if I decide not to enter into this Agreement. The terms and conditions of my employment, or my ability to be re-employed, will not be impacted in any way by my decision whether or not to enter into this Agreement.  By signing this Agreement I represent that I am freely and voluntarily entering into this Agreement without pressure or coercion from Kindred.

8.  I am entering into this Agreement freely and voluntarily after having been advised of my right to consult with an attorney of my choice.  However, I understand that Kindred will not pay attorney's fees or costs, if any, associated with any consultation with any attorney.

**Page 5 of 14**

9.   This is the sole and exclusive agreement between Kindred and me concerning the subject matter discussed above.

Dated: _____

_____
Name (ID# --- )

Dated: December [DAY], 2019

KND Development 55, LLC


_____
**Rafael Peña**
Chief Executive Officer
KND Development 55, LLC

## CONVENIO DE PAGO Y LIBERACIÓN

Yo, ---- , ("yo" o "Empleado"), libremente, de forma consciente y voluntaria firmo este Convenio de Pago y Liberación ("Convenio") con KND Development 55, LLC, comúnmente referida como "Kindred Hospital Rancho" y su matriz Kindred Healthcare Operating, LLC, anteriormente conocida como Kindred Healthcare Operating, Inc. (conjuntamente "Kindred").

### DECLARACIONES

Un empleado anterior de KND Development 55, LLC, Laura Kingston, ha presentado una demanda contra Kindred denominada *Michael Kirby, et al. v. KND Development, 52, LLC*, *et al.*, Caso No. 5:19-cv-00833 JLS (DFMx) (la "Demanda"). Puede obtener una copia de la Queja operativa para la Demanda, la cual se titula *Michael Kirby, et al. v. KND Development, 52, LLC, et al.*, Case No. 5:19-cv-00833 JLS (DFMx), en el Edificio Federal Ronald Reagan (*Ronald Reagan Federal Building*) y la Corte de Justicia de los Estados Unidos (*United States Courthouse*) ubicados en at 411 WE. Fourth St., Santa Ana, CA 92701.

La Demanda alega que Kindred cometió violaciones al Código Laboral de California (*California Labor Code*), incluyendo salarios y tiempo extra no pagados, omisión de proporcionar periodos de comida y/o de descanso adecuados, omisión de pagar primas por turnos divididos o partidos, periodos de comida, y/o periodos de descanso, recibos de salarios inadecuados, omisión de proporcionar pago por tiempo reportado, omisión de pagar todos los salarios adeudados al momento de la terminación, y omisión de reembolsar a los empleados por el uso de su teléfono celular y datos celulares para llevar a cabo funciones de trabajo y por gastos relacionados a traslados a las clínicas designadas para someterse a exámenes de detección de drogas o exámenes físicos al momento de su contratación o cerca de dicha fecha. El Demandante busca representar a todas las personas que trabajaron para Kindred como empleados de pago por hora, no exentos en California (excluyendo clínicos y empleados de pago a destajo o por pieza) o como Asistentes de Enfermería Certificadas (*Certified Nursing Assistants* o "CNA" por sus siglas en inglés) desde el 12 de mayo de 2013. Como empleado no exento de California o CNA que trabaja o ha trabajado en un puesto no clínico para Kindred durante ese periodo, yo encuadro en la definición de la clase propuesta. Entiendo que la corte no ha decidido sobre si este caso procederá como acción de clase y que no se ha certificado la clase en la Demanda, al día de hoy.

### CONVENIO

Kindred y yo por medio del presente convenimos lo siguiente:

1. Si firmo este Convenio y cuando lo firme, tendré derecho a recibir un pago de arreglo por el monto bruto de $350. Este pago consistirá de $50 en salarios de los cuales se retendrán impuestos y $300 no serán salarios, cuyo monto no será sujeto a retenciones fiscales. Este pago arregla las reclamaciones disputadas que yo tenga o pueda tener contra Kindred tal y como se explica en el Párrafo 5 de este Convenio. Entiendo que este pago me será enviado por correo dentro de 15 días hábiles después de que el Convenio firmado sea recibido por Kindred. Reconozco que es posible que la Corte emita una orden que prevenga o retrase a Kindred de hacer este pago (aunque Kindred no prevé dicha orden) y que Kindred deberá cumplir con las

órdenes de la Corte. Entiendo que mi liberación descrita en los párrafos 5 y 6 será efectiva únicamente si se me proporciona este pago.

