UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:19-cv-00833-JLS-DFM                                  Date: February 06, 2020
Title: Michael Kirby et al. v. Kindred Healthcare Operating, LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:** (IN CHAMBERS) ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION RE: DEFENDANTS' COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS (Doc. 38)

Before the Court is Plaintiffs' Ex Parte Application for an Order:

(1) invalidating all purported settlement agreements and releases of the claims at issue in this case between putative class members and the Defendants; (2) prohibiting Defendants from any further misleading communications with putative class members regarding the claims at issue in this case, including any further attempts to settle the claims at issue in this case with putative class members; (3) ordering Defendants to send, at their expense, a court-approved curative notice to all putative class members; and (4) ordering Defendants to produce the identities and contact information for all putative class members to whom they have sent settlement communications.

(Ex Parte App. at 1, Doc. 38.) Defendants opposed. (Opp'n, Doc. 39.) Having considered the parties' papers, the Court DENIES Plaintiffs' Ex Parte Application.

The standard for obtaining ex parte relief is an onerous one. To justify such relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Further, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* Indeed, this Court's Procedures Page states explicitly that "[e]x parte applications are for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:19-cv-00833-JLS-DFM                                          Date: February 06, 2020
Title: Michael Kirby et al. v. Kindred Healthcare Operating, LLC et al.

extraordinary relief only" and "the filing party must demonstrate that the need for ex parte relief is not due to the lack of [that] party's diligence." Honorable Josephine L. Staton Procedures Page, http://www.cacd.uscourts.gov/honorable-josephine-l-staton.

In support of their Application, Plaintiffs represent that on January 8, 2020, Plaintiffs' counsel learned from Plaintiff Laura Kingston that on January 2, 2020, Defendants sent Kingston "a letter and proposed settlement agreement relating to her employment with Defendants[.]" (Grant Decl. ¶ 8, Doc. 38-2.) Plaintiffs contend that the letter and proposed settlement, which Defendants have also been sending to absent putative class members, are misleading and coercive. (*See* Ex Parte App. at 1–4.)

Plaintiffs also represent in support of their Application that they first learned of Defendants' ex parte communications and attempts to settle with putative class members in April 2018, when this case was still pending in state court. (*See* Grant Decl. ¶ 5; Ex Parte App. at 4.) In response, Plaintiffs filed a motion on September 24, 2018 "to invalidate those settlement agreements and for dissemination of a curative notice[.]" (Ex Parte App. at 4.) Judge David Cohn of the San Bernardino Superior Court denied the motion without prejudice "on the grounds that [the court] needed more information from the class members themselves regarding the confusing and coercive nature of the communications." (Grant Decl. ¶ 5.) But Plaintiffs apparently did not renew their motion in state court before Defendants removed the case to this Court on May 3, 2019 (Notice of Removal, Doc. 1). (*See* Grant Decl. ¶¶ 6–7.) Nor did Plaintiffs bring the issue to *this* Court's attention at any point over the last nine months.

Put differently, Plaintiffs have not been diligent in pursuing this relief, which thwarts their attempt to show irreparable prejudice as required here. *Cf. In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989) ("Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have[.]").

The Court therefore DENIES Plaintiffs' Ex Parte Application. Plaintiffs may instead file a regularly noticed motion on this matter.

Initials of Preparer:  tg