| | |
|---|---|
| 1 | ELIZABETH STAGGS WILSON, Bar No. 183160 |
| | estaggs-wilson@littler.com |
| 2 | JAMES PAYER, Bar No. 292158 |
| | jpayer@littler.com |
| 3 | LITTLER MENDELSON, P.C. |
| | 633 West 5th Street, 63rd Floor |
| 4 | Los Angeles, CA  90071 |
| | Tel No.:  213.443.4300 / Fax No.: 213.443.4299 |
| 5 | |
| | Attorneys for Defendants |
| 6 | KINDRED HEALTHCARE |
| | OPERATING, LLC, KND DEVELOPMENT 52, |
| 7 | L.L.C. d/b/a KND 52, L.L.C. (erroneously sued as |
| | KND 52, L.L.C.), KND DEVELOPMENT 55, |
| 8 | L.L.C. d/b/a KND 55, L.L.C. (erroneously sued as |
| | KND 55, L.L.C.), THC-ORANGE COUNTY, |
| 9 | LLC, BAYBERRY CARE CENTER, LLC, and |
| | FOOTHILL NURSING COMPANY |
| 10 | PARTNERSHIP |
| 11 | [*Additional counsel listed on following page*] |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 15 | MICHAEL KIRBY, LAURA KINGSTON, KEOSHA GATES, MARTHA PARRA individually, and on behalf of other members of the general public similarly situated, | Case No.  5:19-cv-00833 JLS (DFMx) |
| | | ASSIGNED FOR ALL PURPOSES TO JUDGE JOSEPHINE STATON |
| 17 | Plaintiffs, | **DECLARATION OF JAMES PAYER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER (1) INVALIDATING PURPORTED SETTLEMENTS; (2) PROHIBITING DEFENDANTS FROM EX PARTE COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS RE CLAIMS; (3) ORDERING DEFENDANTS TO SEND A CORRECTIVE NOTICE; AND (4) REQUIRING DEFENDANTS TO IDENTIFY THE CLASS MEMBERS WHO THEY HAVE CONTACTED RE: SETTLEMENT** |
| 18 | v. | |
| 19 | KINDRED HEALTHCARE OPERATING, LLC, a Delaware limited liability company; KND 52, L.L.C, a Delaware limited liability company; KND 55 L.L.C., a Delaware limited liability company; THC-ORANGE COUNTY, L.L.C., a California limited liability company; Bayberry Care Center, L.L.C., a Delaware limited liability company; Foothill Nursing Company Partnership, a California general partnership; and DOES 1 through 10, inclusive, | |
| 26 | Defendants. | Complaint Filed:  May 12, 2017 |
| | | First Amended Complaint Filed: April 5, 2019 |
| | | (San Bernardino Superior Court) |

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

1 | MAGGY M. ATHANASIOUS, Bar No. 252137
mathanasious@littler.com
2 | JYOTI MITTAL, Bar No. 288084
jmittal@littler.com
3 | LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
4 | Los Angeles, CA 90067.3107
Tel No.: 310.553.0308 / Fax No.: 310.553.5583
5
   | Attorneys for Defendants
6 | KINDRED HEALTHCARE
OPERATING, LLC, KND DEVELOPMENT 52,
7 | L.L.C. d/b/a KND 52, L.L.C. (erroneously sued as
KND 52, L.L.C.), KND DEVELOPMENT 55,
8 | L.L.C. d/b/a KND 55, L.L.C. (erroneously sued as
KND 55, L.L.C.), THC-ORANGE COUNTY, LLC,
9 | BAYBERRY CARE CENTER, LLC, and
FOOTHILL NURSING COMPANY
10 | PARTNERSHIP

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DECLARATION OF JAMES PAYER

I, James Payer, hereby declare and state as follows:

