1    ELIZABETH STAGGS WILSON, Bar No. 183160
     estaggs-wilson@littler.com
2    JAMES PAYER, Bar No. 292158
     jpayer@littler.com
3    LITTLER MENDELSON, P.C.
     633 West 5th Street, 63rd Floor
4    Los Angeles, CA  90071
     Tel No.:  213.443.4300 / Fax No.:  213.443.4299
5

6    MAGGY M. ATHANASIOUS, Bar No. 252137
     mathanasious@littler.com
7    JYOTI MITTAL, Bar No. 288084
     jmittal@littler.com
8    LITTLER MENDELSON, P.C.
     2049 Century Park East, 5th Floor
9    Los Angeles, CA  90067.3107
     Tel No.:  310.553.0308 / Fax No.:  310.553.5583

10    Attorneys for Defendants
     KINDRED HEALTHCARE
11    OPERATING, LLC, KND DEVELOPMENT 52,
     L.L.C. d/b/a KND 52, L.L.C. (erroneously sued as
12    KND 52, L.L.C.), KND DEVELOPMENT 55,
     L.L.C. d/b/a KND 55, L.L.C. (erroneously sued as
13    KND 55, L.L.C.), THC-ORANGE COUNTY, LLC,
     BAYBERRY CARE CENTER, LLC and
14    FOOTHILL NURSING COMPANY
     PARTNERSHIP

15               UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17    MICHAEL KIRBY, LAURA        Case No. 5:19-cv-00833 JLS(DFMx)
     KINGSTON, KEOSHA GATES,
18    MARTHA PARRA, MICHELLE      ASSIGNED FOR ALL PURPOSES
     MARIE DICK, JEFFREY MONTES    TO JOSEPHINE L. STATON
19    individually, and on behalf of other
     members of the general public        **DEFENDANTS' OBJECTIONS TO**
20    similarly situated,                 **PLAINTIFFS' EVIDENCE**
                                   **SUBMITTED IN SUPPORT OF**
21             Plaintiffs,            **PLAINTIFFS' MOTION FOR**
                                   **ORDER (1) INVALIDATING**
22          v.                  **PURPORTED SETTLEMENTS; (2)**
                                   **PROHIBITING DEFENDANTS**
23    KINDRED HEALTHCARE         **FROM EX PARTE**
     OPERATING, LLC, a Delaware      **COMMUNICATIONS WITH**
24    limited liability company; KND 52,    **PUTATIVE CLASS MEMBERS RE**
     L.L.C, a Delaware limited liability    **CLAIMS; (3) ORDERING**
25    company; KND 55 L.L.C., a Delaware   **DEFENDANTS TO SEND A**
     limited liability company; THC-      **CORRECTIVE NOTICE; AND (4)**
26    ORANGE COUNTY, L.L.C., a       **REQUIRING DEFENDANTS TO**
     California limited liability company;   **IDENTIFY THE CLASS MEMBERS**
27    Bayberry Care Center, L.L.C., a     **WHO THEY HAVE CONTACTED**
     Delaware limited liability company;
28

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4837-3735-9801.1 091140.1002

1  Foothill Nursing Company Partnership,        **RE: SETTLEMENT**
   a California general partnership, and
2  DOES 1 through 10, inclusive,

3         Defendants.

4

5

6                                              Complaint Filed:  May 12, 2017
                                               First Amended Complaint
7                                                    Filed: April 5, 2019
                                               (San Bernardino Superior Court)
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

2        Defendants Kindred Healthcare Operating, LLC, KND Development 52, LLC

3    d.b.a. KND 52, LLC, KND 55, LLC, THC-Orange County, LLC, Bayberry Care

4    Center, LLC, and Foothill Nursing Company Partnership (collectively, "Defendants")

5    hereby submit the following evidentiary objections to the evidence submitted in

6    support of Plaintiffs Michael Kirby, Laura Kingston, Keosha Gates, Martha Parra,

7    Michelle Dick, and Jeffrey Montes' ("collectively, Plaintiffs") Plaintiffs' Motion for

8    Order (1) Invalidating Purported Settlements; (2) Prohibiting Defendants From Ex

9    Parte Communications With Putative Class Members re Claims; (3) Ordering

10   Defendants To Send A Corrective Notice; and (4) Requiring Defendants to Identify

11   The Class Members Who They Have Contacted Re: Settlement.

12          <u>**OBJECTIONS TO DECLARATION OF MELISSA GRANT**</u>

13                       **Objection No. 1**

14   **Declaration of Melissa Grant, p. 1, ¶ 2, lines 16-21 & Exhibits A-E:**

15        "On or about the end of April 2018, Plaintiff learned from several class

16   members that Defendants have sent class members (who are current and former

17   employees) a purported "Settlement Agreement and Release" ("Agreement"), and

18   once signed, settlement checks. True and correct copies of these agreements and

19   accompanying communications are attached hereto as Exhibits A, B, C, D, and E."

