Melissa Grant (SBN 205633)
Melissa.Grant@capstonelawyers.com
Robert Drexler (SBN 119119)
Robert.Drexler@capstonelawyers.com
Molly DeSario (SBN 230763)
Molly.DeSario@capstonelawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for Plaintiffs Michael Kirby, Laura Kingston, Keosha Gates, Martha Parra, Michelle Marie Dick, and Jeffrey Montes

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

MICHAEL KIRBY, LAURA KINGSTON, KEOSHA GATES, MARTHA PARRA, MICHELLE MARIE DICK, JEFFREY MONTES, individually, and on behalf of other members of the general public similarly situated,

Plaintiffs,

vs.

KINDRED HEALTHCARE OPERATING, LLC, a Delaware limited liability company; KND 52, L.L.C., a Delaware limited liability company; KND 55, L.L.C., a Delaware limited liability company; THC - ORANGE COUNTY, LLC, a California limited liability company; Bayberry Care Center, L.L.C., a Delaware limited liability company; Foothill Nursing Company Partnership, a California general partnership; and DOES 1 through 10, inclusive,

Defendants.

Case No.:5:19-cv-00833-JLS-DFM

Hon. Josephine L. Staton

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER (1) INVALIDATING PURPORTED SETTLEMENTS; (2) PROHIBITING DEFENDANTS FROM EX PARTE COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS RE CLAIMS; (3) ORDERING DEFENDANTS TO SEND A CORRECTIVE NOTICE; AND (4) REQUIRING DEFENDANTS TO IDENTIFY THE CLASS MEMBERS WHO THEY HAVE CONTACTED**

Plaintiffs Michael Kirby, Laura Kingston, Keosha Gates, Martha Parra, Michelle Marie Dick, and Jeffrey Montes("Plaintiffs") hereby respond to Defendants' Objections to Plaintiff's Evidence in Support of theirMotion for Order (1) Invalidating Purported Settlements; (2) Prohibiting Defendants from Ex Parte Communications with Putative Class Members Re Claims; (3) Ordering Defendants to Send a Corrective Notice; and (4) Requiring Defendants to Identify the Class Members who they have Contacted, as follows:

**OBJECTIONS TO DECLARATION OF MELISSA GRANT**

**Objection No. 1 Declaration of Melissa Grant, p. 1, ¶ 2, lines 16-21 & Exhibits A-E:**

"On or about the end of April 2018, Plaintiff learned from several classmembers that Defendants have sent class members (who are current and formeremployees) a purported "Settlement Agreement and Release" ("Agreement"), andonce signed, settlement checks. True and correct copies of these agreements andaccompanying communications are attached hereto as Exhibits A, B, C, D, and E."

**Defendant's Grounds for Objection:**

Hearsay. (Fed. R. Evid. 802). Speculative and lacks foundation and personal knowledge. (Fed. R. Evid. 602). *See Mireles v. Paragon Sys., Inc*., No. 13CV122 LBGS, 2014 WL 4409822, at *3 (S.D. Cal. Sept. 8, 2014) ("Further, evidentiarymaterials that are speculative, provide a legal conclusion, or are irrelevant will not beconsidered in deciding the present motion for class certification.") Plaintiffs'counsel's speculation about the settlement agreements lacks foundation.Failure to authenticate writings. Fed. R. Evid. 901. Plaintiffs' counsel did not sufficiently lay afoundation or set forth any facts or personal knowledge or admissible, non-hearsay evidence upon which she can properly authenticate Exhibits A-E.

**Plaintiff's Response:**

Hearsay. Paragraph 2 states facts (what counsel learned), not hearsay. The agreements and accompanying communications are also not hearsay because they are not being offered for the truth of the matter asserted.

Speculative and lacks foundation and personal knowledge. Defendants' own counsel's declaration establishes Defendants sent class members (who are current and formeremployees) the "Settlement Agreement and Release." (*See* Payer Decl. Ex A.) Therefore, Defendants cannot truthfully challenge foundation. Also, the Declarant has personal knowledge of the information and documents received by Capstone Law which are described in this statement and attached as Exhibits A-E. to her declaration. The witness perceived the putative class members' transmission of purported settlement agreements and checks.

