1   ELIZABETH STAGGS WILSON, Bar No. 183160
    estaggs-wilson@littler.com
2   JAMES PAYER, Bar No. 292158
    jpayer@littler.com
3   LITTLER MENDELSON, P.C.
    633 West 5th Street, 63rd Floor
4   Los Angeles, CA  90071
    Tel No.:  213.443.4300 / Fax No.:  213.443.4299
5
    Attorneys for Defendants
6   KINDRED HEALTHCARE
    OPERATING, LLC, KND DEVELOPMENT 52,
7   L.L.C. d/b/a KND 52, L.L.C. (erroneously sued as
    KND 52, L.L.C.), KND DEVELOPMENT 55, L.L.C.
8   d/b/a KND 55, L.L.C. (erroneously sued as KND 55,
    L.L.C.), THC-ORANGE COUNTY, LLC,
9   BAYBERRY CARE CENTER, LLC, and
    FOOTHILL NURSING COMPANY PARTNERSHIP
10
    [*Additional counsel listed on following page*]
11

12                  UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14   MICHAEL KIRBY, LAURA                 Case No. 5:19-cv-00833 JLS(DFMx)
     KINGSTON, KEOSHA GATES,
15   MARTHA PARRA, MICHELLE               Judge:    Hon. Josephine L. Staton
     MARIE DICK, JEFFREY MONTES,
16   individually, and on behalf of other **NOTICE OF LODGING
     members of the general public similarly **[PROPOSED] CURATIVE NOTICE
17   situated,                            PER COURT'S MAY 1, 2020
                                          ORDER (DOC. # 68)**
18        Plaintiffs,

19   v.

20   KINDRED HEALTHCARE                   Pre-Trial Conference: September 18,
     OPERATING, LLC, a Delaware limited   2020
21   liability company; KND 52, L.L.C, a  Complaint Filed:  May 12, 2017
     Delaware limited liability company;  SAC Filed:  October 31, 2019
22   KND 55 L.L.C., a Delaware limited    (United States District Court, Central
     liability company; THC-ORANGE       District of California)
23   COUNTY, L.L.C., a California limited
     liability company; Bayberry Care
24   Center, L.L.C., a Delaware limited
     liability company; Foothill Nursing
25   Company Partnership, a California
     general partnership; and DOES 1
26   through 10, inclusive,

27        Defendants.

28

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA  90071
213.443.4300

NOTICE OF LODGING [PROPOSED]
CURATIVE NOTICE                          1.            5:19-CV-00833 JLS(DFMX)

1  | MAGGY M. ATHANASIOUS, Bar No. 252137
   | mathanasious@littler.com
2  | JYOTI MITTAL, Bar No. 288084
   | jmittal@littler.com
3  | LITTLER MENDELSON, P.C.
   | 2049 Century Park East, 5th Floor
4  | Los Angeles, CA 90067.3107
   | Tel No.: 310.553.0308 / Fax No.: 310.553.5583
5  |
   | Attorneys for Defendants
6  | KINDRED HEALTHCARE
   | OPERATING, LLC, KND DEVELOPMENT 52,
7  | L.L.C. d/b/a KND 52, L.L.C. (erroneously sued as
   | KND 52, L.L.C.), KND DEVELOPMENT 55,
8  | L.L.C. d/b/a KND 55, L.L.C. (erroneously sued as
   | KND 55, L.L.C.), THC-ORANGE COUNTY, LLC,
9  | BAYBERRY CARE CENTER, LLC, and
   | FOOTHILL NURSING COMPANY
10 | PARTNERSHIP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF LODGING [PROPOSED]
CURATIVE NOTICE                    2.              5:19-CV-00833 JLS(DFMX)
4845-9324-4093.1 091140.1002

Pursuant to the Court's May 1, 2020 Order Granting in Part and Denying in Part Plaintiffs' Motion re Individual Settlements and Ex Parte Communications with Putative Class Members ("Order," Doc. # 68), the Parties hereby jointly submit a proposed Curative Notice for Court approval.

