UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KIRBY, LAURA KINGSTON, KEOSHA GATES, MARTHA PARRA, MICHELLE MARIE DICK, JEFFREY MONTES, individually, and on behalf of other members of the general public similarly situated,<br><br>               Plaintiffs,<br><br>    vs.<br><br>KINDRED HEALTHCARE OPERATING, LLC, a Delaware limited liability company; KND 52, L.L.C, a Delaware limited liability company; KND 55 L.L.C., a Delaware limited liability company; THC-ORANGE COUNTY, L.L.C., a California limited liability company; Bayberry Care Center, L.L.C., a Delaware limited liability company; Foothill Nursing Company Partnership, a California general partnership; and DOES 1 through 10, inclusive,<br><br>               Defendants. | Case No. 5:19-cv-00833-JLS-DFM<br><br>**COURT-ORDERED CURATIVE NOTICE ABOUT KINDRED'S SETTLEMENT COMMUNICATIONS WITH YOU**<br><br><br>**PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS** |

To:    [Inset name of employee]

### Why should you read this notice?

The Plaintiffs named above are current and former employees of Kindred entities who have filed a lawsuit against the entities alleging that they committed various Labor Code violations against Plaintiffs and other non-clinician or piece rate employees, including you. The Plaintiffs have asked the Court to certify the Lawsuit as a class action so that Plaintiffs and the other employees may collectively recover unpaid wages and penalties that they believe the Kindred entities owe them.

While the parties await the Court's decision on Plaintiffs' class certification request, and before the Court ruled on the merits of Plaintiffs' claims, Kindred contacted you and asked you to enter into a settlement agreement with Kindred and the Kindred-related entities in the case ("Kindred") that would release your individual claims in the Lawsuit in exchange for [$350/$250].

4819-7658-8221.1 091140.1002

The Court ruled that Kindred's settlement communications were misleading in that they did not include certain information you needed to make an informed decision whether to accept or reject Kindred's settlement offer. The Court therefore ordered Kindred to send you this Curative Notice to ensure that you have all the information you need to make an informed decision.

If you previously signed the settlement agreement that Kindred sent you, the Court ruled that you may void (or cancel) that agreement after reviewing this Curative Notice and, if you want, after discussing Kindred's settlement offer with Plaintiffs' attorneys at no cost to you, or with an attorney you choose to hire.

[*Defendants' Proposed Language*:] If you did not previously sign the settlement agreement, you have the opportunity to reconsider whether you would like to enter into an individual settlement and to make an informed decision in light of the information included in this Notice and the enclosed documents.

[*Plaintiffs' Response*]. For the reasons stated in the Notice of Lodging, Plaintiffs' object to Defendants proposed language. If the Court permits Defendants to utilize this Curative Notice to seek additional individual settlements from putative class members, Plaintiffs propose the following alternative language: "If you did not previously sign the settlement agreement offered to you by Kindred, you have the opportunity to reconsider whether you would like to enter into an individual settlement after discussing Kindred's settlement offer, the Lawsuit and the information in this Notice with Plaintiffs' attorneys at no cost to you, or with an attorney you choose to hire."

## *What is a class action?*

A class action is a type of lawsuit brought by one or more plaintiffs on behalf of themselves and other persons sharing a common interest and common experience. As part of a class action lawsuit, the plaintiffs must file a request for class certification that establishes that the lawsuit should proceed as a class action.

If Plaintiffs' request for class certification is granted, the Lawsuit will continue and Plaintiffs and Class Counsel will collectively represent all Putative Class Members through trial. If Plaintiffs' request for class certification is denied, Plaintiffs may individually pursue the claims alleged in the Lawsuit, but may not pursue the claims on your behalf or any other Putative Class Member.

4819-7658-8221.1 091140.1002

## *What are the claims in the Lawsuit?*

Plaintiffs Michael Kirby, Laura Kingston, Keosha Gates, Martha Parra, Michelle Marie Dick, and Jeffrey Montes (together "Plaintiffs") claim that you, and other current and former non-exempt, hourly-paid employees of Defendants (excluding Clinicians and piece-rate paid employees) who worked for Defendants in California at any time since May 12, 2013 (the "Putative Class Members") are owed unpaid wages and/or penalties.