2.   Entiendo que, en algún punto en el futuro, Kindred y el Demandante pueden o no pactar un acuerdo con toda la clase de la Demanda y que la Corte puede o no aprobar dicho acuerdo con toda la clase. Cualquier acuerdo con la clase podría resultar en una fórmula de acuerdo que me proporcione más dinero o puede resultar en una fórmula de arreglo que me proporcione menos dinero. Al aceptar este Acuerdo y Liberación entiendo que no me será posible participar como miembro de la clase en la Demanda, incluyendo participar en cualquier Arreglo con toda la clase.

3.   Entiendo que en algún momento en el futuro la Demanda puede resultar en un juicio. El resultado del juicio podría resultar en que yo reciba más dinero o menos dinero que la cantidad se paga ahora. Al aceptar este Convenio de Pago y Liberación, entiendo que no me será posible participar como miembro de la clase en la Demanda, incluyendo participar en cualquier compensación para toda la clase como fruto del juicio.

4.   Este Convenio no es una admisión de responsabilidad por parte de Kindred y no deberá interpretarse como tal.

5.   El firmar este documento, **específicamente reconozco que estoy renunciando y liberando mi derecho de afirmar las reclamaciones en la Demanda contra KND Development, 55, LLC, su matriz Kindred Healthcare Operating, LLC, anteriormente Kindred Healthcare Operating, Inc., cualquiera de las subsidiarias de Kindred Healthcare Operating, LLC incluyendo, sin limitación, a  KND Development 52, LLC, THC-Orange County, LLC, Bayberry Care Center, LLC, y Foothill Nursing Company Partnership o cualquiera otra de sus matrices, subsidiaria, filiales, divisiones, agentes, abogados o empleados,** específicamente

cualquier reclamación por violaciones al Código Laboral de California y la Orden de Salario 5 de la Comisión de Previsión Social (*Industrial Welfare Commission Wage Order 5*) por omitir pagar salarios (incluyendo salarios mínimos, salarios por tiempo corrido y salarios por tiempo extra) por todas las horas trabajadas incluyendo, sin limitación, en cualquier momento debido a redondeo del tiempo realmente trabajado y registrado, cualquier tiempo trabajado sin registrarse, y cualquier tiempo no pagado a la tarifa de pago correcta;

cualquier reclamación por violaciones al Código Laboral de California por omitir proporcionar periodos de descanso y comida apropiados de conformidad con las secciones 226.7 y 512 del Código Laboral y/o la Orden de Salario 5;

cualquier reclamación por violaciones al Código Laboral de California por omitir el pago preciso de las primas por periodos de descanso y comida no tomados;

cualquier reclamación por violaciones al Código Laboral de California por omitir pagar todos los salarios adeudados al momento de la terminación;

cualquier reclamación por violaciones al Código Laboral de California por omitir el pago oportuno de todos los salarios adeudados durante el empleo;

cualquier reclamación por violaciones al Código Laboral de California por omitir el pago las primas de turnos partidos de conformidad con la Orden de Salario 5;

cualquier reclamación por violaciones al Código Laboral de California por omitir proporcionar el pago por tiempo por reportar de conformidad con la Orden de Salario 5;

cualquier reclamación por violaciones al Código Laboral de California por omitir mantener y proporcionar recibos de salarios y registros de nómina precisos;

cualquier reclamación por violaciones al Código Laboral de California por omitir reembolsar a los empleados por gastos relacionados al trabajo incurridos como parte del desempeño de sus funciones de trabajo; y

cualquier reclamación alegando un patrón y actos de práctica de competencia desleal y práctica comercial desleal conforme a la sección 17200 y demás relativas del Código de Negocios y Profesiones de California.

Al firmar este Convenio, hasta el punto permitido por ley, expresamente renuncio a mis derechos de una compensación basada en las reclamaciones afirmadas o que pudieran haber sido afirmadas en la Demanda con base en los hechos alegados y descritos anteriormente en el Párrafo 5. Asimismo, reconozco que dicha compensación individual (incluyendo, sin limitación, reclamaciones por sanciones, compensaciones por orden judicial, compensación declaratoria, intereses, y costos y honorarios de abogados relacionados) basada en los hechos y alegatos afirmados y descritos en el Párrafo 5 está permanentemente bloqueada por este Convenio independientemente del foro en que puedan presentarse. Reconozco que existe una controversia de buena fe respecto de si los salarios son adeudados. Del mismo modo reconozco que al momento de recibir el pago del arreglo descrito en el Párrafo 1 anterior, se me habrán pagado todos los salarios, compensaciones, primas, intereses y sanciones adeudadas conforme a las reclamaciones que están siendo liberadas por mí en este Convenio.