1.  I am an attorney with the law firm of Littler Mendelson, a Professional Corporation, attorneys for Kindred Healthcare Operating, LLC (hereinafter "KHO"), KND Development 52, L.L.C. d/b/a KND 52, L.L.C. (erroneously sued as KND 52, L.L.C.) (hereinafter "Baldwin Park"), KND Development 55, L.L.C. d/b/a KND 55, L.L.C. (erroneously sued as KND 55, L.L.C.) (hereinafter "Rancho"), THC-Orange County, LLC Foothill Nursing Company Partnership and Bayberry Care Center, LLC in the above-entitled matter (collectively, "Defendants"). I am duly licensed to practice law in the State of California and before the United States District Court for the Central District of California and am one of the attorneys responsible for representing Defendants in this action. As one of the attorneys of record on this case, I am familiar with the files, pleadings, and facts in this case and could and would competently testify to the following facts based upon my own personal knowledge. Moreover, as an attorney with Littler Mendelson's Los Angeles office, I am familiar with the firm's filing and record-keeping procedures. I have personal knowledge of the following facts, and if called to testify, could and would competently testify thereto. I make this Declaration in support of Defendants' Opposition to Plaintiffs' Motion for an Order (1) Invalidating Purported Settlements, (2) Prohibiting Defendants from Ex Parte Communications with Putative Class Members re Claims, (3) Ordering Defendants to Send A Corrective Notice; and (4) Requiring Defendants to Identify the Class Members Who They Have Contacted Re: Settlement.

2.  The original Plaintiff Kirby sued his employer, Baldwin Park, in San Bernardino Superior Court almost three years ago, on May 12, 2017. Baldwin Park and Kirby litigated for seventeen months exclusively regarding the non-clinical operations at Baldwin Park. While discovery was ongoing, Baldwin Park explored settlement with the individual putative class members. Thirty-eight putative class members agreed to individual settlements, and thirty-nine did not.

3. When it became clear that Kirby could not certify a class, Kirby moved for leave to amend his complaint in state court, seeking to add four new corporate defendants, as well as three new plaintiffs. Kirby's motion was granted.

4. After the Plaintiff Kirby successfully expanded the putative class to encompass additional defendants and employees, Defendants explored settlement with some of its former and current employees. To ensure that employees had a clear contact person for questions about the settlement offer, Defendants retained Hope Jacobson, a third party Human Resources Consultant to answer any questions from the recipients of the settlement agreements and accompanying letters either in person or on the phone. Ms. Jacobson is not a lawyer.

5. Settlement agreements, along with an accompanying cover letter in both English and Spanish, were mailed to some current and former non-exempt, non-clinical employees at their last known addresses to offer putative class members the chance to resolve the matter individually. In some instances, employees were offered the agreements during entirely voluntary one-on-one meetings with Ms. Jacobson.

6. The class lists, including the last known addresses and telephone numbers, were previously produced to Plaintiffs.

7. I prepared a mailing list for Defendants to use in distributing settlement agreements and accompanying explanatory letters to putative class members. The mailing list was reviewed to exclude any parties that were known to be represented by counsel. For example, Plaintiff Kirby was eliminated from the list. However, due to administrative error, Plaintiff Laura Kingston was not excluded from this mailing list.

8. I first learned of the inadvertent mailing to Ms. Kingston late in the business day on January 27, 2020 after Plaintiffs' counsel provided notice via e-mail of their intent to file an *ex parte* application that sought the same relief Plaintiffs now seek on regular notice here.

9. After receiving Plaintiffs' email, I immediately investigated what had occurred. I promptly reviewed the mailing list at issue. I confirmed no other

represented parties were included and gathered all communications that were mailed to Ms. Kingston to be shared with opposing counsel. I further confirmed that no member of Littler had any communications with Ms. Kingston.

10. On January 28, 2020, I sent an e-mail to Plaintiffs' counsel explaining the inadvertent mailing to Ms. Kingston and attaching all communications that were sent to her. A true and correct copy of this e-mail is attached here as **Exhibit A**.

11. On January 31, 2020, I accessed the website http://www.kindredlawsuit.com. A true and correct copy of the print out of this website is attached here as **Exhibit B**.

12. I also declared to the facts surrounding the inadvertent mailing to Ms. Kingston under penalty of perjury in a declaration filed in this Court in opposition to Plaintiffs' ex parte application on January 31, 2020. That declaration was also served on Plaintiffs' counsel.

13. The January 27, 2020 email, which indicates their intention to move for ex parte relief, is the only communication Defendants have received regarding the relief requested in this Motion. Plaintiffs have never attempted to meet and confer regarding this Motion, which does not acknowledge any of the facts or arguments filed with the Court in opposition to the ex parte application on January 31, 2020.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 3, 2020, at Los Angeles, California.

                                               /s/ *James Payer*
                                                   James Payer

4830-6447-3272.1 091140.1002

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308