20        **Grounds for Objection**:

21        <u>Hearsay</u>.  (Fed. R. Evid. 802).  <u>Speculative and lacks foundation and personal</u>

22   <u>knowledge</u>.  (Fed. R. Evid. 602).  *See Mireles v. Paragon Sys., Inc.*, No. 13CV122 L

23   BGS, 2014 WL 4409822, at *3 (S.D. Cal. Sept. 8, 2014) ("Further, evidentiary

24   materials that are speculative, provide a legal conclusion, or are irrelevant will not be

25   considered in deciding the present motion for class certification.")   Plaintiffs'

26   counsel's speculation about the settlement agreements lacks foundation.  <u>Failure to</u>

27   <u>authenticate writings</u>. Fed. R. Evid. 901**.**  Plaintiffs' counsel did not sufficiently lay a

28   foundation or set forth any facts or personal knowledge or admissible, non-hearsay

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4837-3735-9801.1 091140.1002          3.

evidence upon which she can properly authenticate Exhibits A-E.

## Objection No. 2

**Declaration of Melissa Grant, p. 1, ¶ 3, lines 22-26:**

"The misleading and confusing nature of these agreements has been confirmed by the class members themselves, many of whom have told Plaintiff's counsel that they did not understand why they were receiving the checks or what the case and settlement agreements were about, and that they felt pressured to accept them."

**Grounds for Objection**:

Hearsay. (Fed. R. Evid. 802). Plaintiffs improperly rely on individuals' out-of-court statements to prove the truth of the matter asserted, *i.e.*, class members did not "understand why they were receiving the checks or what the case and settlement agreements were about, and that they felt pressured to accept them."

Speculative and lacks foundation and personal knowledge. (Fed. R. Evid. 602). *See Mireles v. Paragon Sys., Inc.*, No. 13CV122 L BGS, 2014 WL 4409822, at *3 (S.D. Cal. Sept. 8, 2014) ("Further, evidentiary materials that are speculative, provide a legal conclusion, or are irrelevant will not be considered in deciding the present motion for class certification."). Plaintiffs' counsel's speculation regarding the mindsets of the putative class members lacks foundation. Conclusory and Improper Opinion, argumentative. (Fed. R. Evid. 701) Plaintiffs' counsel's representations or opinions regarding the "misleading and confusing nature" of the settlement agreements are irrelevant, conclusory, argumentative, and Plaintiffs' counsel did not sufficiently lay a foundation or set forth any facts or personal knowledge upon which her conclusions lie.

## Objection No. 3

**Declaration of Melissa Grant, p. 1, ¶ 3, lines 26-28:**

"Since Defendants' misleading communications began, several putative class members have reached out to Plaintiff's attorneys because they were confused and did not understand why they were receiving these checks."

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

4837-3735-9801.1 091140.1002                                   4.

**Grounds for Objection**:

<u>Hearsay</u>. (Fed. R. Evid. 802). Plaintiffs improperly rely on individuals' out-of-court statements to prove the truth of the matter asserted, *i.e.*, class members "were confused and did not understand why they were receiving these checks."

<u>Speculative and lacks foundation and personal knowledge</u>. (Fed. R. Evid. 602). *See Mireles v. Paragon Sys., Inc.*, No. 13CV122 L BGS, 2014 WL 4409822, at *3 (S.D. Cal. Sept. 8, 2014) ("Further, evidentiary materials that are speculative, provide a legal conclusion, or are irrelevant will not be considered in deciding the present motion for class certification."). Plaintiffs' counsel's speculation as to the putative class members mindsets lacks foundation. <u>Conclusory and Improper Opinion, Argumentative</u>. (Fed. R. Evid. 701) Plaintiffs' counsel's representations or opinions regarding "misleading communications" and the mindset of the putative class members are irrelevant, conclusory, argumentative, and Plaintiffs' counsel did not sufficiently lay a foundation or set forth any facts or personal knowledge upon which her conclusions lie.

## Objection No. 4

**Declaration of Melissa Grant, p. 2, ¶ 3, lines 1-7:**

"Specifically, several class members have informed Plaintiff's counsel that (1) they felt pressured to accept the settlement because it came from their employer; (2) they did not understand the claims being asserted in this case or what claims they would be giving up if they accepted Defendants' settlement offer; and (3) they did not feel they had enough information to make an informed decision regarding the value of the settlement, including that they could (and should) contact Plaintiff's counsel."