Failure to authenticate writings. Defendant does not dispute that it sent settlement agreements and checks to putative class members. Ms. Grant authenticates Exhibits A-E as documents received by Capstone Law. Further, Exhibits A-E are authenticated per Fed. R. Evid. 901(b)(4) based on their distinctive characteristics and the like. For example, the Exhibits reference the peculiar names of various corporate entities that are distinctly named such as KND 52 and KND 55. A cover letter bears the Kindred logo. The appearance, contents, substance and internal patters of the documents are identical to the documents that Defendant attaches as Exhibit A to Declaration of James Payer.

**Court's Ruling on Objection:** Sustained: ________________

Overruled: ________________

**Objection No. 2 Declaration of Melissa Grant, p. 1, ¶ 3, lines 22-26:**

"The misleading and confusing nature of these agreements has been confirmedby the class members themselves, many of whom have told Plaintiff's counsel thatthey did not understand why they were receiving the checks or what

the case andsettlement agreements were about, and that they felt pressured to accept them."

**Defendant's Grounds for Objection:**

Hearsay. (Fed. R. Evid. 802). Plaintiffs improperly rely on individuals' out-of-court statements to prove the truth of the matter asserted, i.e., class members did not"understand why they were receiving the checks or what the case and settlementagreements were about, and that they felt pressured to accept them."

Speculative and lacks foundation and personal knowledge. (Fed. R. Evid. 602).*See Mireles v. Paragon Sys., Inc.*, No. 13CV122 L BGS, 2014 WL 4409822, at *3(S.D. Cal. Sept. 8, 2014) ("Further, evidentiary materials that are speculative, providea legal conclusion, or are irrelevant will not be considered in deciding the presentmotion for class certification."). Plaintiffs' counsel's speculation regarding themindsets of the putative class members lacks foundation. Conclusory and Improper Opinion, argumentative. (Fed. R. Evid. 701) Plaintiffs' counsel's representations oropinions regarding the "misleading and confusing nature" of the settlementagreements are irrelevant, conclusory, argumentative, and Plaintiffs' counsel did notsufficiently lay a foundation or set forth any facts or personal knowledge upon whichher conclusions lie.

**Plaintiff's Response:**

Hearsay. The statement relayed from class members fall with the hearsay exception of Fed. R. Evid. 803 (1) and (3) as they relay present sense impressions and then-existing mental condition.

Speculative and lacks foundation and personal knowledge. There is no speculation about the mindset of the putative class members as they were told to Plaintiff's counsel.

Conclusory and Improper Opinion, argumentative.

This statement is admissible under Fed. R. Evid. 701(a) in the form of an opinion because it is a witness is not testifying as an expert and the testimony in

the formof an opinion as it is rationally based on the witness's perception of the agreements.

**Court's Ruling on Objection:** Sustained: ________________

Overruled: ________________

**Objection No. 3 Declaration of Melissa Grant, p. 1, ¶ 3, lines 26-28:**

"Since Defendants' misleading communications began, several putative classmembers have reached out to Plaintiff's attorneys because they were confused and didnot understand why they were receiving these checks."

**Defendant's Grounds for Objection:**

Hearsay. (Fed. R. Evid. 802). Plaintiffs improperly rely on individuals' out-of-court statements to prove the truth of the matter asserted, i.e., class members "were confused and did not understand why they were receiving these checks."

Speculative and lacks foundation and personal knowledge. (Fed. R. Evid. 602).See Mireles v. Paragon Sys., Inc., No. 13CV122 L BGS, 2014 WL 4409822, at *3(S.D. Cal. Sept. 8, 2014) ("Further, evidentiary materials that are speculative, providea legal conclusion, or are irrelevant will not be considered in deciding the presentmotion for class certification."). Plaintiffs' counsel's speculation as to the putativeclass members mindsets lacks foundation.