The Parties have met and conferred extensively and have agreed to certain language for the Curative Notice but areas of disagreement exist. The Parties have noted areas of disagreement and, where applicable, have highlighted alternative language for the Court's consideration.

There are two primary areas of disagreement. First, Defendants seek to include in this Court-ordered Curative Notice the option for Defendants to seek additional individual settlements by renewing their requests for settlement offers to those putative class members who did not sign agreements and by including a form (Form 2) to facilitate acceptance. The Court's Order (Dkt. 68) was intended to rectify misleading and incomplete information that Defendant provided to putative class members and to permit them to void the settlement agreements that they previously signed. Plaintiffs, therefore, object to Defendants' attempt to hijack this Curative Notice to seek additional individual settlements from putative class members and request that the Court reject this effort.

The Court has directed that curative communications be directed not just to those who have entered into agreements, but to all with whom they have communication concerning same. Defendant contends that a "curative" communication sent to those who did not enter into the agreement makes no sense, unless the intent is to clarify their options and allow for the putative class member to reconsider her or his options in light of the newly available information. If the point is to assure that the putative class has a more robust disclosure, then the notice serves this purpose and allows those who had previously rejected the notice to have an opportunity to reconsider.

Second, the parties disagree as to whether employees who choose to void their settlement agreement must return to Kindred the amounts paid by Kindred. Plaintiffs

NOTICE OF LODGING [PROPOSED]
CURATIVE NOTICE

3.

5:19-CV-00833 JLS(DFMX)

read this Court's Order as not permitting Defendants to seek repayment. Rather, this Court held the settlement agreements are voidable at the election of the employee and "Any amount already paid pursuant to a later-voided agreement may be treated as an offset to any other recovery by the putative class member."

Defendants contend that the Court did not intend to unjustly enrich the putative class members who received funds from their individual settlement agreements.  It is a basic tenet of contract law that a party cannot retain the benefits of an agreement while simultaneously failing to perform their end of the bargain.  Should the putative class members recover less in this action than they received in their voided settlements, or recover nothing at all, they will be receiving the benefits of their settlement agreement without performing, *i.e.*, without releasing Defendants from the claims alleged in this action.  Defendants do not believe that the Court intended such a result nor do they think that such a result is lawful.  *See Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982) ("Neither the district court nor this court is empowered to rewrite the settlement agreed upon by the parties. We may not delete, modify, or substitute certain provisions of the [agreement]."

The Parties also wish to apprise the Court that they are scheduled to mediate this matter Thursday, May 21, 2020.  The Parties will promptly update the Court regarding the outcome of mediation, as the terms of a settlement could have a bearing on the contents of the Curative Notice.  The Parties therefore respectfully suggest that the Court may wish to await further notice regarding the outcome of mediation before issuing a ruling on the proposed Curative Notice.

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA  90071
213.443.4300

NOTICE OF LODGING [PROPOSED]
CURATIVE NOTICE
4845-9324-4093.1 091140.1002

4.

5:19-CV-00833 JLS(DFMX)

| | |
|---|---|
| 1 | Dated:  May 20, 2020 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Respectfully Submitted,


/s/ JAMES PAYER
ELIZABETH STAGGS WILSON
MAGGY ATHANASIOUS
JYOTI MITTAL
JAMES PAYER
LITTLER MENDELSON, P.C.
Attorneys for Defendants
KINDRED HEALTHCARE OPERATING,
LLC, KND DEVELOPMENT 52, L.L.C.,
KND DEVELOPMENT 55, L.L.C., THC-
ORANGE COUNTY, LLC, BAYBERRY
CARE CENTER, LLC, and FOOTHILL
NURSING COMPANY PARTNERSHIP

NOTICE OF LODGING [PROPOSED]
CURATIVE NOTICE
4845-9324-4093.1 091140.1002

5.

5:19-CV-00833 JLS(DFMX)