In the Lawsuit, Plaintiffs allege and Kindred denies that Kindred committed the following Labor Code violations:

- not paying you overtime wages when you worked more than 8 hours in a day or more than 40 hours in a workweek;

- not paying you regular hourly wages for all the hours you worked (including off-the-clock hours);

- not providing you with timely, uninterrupted 30-minute meal breaks and/or all the 10-minute rest breaks to which you were entitled;

- not paying you one additional hour of pay for each missed, late, or interrupted meal or rest break that Kindred provided you;

- not providing you complete and accurate wage statements (or pay stubs);

- failing to maintain complete and accurate payroll records for each employee;

- not timely paying you the wages you earned during your employment and/or not paying you all the wages you earned when your employment ended;

- failing to pay "split shift" premiums. A "split shift" occurs when an employee's shift is interrupted by one or more unpaid, nonworking periods established by the employer that are not bona fide rest or meal periods. A split shift premium is one hour of pay at the state or local minimum wage, whichever is greater.  Plaintiffs are not pursuing the "split shift" claim on a class basis on your behalf, however if you entered into an individual settlement agreement or choose to enter into one, you will release your "split shift" claim;

- failing to pay "reporting time pay." "Reporting time pay" is owed to an employee who is scheduled to report to work but who is not put to work at all or who is permitted to work less than half of their shift  by the employer. For each workday that this happens, the employee must be paid for half the usual or scheduled day's work, but in no event for less than two hours or more than four hours, at his or her regular rate of pay. Plaintiffs are not pursuing the "reporting time pay" claim on a class basis but if you entered into a settlement

agreement or choose to enter into one, you will release your "reporting time pay" claim.

- failing to pay you wages for the time it took before you worked your first shift to undergo Kindred's mandatory drug test and physical examination; and

- failing to reimburse you for work-related expenses, including any mileage or transportation costs you incurred in traveling to Kindred's mandatory drug test and physical examination.

A copy of Plaintiffs' Complaint filed in the Lawsuit is included with this Notice.

Kindred disputes these claims and does not believe that any Kindred entity violated any laws.  Kindred also denies that any Kindred entity owes Plaintiffs and other Putative Class Members, including you, any wages, restitution, penalties, or other damages.  In recognition of the costs in litigating this matter, Kindred offered certain amounts of money to you to settle or resolve your individual claims in this Lawsuit.

Because Kindred does not believe that Plaintiffs or you are owed any money and to avoid the cost of this litigation, Kindred offered employees a flat sum amount of [$250/$350] to individually settle their claims that did not vary based on the number of workweeks each employee worked or their date of hire.  Plaintiffs believe that you are owed money that may exceed the [$250/$350] that Kindred paid you to settle your claims individually.

### What is the status of the Lawsuit?

The Court has not yet decided if Plaintiffs claims have merit. Additionally, the Court has not yet determined if the Lawsuit should proceed as a class action, but a Court hearing is set for June 12, 2020 to make that decision. Currently, there is no trial date set.

4819-7658-8221.1 091140.1002

**Who are the Plaintiffs' Attorneys?**

> Attorneys for Plaintiffs / Putative Class Members:
>
> MELISSA GRANT, Bar No. 205633
> melissa.grant@capstonelawyers.com
> ROBERT DREXLER, Bar No. 119119
> robert.drexler@capstonelawyers.com
> MOLLY DESARIO, Bar No. 230763
> molly.desario@capstonelawyers.com
> JONATHAN LEE, Bar No. 267146
> jonathan.lee@capstonelawyers.com
> CAPSTONE LAW APC
> 1875 Century Park East, Suite 1000
> Los Angeles, CA 90067
> Telephone: 310.556.4811
> Fax No.:    310.943.0396
>
> The Court ordered Kindred to provide your contact information to Plaintiffs' attorneys. Plaintiffs' attorneys may contact you to provide you with information about the Lawsuit and/or offer to answer any questions you may have about it. You do not have to speak to them if you do not wish to do so. Any communications you have with them will be free of charge to you.

**What are my options?**

**If You Signed the Settlement Agreement, You May Void or Cancel the Settlement Agreement**   If you wish to void your settlement agreement you may sign and return the enclosed form by [DATE].  [*Defendants propose that the following language be included:*] You must return the sum paid to you within ninety (90) days of signing the enclosed form.  If you fail to timely return the sum paid to you as part of the settlement, any sums you might otherwise recover as a class member will be offset by the sums you have already received. If you are entitled to recover less in the lawsuit than what you already recovered by the settlement agreement, you may owe the balance to Kindred.

[*Plaintiffs' Response*]. For the reasons stated in accompanying Notice of Lodging of Curative Notice, Plaintiffs' object to the language above and request that the Court not include it.

4819-7658-8221.1 091140.1002

If you void your individual settlement agreement, Plaintiffs and Class Counsel will represent you if class certification is granted. If Plaintiffs and Class Counsel are successful at trial, you may recover additional money; however, there is no certainty that Plaintiffs will prevail at trial and even if they do, the amount they would be awarded is not known at this time. Should you recover money in the Lawsuit and you voided or cancelled the settlement agreement you previously signed, your recovery will be reduced by the amount of money that Kindred already paid you.

**If You Signed the Settlement Agreement, You May Do Nothing**. If you do nothing and you previously signed a settlement agreement, you will keep the money Kindred paid you for signing the individual settlement agreement. Additionally, the terms of the individual settlement agreement, including the release of claims against Kindred and the Kindred-related entities, will remain in effect. You will not be part of the Lawsuit and you will not be able to receive any additional money through the Lawsuit. On the other hand, if Plaintiffs obtain less money in the Lawsuit for Class Members than what you were paid in exchange for signing the individual settlement agreement—or if Plaintiffs and Class Members recover nothing at all—you will not be required to return any of the money Kindred paid you as part of your individual settlement.