6.   Este Convenio no constituye una renuncia o liberación de ninguna reclamación que tenga o pueda tener contra Kindred distinta a aquellas reclamaciones afirmadas en la Demanda pendiente y enumeradas en el Párrafo 5 anterior.

7.   Entiendo que no se me dará nada de valor distinto a lo descrito en este Convenio si firmo este Convenio. Entiendo que no se tomarán represalias en mi contra de forma alguna por parte de Kindred si firmo este Convenio o si decido no firmarlo. Los términos y condiciones de mi empleo, o mi posibilidad de ser recontratado no se verán afectados de forma alguna por mi decisión de firmar o no este Convenio. Al firmar este Convenio manifiesto que estoy firmando este Convenio de forma libre y consciente sin presión o coacción por parte de Kindred.

8.   Estoy firmando este Convenio de forma libre y voluntaria después de haber sido informado de mi derecho de consultarlo con un abogado de mi elección. Sin embargo, entiendo que Kindred no pagará los costos u honorarios de abogados, en su caso, asociados con la consulta con un abogado.

9.  Este es el acuerdo único y exclusivo entre Kindred y yo respecto de los asuntos discutidos anteriormente.


Fecha: _____

_____
<mark>Nombre (ID# --- )</mark>


Fecha: <mark>[DAY]</mark> de diciembre de 2019        KND Development 55, LLC


_____
**Rafael Peña**
Director General
KND Development 55, LLC

D E C E M B E R   3 0 ,   2 0 1 9

TO:            ----

FROM:        KINDRED HOSPITAL RANCHO

As explained in the enclosed settlement agreement, there is currently a lawsuit where a former employee, Laura Kingston, and others are seeking to represent you in a potential class action lawsuit based upon alleged violations of the California Labor Code by Kindred Hospital Rancho and its parent Kindred Healthcare Operating, LLC, formerly known as Kindred Healthcare Operating, Inc. (together "Kindred").  The Lawsuit has not been "certified" as a class action.

In the Lawsuit, the Plaintiffs are seeking to represent groups of individuals who worked for Kindred as non-exempt, hourly-paid employees in California (excluding clinicians and piece-rate paid employees) or as Certified Nursing Assistants ("CNA") since May 12, 2013.  You may fall within one of these groups.  In the Lawsuit, Plaintiffs allege violations of the California Labor Code and the Industrial Welfare Commission Wage Order, including for unpaid overtime and wages, failure to provide compliant meal breaks and/or rest periods, failure to pay premiums for split shifts, meal breaks, and/or rest periods, non-compliant wage statements, failure to provide reporting time pay, failure to pay all wages due at termination, and failure to reimburse employees for the use of their personal cell phones and cell phone data to carry out job duties, the expenses related to traveling to designated clinics to undergo drug testing at or near the time of hire, or other work-related expenses.  A copy of the operative Complaint for the Lawsuit, which is entitled *Michael Kirby, et al. v. KND Development, 52, LLC*, *et al.*, Case No. 5:19-cv-00833 JLS (DFMx), can be obtained from the Ronald Reagan Federal Building and United States Courthouse located at 411 WE. Fourth St., Santa Ana, CA 92701.

Kindred disputes the claims and does not believe that it violated any laws.  However, Kindred also recognizes the cost in litigating this matter and so Kindred is offering you a certain amount of money to settle or resolve any individual claim that you may have that is encompassed by the lawsuit.

Enclosed is a legal document that provides you with an opportunity to settle your individual claims against Kindred if you choose to do so.  This document is entitled "Settlement Agreement and Release."  Please read this whole document carefully.

**If you decide to enter into the Settlement Agreement and Release, Kindred will pay you $350.  This payment will consist of $50 in wages from which taxes will be withheld and $300 in non-wages, which is money from which there will be no tax withholding.  You will be sent your checks within three weeks of signing and returning the agreement and providing any necessary paperwork for payment.**

We cannot tell you whether the amount of this settlement offer will turn out to be more or less than what you might receive if you wait for the case to be resolved.  Currently, there is no date set for trial.  Also, the Court has not even addressed if this case will proceed as a class action.  As a result, we cannot determine how long the case will take before it is resolved, but it

could take years.  It is certainly possible that you could recover nothing in the litigation if, for example, the court found in favor of Kindred.