**Grounds for Objection**:

<u>Hearsay</u>. (Fed. R. Evid. 802). Plaintiffs improperly rely on individuals' out-of-court statements to prove the truth of the matter asserted, *i.e.*, (1) the putative class members "felt pressured to accept the settlement because it came from their employer; (2) they did not understand the claims being asserted in this case or what claims they

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067-3107
310.553.0308

4837-3735-9801.1 091140.1002

5.

would be giving up if they accepted Defendants' settlement offer; and (3) they did not feel they had enough information to make an informed decision regarding the value of the settlement, including that they could (and should) contact Plaintiff's counsel."

Conclusory and Improper Opinion, Argumentative.   (Fed. R. Evid. 701) Plaintiffs' counsel's representation and opinion that putative class members "should" contact Plaintiffs' counsel is argumentative and should be excluded.

## OBJECTIONS TO DECLARATION OF FRANCISCO GOMEZ[1]

### Objection No. 1

Mr. Gomez improperly provided only an electronic signature for his declaration, which was made under the penalty of perjury, without satisfying the requirements of the Local Rules for the Central District of California rule 5-4.3.4(a)(3).

### Objection No. 2

**Declaration of Francisco Gomez, pp. 1 at ¶ 6:**

"I felt pressured to sign the settlement papers because they came from my employer, Kindred, and Kindred specifically instructed me to sign them and did so several times."

**Grounds for Objection**:

Hearsay.   (Fed. R. Evid. 802).   Kindred's alleged instructions are an out-of-court statement used to prove the truth of the matter asserted.

Mr. Gomez's several assertions regarding his understanding of who prepared the settlement offer and the scope of the settlement, for example in ¶¶ 6 and 9, are contradictory and should not be considered.

Speculative and lacks foundation and personal knowledge.  (Fed. R. Evid. 602). *See Mireles v. Paragon Sys., Inc.*, No. 13CV122 L BGS, 2014 WL 4409822, at *3 (S.D. Cal. Sept. 8, 2014) ("Further, evidentiary materials that are speculative, provide

---

[1] Exhibit G to the Declaration of Melissa Grant.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

4837-3735-9801.1 091140.1002                          6.

a legal conclusion, or are irrelevant will not be considered in deciding the present motion for class certification.")  The witness's speculation about who prepared the settlement offer lacks foundation.

## Objection No. 3

**Declaration of Francisco Gomez, pp. 2 at ¶ 9:**

"I did not understand that the information in the settlement offer was prepared by Kindred and was not neutral. I did not understand that Kindred wrote the settlement offer in order to get me to settle my claims."

**Grounds for Objection**:

Mr. Gomez's several assertions regarding his understanding of who prepared the settlement offer and the scope of the settlement, for example in ¶¶ 6 and 9, are contradictory and should not be considered.

Conclusory and Improper Opinion, Argumentative.  (Fed. R. Evid. 701)  Mr. Gomez's subjective assessment that the agreement "was not neutral" is not admissible evidence.

## OBJECTIONS TO DECLARATION OF BARBARA LOPEZ[2]

### Objection No. 1

Ms. Lopez improperly provided only an electronic signature for her declaration, which was made under the penalty of perjury, without satisfying the requirements of the Local Rules for the Central District of California rule 5-4.3.4(a)(3).

### Objection No. 2

**Declaration of Barbara Lopez, pp. 1 at ¶ 7:**

"I felt pressured to sign the settlement papers because they came from my former employer, Kindred, and Kindred specifically instructed me to sign them and did so several times."

---

[2] Exhibit H to the Declaration of Melissa Grant.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4837-3735-9801.1 091140.1002                7.

**Grounds for Objection**:

Hearsay.   (Fed. R. Evid. 802).   Kindred's alleged instructions are an out-of-court statement used to prove the truth of the matter asserted.

Ms. Lopez's several assertions regarding her understanding of who prepared the settlement offer and the scope of the settlement, for example in ¶¶ 7, 9, and 10, are contradictory and should not be considered.

Speculative and lacks foundation and personal knowledge.  (Fed. R. Evid. 602). *See Mireles v. Paragon Sys., Inc.*, No. 13CV122 L BGS, 2014 WL 4409822, at *3 (S.D. Cal. Sept. 8, 2014) ("Further, evidentiary materials that are speculative, provide a legal conclusion, or are irrelevant will not be considered in deciding the present motion for class certification.")   The witness's speculation about who prepared the settlement offer lacks foundation.

## Objection No. 3

**Declaration of Barbara Lopez, pp. 2 at ¶¶  9-10:**

"9.    I did not feel I had enough information to make an informed decision regarding the value of the settlement, nor did I understand what claims Kindred was trying to get me to settle.

10.    I did not understand that the information in the settlement offer was prepared by Kindred and was not neutral."

**Grounds for Objection**:

Ms. Lopez's several assertions regarding her understanding of who prepared the settlement offer and the scope of the settlement, for example in ¶¶ 7, 9, and 10, are contradictory and should not be considered.