Conclusory and Improper Opinion, Argumentative. (Fed. R. Evid. 701) Plaintiffs' counsel's representations or opinionsregarding "misleading communications" and the mindset of the putative classmembers are irrelevant, conclusory, argumentative, and Plaintiffs' counsel did notsufficiently lay a foundation or set forth any facts or personal knowledge upon whichher conclusions lie.

**Plaintiff's Response:**

Hearsay. The statement relayed from class members fall with the hearsay exception of Fed. R. Evid. 803 (1) and (3) as they relay present sense impressions

and then-existing mental condition.

Speculative and lacks foundation and personal knowledge.

Plaintiff's counsel's statement is based on statements made to counsel by the putative class members.

Conclusory and Improper Opinion, Argumentative

The mindset of putative class members is relevant as it provides evidence as to whether the communications sent to them by Defendants are written in a manner way that is confusing to them.The opinions of the putative class members as relayed by counsel are proper pay opinions under Fed. R. Evid.701 as they are based on the witness's perception.

**Court's Ruling on Objection:** Sustained: _________________

Overruled: _________________

**Objection No. 4 Declaration of Melissa Grant, p. 2, ¶ 3, lines 1-7:**

"Specifically, several class members have informed Plaintiff's counsel that (1)they felt pressured to accept the settlement because it came from their employer; (2)they did not understand the claims being asserted in this case or what claims theywould be giving up if they accepted Defendants' settlement offer; and (3) they did notfeel they had enough information to make an informed decision regarding the value ofthe settlement, including that they could (and should) contact Plaintiff's counsel."

**Defendant's Grounds for Objection:**

Hearsay. (Fed. R. Evid. 802). Plaintiffs improperly rely on individuals' out-of-courtstatements to prove the truth of the matter asserted, i.e., (1) the putative classmembers "felt pressured to accept the settlement because it came from their employer;(2) they did not understand the claims being asserted in this case or what claims they would be giving up if they accepted Defendants' settlement offer; and

(3) they did notfeel they had enough information to make an informed decision regarding the value ofthe settlement, including that they could (and should) contact Plaintiff's counsel."

Conclusory and ImproperOpinion, Argumentative. (Fed. R. Evid. 701) Plaintiffs' counsel's representation and opinion that putative class members "should" contact Plaintiffs' counsel is argumentative and should be excluded.

**Plaintiff's Response:**

Hearsay. The statement relayed from class members fall with the hearsay exception of Fed. R. Evid. 803 (1) and (3) as they relay present sense impressions and then-existing mental condition.

Conclusory and Improper Opinion, Argumentative

The word "should" isnot argumentative but reflective of the fact that the class members stated that felt the need to contact Plaintiff's counsel as corroborated by the fact that they did contact Plaintiff's counsel.

**Court's Ruling on Objection:** Sustained: _________________

Overruled: _________________

**OBJECTIONS TO DECLARATION OF FRANCISCO GOMEZ**

**Objection No. 1 to Declaration of Francisco Gomez:**

Mr. Gomez improperly provided only an electronic signature for his declaration, which was made under the penalty of perjury, without satisfying the requirements of the Local Rules for the Central District of California rule 5-4.3.4(a)(3).

**Plaintiff's Response:**

In this action this Court has accepted and considered declarations executed via Docusign. See, Dkt. 38-2.

An electronic signature has the same legal effect as a handwritten signature. Cal. Civ. Code § 1633.7(a). Defendant offers no evidence or reasons to dispute

the validity of this signature. See *Ruiz v. Moss Bros. Auto Group, Inc*., 232 Cal. App. 4th 836 (2014) (recognizing that electronic signatures can be valid, but invalidating a signature where the signatory had no recollection of signing and other evidence showed that another party had placed the signature on his behalf).

Moreover, as a matter of federal law, electronic signatures are valid: See 15 USCA section 7001 (General Rule of Validity): Notwithstanding any statute, regulation, or other rule of law (other than this subchapter and subchapter II), with respect to any transaction in or affecting interstate or foreign commerce--(1) a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form; and(2) a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation.