*Defendants' proposed provision:*
**If You Did Not Sign the Settlement Agreement, You May Choose to Sign It at This Time**. The Court found that the terms of the Settlement Agreement are valid. Thus, now that you have been provided with the additional information required by the Court in order for you to make an informed decision, you have the option of choosing to enter into the settlement agreement. The settlement agreement is enclosed with this Notice for your consideration. ***This is an important legal document and you should review it carefully before choosing to sign it. You have the right to contact Plaintiffs' lawyers identified above at no charge to you to discuss this option or to contact a lawyer you hire at your expense before making a decision.***

*Plaintiffs' Response:* For the reasons stated in the accompanying Notice of Lodging Curative Notice, Plaintiffs object to Defendants' proposed provision above in its entirety.

4819-7658-8221.1 091140.1002

[FORM 1]

[*Plaintiffs propose that all individuals that Defendants contacted receive Form 1 only and that the Court reject Form 2 in its entirety.  Defendants propose that only settling putative class members receive Form 1 and only putative class members who were contacted by Defendants, but did not enter into the individual settlement agreements receive Form 2 proposed by Defendants.*]

## <u>NOTICE TO VOID INDIVIDUAL SETTLEMENT AGREEMENT</u>

*MICHAEL KIRBY, ET AL.  v. KINDRED HEALTHCARE OPERATING, LLC, ET AL.*
UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA
Case No. 5:19-cv-00833-JLS-DFM

[*Plaintiffs propose the following first paragraph:*]
Please complete, sign, date and return this Form **ONLY IF** you wish to void or cancel your individual settlement. The signed form should be mailed to the following address:

[*Defendants propose the following first paragraph:*]
Please complete, sign, date and return this Form **ONLY IF** you wish to void or cancel your individual settlement agreement and return the payment you received as part of your individual settlement agreement. The signed form and returned settlement payment should be mailed to the following address:

Kindred Healthcare Operating, LLC
Attn: Legal Department
680 S. 4th Street
Louisville, KY 40202

**(I)     Please type or print your name:**

_____
(First, Middle, Last)

**(II)    Please type or print the following identifying information if your contact information has changed:**

_____

Page 7 of 9

Former Names (if any)

_____

New Street Address

_____

City                          State              Zip Code


By signing below, I wish to void the individual settlement agreement I entered into as part of the lawsuit *Michael Kirby, et al. v. Kindred Healthcare Operating, LLC, et al.* Case No. 5:19-cv-00833-JLS-DFM.  I understand that in order for my decision to void the individual settlement agreement to be effective, I must do the following:

- Sign and return this Form on or before [DATE].
- [*Defendants propose the following additional bullet point; Plaintiffs object to this language for the reasons stated in the Notice of Lodging Curative Notice:*] Within ninety (90) days of signing this Form, provide payment to Kindred Healthcare Operating, LLC in the amount of <$> as reimbursement for the money I received as part of the individual settlement agreement.


**Signature:** _____ **Date:** _____

4819-7658-8221.1 091140.1002

[FORM 2: *Proposed by Defendants. Plaintiffs object and request the Court reject this form in its entirety for the reasons stated in the accompanying Notice of Lodging of Curative Notice.*

## NOTICE RE: OPTION TO ENTER INTO
## INDIVIDUAL SETTLEMENT AGREEMENT

*MICHAEL KIRBY, ET AL.  v. KINDRED HEALTHCARE OPERATING, LLC, ET AL.*
UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA
Case No. 5:19-cv-00833-JLS-DFM

Having read and considered the Curative Notice, and having been provided a copy of the Lawsuit, contact information for Plaintiffs' counsel and all other information required by the Court, you now have the option to reconsider whether you want to enter into an individual settlement with Kindred in exchange for the sum of $350. The settlement agreement is enclosed for your consideration.

You should know that entering into the individual settlement will result in waiving the legal claims described in the Curative Notice and settlement agreement.  That means you will no longer be part of the Lawsuit and, if the class recovers more money, you will not have a right to recover any more money.  However, if the class recovers no money or less money, you will not have to pay back the money you received as part of your individual settlement.

Please complete, sign, date and return the enclosed settlement agreement **ONLY IF** you wish to enter into an individual settlement agreement as described in the Curative Notice and the enclosed settlement agreement.  If you wish to enter into an individual settlement, the signed settlement agreement should be mailed to the following address:

Kindred Healthcare Operating, LLC
Attn: Legal Department
680 S. 4th Street
Louisville, KY 40202

*This is an important legal document and you should review it carefully before signing the agreement.  You have the option to contact Plaintiffs' attorneys identified in the Curative Notice at no charge to you or a lawyer you hire at your expense before making a decision.*

4819-7658-8221.1 091140.1002