Your employment rights will not be affected in any way based on your decision whether or not to sign the Settlement Agreement and Release.  Kindred will not retaliate against you in any way if you refuse to sign it.  This offer of settlement remains open until February 1, 2020.

A pre-addressed envelope with postage pre-paid is enclosed for your use in returning the signed Settlement Agreement and Release.  In the event the envelope is lost, the Settlement Agreement and Release can also be mailed to the following address:

Kindred Healthcare Operating, LLC
Attn: Legal Department
680 S. 4th Street
Louisville, KY 40202

If you do not understand any of the information in this packet, please call or send a text message to Hope Jacobson at (310) 422-2855.

2

18 DE DICIEMBRE DE 2019

PARA:           ----

DE:             KINDRED HOSPITAL RANCHO

      Tal y como se explica en el convenio de pago adjunto, actualmente hay un juicio en el que un empleado anterior, Laura Kingston, y otros, están buscando representarlo en una posible demanda de acción de clase, con base en supuestas violaciones al Código Laboral de California (*California Labor Code*) por parte de Kindred Hospital Rancho, y su matriz Kindred Healthcare Operating, LLC, anteriormente conocida como Kindred Healthcare Operating, Inc. (conjuntamente "Kindred"). La Demanda no ha sido "certificada" como una acción de clase.

      En la Demanda, los Demandantes buscan representar a grupos de personas que trabajaron para Kindred como empleados pagados por hora, no exentos, en California (excepto médicos clínicos [*clinicians*] y empleados pagados por pieza) o como Asistentes de Enfermería Certificadas (*Certified Nursing Assistants* o "CNA" por sus siglas en inglés) desde el 12 de mayo de 2013. Usted puede encuadrar en alguno de estos grupos. En la Demanda, los Demandantes alegan violaciones al Código Laboral de California y a la Orden de Salario de la Comisión de Previsión Social (*Industrial Welfare Commission Wage Order*), incluyendo por salarios y tiempo extra no pagados, omisión de proporcionar periodos de comida y/o de descanso adecuados, omisión de pagar primas por turnos divididos o partidos, periodos de comida, y/o periodos de descanso, recibos de salarios inadecuados, omisión de proporcionar pago por tiempo reportado, omisión de pagar todos los salarios adeudados al momento de la terminación, y omisión de reembolsar a los empleados por el uso de su teléfono celular y datos celulares para llevar a cabo funciones de trabajo, gastos relacionados a traslados a las clínicas designadas para someterse a exámenes de detección de drogas al momento de su contratación o cerca de dicha fecha, u otros gastos relacionados con el trabajo. Puede obtener una copia de la Queja operativa para la Demanda, la cual se titula *Michael Kirby, et al. v. KND Development, 52, LLC, et al.*, Case No. 5:19-cv-00833 JLS (DFMx), en el Edificio Federal Ronald Reagan (*Ronald Reagan Federal Building*) y la Corte de Justicia de los Estados Unidos (*United States Courthouse*) ubicados en at 411 WE. Fourth St., Santa Ana, CA 92701.

      Kindred niega las reclamaciones y no cree que haya violado ninguna ley. Sin embargo, Kindred también reconoce el costo de litigar este asunto y por lo tanto, Kindred le ofrece cierta cantidad de dinero para arreglar o resolver cualquier reclamación individual que pueda tener y que esté incluida en la demanda.

      Adjunto encontrará un documento legal que le brinda la oportunidad de arreglar sus reclamaciones individuales contra Kindred si así decide hacerlo. Este documento se titular "Convenio de Pago y Liberación". Por favor lea todo el documento cuidadosamente.

      **Si decide firmar este Convenio de Pago y Liberación, Kindred le pagará $350. Este pago consistirá de $50 en salarios de los cuales se retendrán impuestos y $300 no serán salarios, cuyo monto no será sujeto a retenciones fiscales. Se le enviarán los cheques dentro**

**de las tres semanas de haber firmado y devuelto el convenio y haber proporcionado toda la papelería necesaria para el pago.**

No podemos saber si el monto de esta oferta de pago resultará mayor o menor de lo que usted pudo haber recibido si hubiera esperado a que se resolviera el caso. Actualmente no hay una fecha establecida para el juicio. Asimismo, la Corte no ha abordado el tema de si este caso procederá como acción de clase. Como resultado, no podemos determinar cuánto tomará el caso antes de resolverse, pero podría tomar años. Es ciertamente posible que usted pudiera no cobrar nada en el litigio si, por ejemplo, la corte resuelve a favor de Kindred.