Conclusory and Improper Opinion, Argumentative.  (Fed. R. Evid. 701).  Ms. Lopez's subjective assessment that the agreement "was not neutral" is not admissible evidence.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4837-3735-9801.1 091140.1002                                        8.

## OBJECTIONS TO DECLARATION OF CELENA RAMIREZ[3]

### Objection No. 1

Ms. Ramirez improperly provided only an electronic signature for her declaration, which was made under the penalty of perjury, without satisfying the requirements of the Local Rules for the Central District of California rule 5-4.3.4(a)(3).

### Objection No. 2

**Declaration of Celena Ramirez, pp. 1 at ¶ 7:**

"I felt pressured to sign the settlement papers because they came from my former employer, Kindred, and Kindred specifically instructed me to sign them and did so several times."

**Grounds for Objection**:

Hearsay.   (Fed. R. Evid. 802).   Kindred's alleged instructions are an out-of-court statement used to prove the truth of the matter asserted.

Ms. Ramirez's several assertions regarding her understanding of who prepared the settlement offer and the scope of the settlement, for example in ¶¶ 7 and 10, are contradictory and should not be considered.

Speculative and lacks foundation and personal knowledge.  (Fed. R. Evid. 602). *See Mireles v. Paragon Sys., Inc.*, No. 13CV122 L BGS, 2014 WL 4409822, at *3 (S.D. Cal. Sept. 8, 2014) ("Further, evidentiary materials that are speculative, provide a legal conclusion, or are irrelevant will not be considered in deciding the present motion for class certification.")   The witness's speculation about who prepared the settlement offer lacks foundation.

### Objection No. 3

**Declaration of Celena Ramirez, pp. 2 at ¶ 10:**

"I did not understand that the information in the settlement offer was prepared

---

[3] Exhibit I to the Declaration of Melissa Grant.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4837-3735-9801.1 091140.1002                    9.

by Kindred and was not neutral. I did not understand that Kindred wrote the settlement offer in order to get me to settle my claims."

**Grounds for Objection**:

Ms. Ramirez's several assertions regarding her understanding of who prepared the settlement offer and the scope of the settlement, for example in ¶¶ 7 and 10, are contradictory and should not be considered.

Conclusory and Improper Opinion, Argumentative.  (Fed. R. Evid. 701).  Ms. Ramirez's subjective assessment that the agreement "was not neutral" is not admissible evidence.

## OBJECTIONS TO DECLARATION OF JAIDY SANCHEZ[4]

### Objection No. 1

**Declaration of Jaidy Sanchez, pp. 1 at ¶ 6:**

"I felt pressured to sign the settlement papers because they came from my employer, Kindred, and Kindred specifically instructed me to sign them and did so several times."

**Grounds for Objection**:

Hearsay.  (Fed. R. Evid. 802).  Kindred's alleged instructions are an out-of-court statement used to prove the truth of the matter asserted.

Ms. Sanchez's several assertions regarding her understanding of who prepared the settlement offer and the scope of the settlement, for example in ¶¶ 6 and 9, are contradictory and should not be considered.

Speculative and lacks foundation and personal knowledge.  (Fed. R. Evid. 602). *See Mireles v. Paragon Sys., Inc.*, No. 13CV122 L BGS, 2014 WL 4409822, at *3 (S.D. Cal. Sept. 8, 2014) ("Further, evidentiary materials that are speculative, provide a legal conclusion, or are irrelevant will not be considered in deciding the present motion for class certification.")  The witness's speculation about who prepared the

---

[4] Exhibit J to the Declaration of Melissa Grant.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4837-3735-9801.1 091140.1002                    10.

1   settlement offer lacks foundation.

2                              **Objection No. 2**

3       **Declaration of Jaidy Sanchez, pp. 2 at ¶ 9:**

4       "I did not understand that the information in the settlement offer was prepared

5   by Kindred and was not neutral. I did not understand that Kindred wrote the

6   settlement offer in order to get me to settle my claims."

7       **Grounds for Objection**:

8       Ms. Sanchez's several assertions regarding her understanding of who prepared

9   the settlement offer and the scope of the settlement, for example in ¶¶ 6 and 9, are

10  contradictory and should not be considered.

11      <u>Conclusory and Improper Opinion, Argumentative</u>.  (Fed. R. Evid. 701).  Ms.

12  Sanchez's subjective assessment that the agreement "was not neutral" is not

13  admissible evidence.

14

15   Dated:  April 3, 2020                 Respectfully Submitted,

16

17                                         */s/ Elizabeth Staggs Wilson*
                                           ELIZABETH STAGGS WILSON,
18                                         MAGGY ATHANASIOUS
                                           JYOTI MITTAL
19                                         JAMES PAYER
                                           LITTLER MENDELSON, P.C.
20                                         Attorneys for Defendants

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

4837-3735-9801.1 091140.1002                    11.