**Court's Ruling on Objection:** Sustained: ________________

Overruled: ________________

**Objection No. 2 to Declaration of Francisco Gomez, at ¶ 6:**

"I felt pressured to sign the settlement papers because they came from my employer, Kindred, and Kindred specifically instructed me to sign them and did so several times."

**Grounds for Objection:**

Mr. Gomez's several assertions regarding his understanding of who prepared the settlement offer and the scope of the settlement, for example in ¶¶ 6 and 9, are contradictory and should not be considered.

<u>Conclusory and Improper Opinion, Argumentative</u>. (Fed. R. Evid. 701) Mr. Gomez's subjective assessment that the agreement "was not neutral" is not admissible evidence.

**Plaintiff's Response:**

Defendant fails to identify what about statements it alleges are contradictory. Merely concluding that it is contradictory and mutually exclusive is not grounds for striking testimony.There is no contradiction between Paragraphs 6 and 9. In Paragraph 6 the witness testifies that he understood that the settlement papers "came from"(i.e. were delivered by Kindred) but Paragraph 9 concerns who prepared and drafted the language and terms in the settlement offer, and whether they were prepared by a neutral.These are two distinct concepts and the testimony is not contradictory.

Conclusory and Improper Opinion, Argumentative. The opinions of the putative class members as to their opinion of whether the relayed by counsel are proper pay opinions under Fed. R. Evid.701 as they are based on the witness's perception.

**Court's Ruling on Objection:** Sustained: ________________

Overruled: ________________

**OBJECTIONS TO DECLARATION OF BARBARA LOPEZ**

**Objection No. 1**

Ms. Lopez improperly provided only an electronic signature for her declaration,which was made under the penalty of perjury, without satisfying the requirements ofthe Local Rules for the Central District of California rule 5-4.3.4(a)(3).

**Plaintiff's Response:**

In this action this Court has accepted and considered declarations executed via Docusign. See, Dkt. 38-2.

An electronic signature has the same legal effect as a handwritten signature. Cal. Civ. Code § 1633.7(a). Defendant offers no evidence or reasons to dispute the validity of this signature. See *Ruiz v. Moss Bros. Auto Group, Inc.*, 232 Cal.

App. 4th 836 (2014) (recognizing that electronic signatures can be valid, but invalidating a signature where the signatory had no recollection of signing and other evidence showed that another party had placed the signature on his behalf).

Moreover, as a matter of federal law, electronic signatures are valid: See 15 USCA section 7001 (General Rule of Validity): Notwithstanding any statute, regulation, or other rule of law (other than this subchapter and subchapter II), with respect to any transaction in or affecting interstate or foreign commerce--(1) a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form; and(2) a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation.

**Court's Ruling on Objection:** Sustained: _________________

Overruled: _________________

**Objection No. 2 Declaration of Barbara Lopez, pp. 1 at ¶ 7:**

"I felt pressured to sign the settlement papers because they came from my former employer, Kindred, and Kindred specifically instructed me to sign them anddid so several times."

**Grounds for Objection**:

Hearsay. (Fed. R. Evid. 802). Kindred's alleged instructions are an out-of-court statement used to prove the truth of the matter asserted.Ms. Lopez's several assertions regarding her understanding of who prepared thesettlement offer and the scope of the settlement, for example in ¶¶ 7, 9, and 10, arecontradictory and should not be considered.

Speculative and lacks foundation and personal knowledge. (Fed. R. Evid. 602).*See Mireles v. Paragon Sys., Inc.*, No. 13CV122 L BGS, 2014 WL 4409822, at *3(S.D. Cal. Sept. 8, 2014) ("Further, evidentiary materials that are speculative,

providea legal conclusion, or are irrelevant will not be considered in deciding the presentmotion for class certification.") The witness's speculation about who prepared thesettlement offer lacks foundation.

**Plaintiff's Response:**

Hearsay: Kindred's instructions are self-evident in the agreement and correspondence themselves and are presented to this Court by Defendant's counsel in the Declaration of James Payer in Opposition to Plaintiffs' Motion ¶5 Ex. A.