Sus derechos laborales no se verán afectados de forma alguna con base en su decisión de si decide firmar o no el Convenio de Pago y Liberación. Kindred no tomará represalias contra usted en forma alguna si rechaza firmarlo. Esta oferta de pago permanecerá abierta hasta el 01 de febrero de 2020.

Se adjunta un sobre con porte pre-pagado para que lo use al devolver el Convenio de Pago y Liberación firmado. En caso que el sobre se pierda, el Convenio de Pago y Liberación también puede enviarse por correo a la siguiente dirección:

Kindred Healthcare Operating, LLC
Attn: Legal Department
680 S. 4th Street
Louisville, KY 40202

Si usted no entiende cualquier parte de la información en este paquete, por favor llame o envíe un mensaje de texto a Hope Jacobson al (310) 422-2855.

**Page 14 of 14**

# EXHIBIT B



CLASS ACTION AGAINST

# KINDRED HEALTHCARE

**CALL US AT**

## 888.342.7146

WHAT'S THE CASE ABOUT?

HOW CAN I HELP?

WHAT LAWS PROTECT ME?

WHO ARE THE LAWYERS?

## WHAT'S THE CASE ABOUT?

Our firm, Capstone Law APC, filed a class action on behalf of current and former non-exempt, hourly-paid employees (excluding Clinicians and piece-rate paid employees) who worked for Kindred Healthcare, Inc. and KND 52, L.L.C. (collectively, "Kindred Healthcare") in California. The lawsuit, entitled *Kirby v. Kindred Healthcare, Inc., et al.*, is currently pending in San Bernardino County Superior Court, Case No. CIVDS1708958. The lawsuit alleges Kindred Healthcare committed the following violations:

- not paying all overtime wages;
- not paying at least minimum wage for all hours worked (relating to hours worked off-the-clock);
- not providing employees with timely, uninterrupted meal and/or rest breaks;
- not paying employees one hour of pay for each missed meal or rest break;
- not providing employees proper wage statements (pay stubs);
- failing to maintain accurate payroll records;

**CONTACT US & LEARN MORE**

Please enter the information below or call us to speak with Anthony Castillo, Esq. **Hablamos Español**

**Name:** *

**Address:**

Street Address

City     **State**

**Zip Code**

**Phone:**

**1 of 8**



WHAT'S THE CASE
ABOUT?

HOW CAN I HELP?

WHAT LAWS
PROTECT ME?

WHO ARE THE
LAWYERS?

- not paying wages timely during employment and upon
  termination;

- failing to pay split shift premiums;

- failing to pay reporting time pay;

- failing to pay the costs of mandatory pre-employment
  physical examinations; and

- failing to reimburse work-related business expenses.

We believe that these are violations of California's Labor Code, and
we also believe that these violations occurred on a systematic basis to
Kindred Healthcare employees.

If you worked for Kindred Healthcare at any time from May 12, 2013,
until the present and would like more information about this case,
please call us at **888.342.7146** or send an email
to [info@KindredLawsuit.com](mailto:info@KindredLawsuit.com). Be sure to give your name, telephone
number, and the best time to reach you, and an attorney will get back
to you soon.

**Email:** *

**Comments on your
experience:**

By submitting your email
address above, you are
agreeing to receive email
updates from Capstone Law
APC on legal news, services,
and pending litigation.

Submit

PRIVACY POLICY | DISCLAIMER

**2 of 8**



CLASS ACTION AGAINST
# KINDRED HEALTHCARE

**CALL US AT**

**888.342.7146**

WHAT'S THE CASE ABOUT?

HOW CAN I HELP?

WHAT LAWS PROTECT ME?

WHO ARE THE LAWYERS?

## HOW CAN I HELP?

If you worked for Kindred Healthcare at any time from May 12, 2013, until the present and would like more information about this case, please email us at info@KindredLawsuit.com or call us at **888.342.7146**. Be sure to leave your name, telephone number, and the best time to reach you, and an attorney will get back to you soon.

**CONTACT US & LEARN MORE**

Please enter the information below or call us to speak with Anthony Castillo, Esq. **Hablamos Español**

**Name:** *

**Address:**

Street Address

City     **State**

**Zip Code**

**Phone:**

**3 of 8**

# Capstone
## LAW APC

WHAT'S THE CASE ABOUT?