Defendant fails to identify what about the statements is contradictory. Merely concluding that it is contradictory and mutually exclusive is not grounds for striking testimony. There is no contradiction between Paragraphs 7 and 10. In Paragraph 7 the witness testifies that he understood that the settlement papers "came from" (i.e. were delivered by Kindred) but Paragraph 10 concerns who prepared and drafted the language and terms in the settlement offer and whether they were prepared by a neutral. These are two distinct concepts and the testimony is not contradictory. The statement in paragraph 9is consistent with paragraph 7 in that the witness knew Kindred presented/delivered the settlements to her and accordingly trying to get her to settle.

Speculative and lacks foundation and personal knowledge:

This statement is corroborated by the fact that Kindred prepared the documents is not in dispute as evidenced by the fact the Defendant has represented this is so including in the Declaration of James Payer in Opposition to Plaintiffs' Motion ¶5 Ex. A.

**Court's Ruling on Objection:** Sustained: ________________

Overruled: ________________

**Objection No. 3 Declaration of Barbara Lopez, pp. 2 at ¶¶ 9-10:**

"I did not feel I had enough information to make an informed decision regarding the value of the settlement, nor did I understand what claims Kindred

wastrying to get me to settle.I did not understand that the information in the settlement offer wasprepared by Kindred and was not neutral."

**Grounds for Objection**:

Ms. Lopez's several assertions regarding her understanding of who prepared thesettlement offer and the scope of the settlement, for example in ¶¶ 7, 9, and 10, arecontradictory and should not be considered.

Conclusory and Improper Opinion, Argumentative. (Fed. R. Evid. 701). Ms. Lopez's subjective assessment that the agreement "was not neutral" is not admissible evidence.

**Plaintiff's Response:**

Defendant fails to identify what about the statements is contradictory. Merely concluding that it is contradictory and mutually exclusive is not grounds for striking testimony. There is no contradiction between Paragraphs 7 and 10. In Paragraph 7 the witness testifies that he understood that the settlement papers "came from" (i.e. were delivered by Kindred) but Paragraph 10 concerns who prepared and drafted the language and terms in the settlement offer and whether they were prepared by a neutral. These are two distinct concepts and the testimony is not contradictory. The statement in paragraph 9 is consistent with paragraph 7 in that the witness knew Kindred presented/delivered the settlements to her and accordingly trying to get her to settle.

Conclusory and Improper Opinion, Argumentative

This statement is an admissible opinion under Fed. R. Evid. 701(a) as it is based on the witness's perception. Further, this statement is corroborated by the fact that Kindred prepared the documents is not in dispute as evidenced by the fact the Defendant has represented this is so including in the Declaration of James Payer in Opposition to Plaintiffs' Motion ¶5 Ex. A.

**Court's Ruling on Objection:** Sustained: _________________

Overruled: _________________

**OBJECTIONS TO DECLARATION OF CELENA RAMIREZ**

**Objection No. 1**

Ms. Ramirez improperly provided only an electronic signature for her declaration, which was made under the penalty of perjury, without satisfying the requirements of the Local Rules for the Central District of California rule 5-4.3.4(a)(3).

**Objection No. 2 Declaration of Celena Ramirez, pp. 1 at ¶ 7:**

"I felt pressured to sign the settlement papers because they came from my former employer, Kindred, and Kindred specifically instructed me to sign them anddid so several times."

**Grounds for Objection**:

Hearsay. (Fed. R. Evid. 802). Kindred's alleged instructions are an out-of-court statement used to prove the truth of the matter asserted.Ms. Ramirez's several assertions regarding her understanding of who preparedthe settlement offer and the scope of the settlement, for example in ¶¶ 7 and 10, are contradictory and should not be considered.

Speculative and lacks foundation and personal knowledge. (Fed. R. Evid.. 602).*See Mireles v. Paragon Sys., Inc.*, No. 13CV122 L BGS, 2014 WL 4409822, at *3(S.D. Cal. Sept. 8, 2014) ("Further, evidentiary materials that are speculative, providea legal conclusion, or are irrelevant will not be considered in deciding the presentmotion for class certification.") The witness's speculation about who prepared thesettlement offer lacks foundation.