HOW CAN I HELP?

WHAT LAWS PROTECT ME?

WHO ARE THE LAWYERS?

**Email:** *

**Comments on your experience:**

By submitting your email address above, you are agreeing to receive email updates from Capstone Law APC on legal news, services, and pending litigation.

Submit

PRIVACY POLICY | DISCLAIMER



CLASS ACTION AGAINST
# KINDRED HEALTHCARE

## WHAT LAWS PROTECT ME?

California law provides various protections and rights to employees in the state in the areas of wrongful termination, workplace harassment, and regarding wage issues like overtime, minimum wages, meal breaks, vacation pay, and other issues related to compensation. You can find a more detailed description of various rights organized below by subject.

- Overtime
- Minimum Wage
- Meal Periods
- Rest Periods
- Reporting Time Pay
- Tips and Gratuities
- Deductions
- Paydays, Pay Periods, and Final Wages
- Waiting Time Penalty
- Personnel Files and Records
- Vacation
- Holidays

**WHAT'S THE CASE ABOUT?**

**HOW CAN I HELP?**

**WHAT LAWS PROTECT ME?**

**WHO ARE THE LAWYERS?**

**CALL US AT**
**888.342.7146**

**CONTACT US & LEARN MORE**

Please enter the information below or call us to speak with Anthony Castillo, Esq. **Hablamos Español**

Name: *

Address:

Street Address

City     State

Zip Code

Phone:

**5 of 8**

## Capstone
#### LAW APC

WHAT'S THE CASE ABOUT?

HOW CAN I HELP?

WHAT LAWS PROTECT ME?

WHO ARE THE LAWYERS?

- Retaliation/Discrimination
- Independent Contractors

**Email:** *

**Comments on your experience:**

By submitting your email address above, you are agreeing to receive email updates from Capstone Law APC on legal news, services, and pending litigation.

Submit

PRIVACY POLICY | DISCLAIMER



## CLASS ACTION AGAINST
# KINDRED HEALTHCARE

**CALL US AT**
## 888.342.7146

WHAT'S THE CASE ABOUT?

HOW CAN I HELP?

WHAT LAWS PROTECT ME?

WHO ARE THE LAWYERS?

## WHO ARE THE LAWYERS?

At Capstone Law APC, we believe that employees should be treated fairly, consumers should get what they pay for, and rights should be protected even when someone cannot afford a lawyer. Capstone Law seeks to represent employees, consumers and investors across the country in litigation involving labor and workplace rights, privacy laws, automobile and other product defects, consumer protection, false advertising or other deceptive trade practices, and securities fraud.

Capstone's attorneys understand the tactics that well-financed defendants use to shield themselves from responsibility. In fact, a number of our attorneys previously worked for large national law firms and graduated from top law schools, including Harvard, University of Michigan, UCLA, and USC. Capstone Law has the talent, experience, financial resources and depth of knowledge to successfully litigate the most complex and challenging cases against the country's largest corporations when they ignore labor laws and workplace protections, make deceptive claims, violate privacy protections, or sell defective products and services.

Our law firm is organized into four main practice areas – Labor & Employment, Consumer Rights, Automotive Defects, and Securities Fraud. We also maintain departments for Mass Actions and Appeals &

### CONTACT US & LEARN MORE

Please enter the information below or call us to speak with Anthony Castillo, Esq. **Hablamos Español**

**Name:** *

**Address:**

Street Address

City     **State**

Zip Code

**Phone:**

**WHAT'S THE CASE ABOUT?**

**HOW CAN I HELP?**

**WHAT LAWS PROTECT ME?**

**WHO ARE THE LAWYERS?**

Complex Motions. Our firm pursues cases in California state and federal courts, as well as in courts around the nation. We also pursue our clients' claims in arbitration and before administrative agencies. Whatever the forum or venue, Capstone Law invests the time and resources necessary to vigorously prosecute its cases.

As part of our commitment to social justice, our firm supports public policy, educational campaigns and legislative efforts to secure and expand the rights of consumers and working people. The firm also publishes the Impact Litigation Journal, a running commentary on important legal developments in the area of representative actions and other complex litigation.

**Email:** *

**Comments on your experience:**

By submitting your email address above, you are agreeing to receive email updates from Capstone Law APC on legal news, services, and pending litigation.

Submit

PRIVACY POLICY | DISCLAIMER

**8 of 8**