**Plaintiff's Response:**

In this action this Court has accepted and considered declarations executed via Docusign. See, Dkt. 38-2.

An electronic signature has the same legal effect as a handwritten signature. Cal. Civ. Code § 1633.7(a). Defendant offers no evidence or reasons to dispute the validity of this signature. See Ruiz v. Moss Bros. Auto Group, Inc., 232 Cal.

App. 4th 836 (2014) (recognizing that electronic signatures can be valid, but invalidating a signature where the signatory had no recollection of signing and other evidence showed that another party had placed the signature on his behalf).

Moreover, as a matter of federal law, electronic signatures are valid: See 15 USCA section 7001 (General Rule of Validity): Notwithstanding any statute, regulation, or other rule of law (other than this subchapter and subchapter II), with respect to any transaction in or affecting interstate or foreign commerce--(1) a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form; and(2) a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation.

Hearsay: The statement relayed from class members fall with the hearsay exception of Fed. R. Evid. 803 (1) and (3) as they relay present sense impressions and then-existing mental condition.

Defendant fails to identify what about this statement is contradictory. Merely concluding that it is contradictory and mutually exclusive is not grounds for striking testimony. The witness makes no statement as to who prepared the settlement offer; he only testifies to his personal knowledge that he received the documents from his employer. There is no contradiction between Paragraphs 6 and 9. In Paragraph 6 the witness testifies that he understood that the settlement papers "came from" (i.e. were delivered by Kindred) but Paragraph 9 concerns who prepared and drafted the language and terms in the settlement offer. And whether they were prepared by a neutral. These are two distinct concepts and the testimony is not contradictory.

Speculative and lacks foundation and personal knowledge

This statement is not in dispute and is corroborated by the fact that Kindred prepared the documents is not in dispute as evidenced by the fact the Defendant

has represented this is so including in the Declaration of James Payer in Opposition to Plaintiffs' Motion ¶5 Ex. A.

**Court's Ruling on Objection:** Sustained: ________________

Overruled: ________________

**Objection No. 3Declaration of Celena Ramirez, pp. 2 at ¶ 10:**

"I did not understand that the information in the settlement offer was preparedby Kindred and was not neutral. I did not understand that Kindred wrote thesettlement offer in order to get me to settle my claims."

**Grounds for Objection**:

Ms. Ramirez's several assertions regarding her understanding of who preparedthe settlement offer and the scope of the settlement, for example in ¶¶ 7 and 10, arecontradictory and should not be considered.

Conclusoryand Improper Opinion, Argumentative. (Fed. R. Evid. 701). Ms.Ramirez's subjective assessment that the agreement "was not neutral" is not admissible evidence.

**Plaintiff's Response:**

Defendant fails to identify what about this statement is contradictory. Merely concluding that it is contradictory and mutually exclusive is not grounds for striking testimony. The witness makes no statement as to who prepared the settlement offer; he only testifies to his personal knowledge that he received the documents from his employer. There is no contradiction between Paragraphs 7 and 10. In Paragraph 7 the witness testifies that he understood that the settlement papers "came from" (i.e. were delivered by Kindred) but Paragraph 10 concerns who prepared and drafted the language and terms in the settlement offer. And whether they were prepared by a neutral. These are two distinct concepts and the testimony is not contradictory.

Conclusory and Improper Opinion, Argumentative

This statement that the agreement was prepared by Kindred and are not neutral is not in dispute and is corroborated and evidenced by the fact the Defendant has represented this is so including in the Declaration of James Payer in Opposition to Plaintiffs' Motion ¶5 Ex. A.

**Court's Ruling on Objection:** Sustained: ________________

Overruled: ________________

**OBJECTIONS TO DECLARATION OF JAIDY SANCHEZ**

**Objection No. 1 Declaration of Jaidy Sanchez, pp. 1 at ¶ 6:**

"I felt pressured to sign the settlement papers because they came from my employer, Kindred, and Kindred specifically instructed me to sign them and did so several times."

**Grounds for Objection**:

Hearsay. (Fed. R. Evid. 802). Kindred's alleged instructions are an out-of-court statement used to prove the truth of the matter asserted.

Ms. Sanchez's several assertions regarding her understanding of who preparedthe settlement offer and the scope of the settlement, for example in ¶¶ 6 and 9, arecontradictory and should not be considered.

Speculative and lacks foundation and personal knowledge. (Fed. R. Evid. 602).*See Mireles v. Paragon Sys., Inc.*, No. 13CV122 L BGS, 2014 WL 4409822, at *3(S.D. Cal. Sept. 8, 2014) ("Further, evidentiary materials that are speculative, providea legal conclusion, or are irrelevant will not be considered in deciding the presentmotion for class certification.") The witness's speculation about who prepared the settlement offer lacks foundation.

**Plaintiff's Response:**

Hearsay: Kindred's instructions as to sign are self-evident from the settlement papers themselves and is corroborated and evidenced by the settlement papers attached to the Declaration of James Payer in Opposition to Plaintiffs'

Motion ¶5 Ex. A.

Defendant fails to identify what about this statement is contradictory. Merely concluding that it is contradictory and mutually exclusive is not grounds for striking testimony. The witness makes no statement as to who prepared the settlement offer; he only testifies to his personal knowledge that he received the documents from his employer. There is no contradiction between Paragraphs 6 and 9. In Paragraph 6 the witness testifies that he understood that the settlement papers "came from" (i.e. were delivered by Kindred) but Paragraph 9 concerns who prepared and drafted the language and terms in the settlement offer. And whether they were prepared by a neutral. These are two distinct concepts and the testimony is not contradictory.

<u>Speculative and lacks foundation and personal knowledge</u>

This statement that the settlement offers were prepared by Kindred is not in dispute and is corroborated and evidenced by the fact the Defendant has represented this is so including in the Declaration of James Payer in Opposition to Plaintiffs' Motion ¶5 Ex. A.

**Court's Ruling on Objection:** Sustained: _______________

Overruled: _______________

**Objection No. 2 Declaration of Jaidy Sanchez, pp. 2 at ¶ 9:**

"I did not understand that the information in the settlement offer was preparedby Kindred and was not neutral. I did not understand that Kindred wrote thesettlement offer in order to get me to settle my claims."

**Grounds for Objection**:

Ms. Sanchez's several assertions regarding her understanding of who preparedthe settlement offer and the scope of the settlement, for example in ¶¶ 6 and 9, arecontradictory and should not be considered.

Conclusory and Improper Opinion, Argumentative. (Fed. R. Evid. 701). Ms.Sanchez's subjective assessment that the agreement "was not neutral" is notadmissible evidence.

**Plaintiff's Response:**

Defendant fails to identify what about this statement is contradictory. Merely concluding that it is contradictory and mutually exclusive is not grounds for striking testimony. The witness makes no statement as to who prepared the settlement offer; he only testifies to his personal knowledge that he received the documents from his employer. There is no contradiction between Paragraphs 6 and 9. In Paragraph 6 the witness testifies that he understood that the settlement papers "came from" (i.e. were delivered by Kindred) but Paragraph 9 concerns who prepared and drafted the language and terms in the settlement offer. And whether they were prepared by a neutral. These are two distinct concepts and the testimony is not contradictory.

Conclusory and Improper Opinion, Argumentative:

This statement that the agreement was prepared by Kindred and is not neutral is undisputed and is corroborated and evidenced by the fact the Defendant has represented this is so including in the Declaration of James Payer in Opposition to Plaintiffs' Motion ¶5 Ex. A.

**Court's Ruling on Objection:** Sustained: ________________

Overruled: ________________

//

//

//

//

//

//

Dated: April 10, 2020

Respectfully submitted,

Capstone Law APC

By: [signature]
Melissa Grant
Robert J. Drexler, Jr.
Molly DeSario
Jonathan Lee

Attorneys for Plaintiffs Michael Kirby, Laura Kingston, Keosha Gates, Martha Parra, Michelle Marie Dick, and Jeffrey Montes